**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC. *et al.*, [1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

**ORDER (A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS OF BEATPORT, LLC, (B) APPROVING NOTICE PROCEDURES, AND (C) GRANTING RELATED RELIEF**

Upon the motion, dated February 29, 2016 (the "**Motion**")[2] of SFX Entertainment, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 2002-1 and 6004-1, for entry of an order (this "**Bid Procedures Order**"):  (i) approving the bid procedures in the form annexed hereto as **Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be implemented in connection

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).  The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion, the Purchase Agreement, or the Bid Procedures, as applicable.  In the event of a discrepancy between the definitions contained in the Motion, the Purchase Agreement and the Bid Procedures, those contained in the Purchase Agreement shall control.

with a sale (the "**Sale**") of all or substantially all of the assets of Beatport, LLC (the "**Beatport Assets**"); (ii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders (as defined below) of the Bid Procedures, the auction of the Beatport Assets (the "**Auction**") and the sale hearing for the Beatport Assets (the "**Sale Hearing**"); and (iii) granting related relief; the Court, having determined that the relief provided herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and calculated to result in the highest and best offer for the assets at issue, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections and responses to the Motion having been resolved and otherwise withdrawn or overruled; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The Motion and this Bid Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.      The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D.      A reasonable opportunity to object or be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

E.      The proposed Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith and the Sale Hearing.

F.      The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, (ii) the scheduling of the Auction and the Sale Hearing, and (iii) related deadlines in connection with each of the foregoing.

G.      The Bid Procedures are reasonably designed to enable the Debtors to receive bids for the Beatport Assets and represent the best method for maximizing the realizable value of the Beatport Assets and serve to maximize estate value for the benefit of all of the Debtors' stakeholders and parties in interest.

H.      Entry of this Bid Procedures Order and the granting of the relief set forth herein are in the best interests of the Debtors, their estates, creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion as it relates to the Bid Procedures and the scheduling of and notice to be approved with respect to the Auction and the Sale Hearing is granted and approved as set forth in this Bid Procedures Order.

2.      All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Bid Procedures, attached hereto as **Exhibit 1**, are incorporated herein and approved in their entirety, and shall apply with respect to the sale of the Beatport Assets.  The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision.  The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures.  In

3

the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.

4.      The Debtors are hereby authorized to pursue a Sale of the Beatport Assets in accordance with the Bid Procedures.

5.      As further described in the Bid Procedures, the deadline for submitting Written Offers for the Beatport Assets (the "**Bid Deadline**") is April 28, 2016 at 12:00 p.m. (Eastern Time).

6.      If there are two or more Qualified Bids, received in accordance with the Bid Procedures, the Auction shall take place on May 3, 2016 at 11:00 a.m. (Eastern Time) at the offices of Greenberg Traurig, LLP, 200 Park Ave., New York, NY 10166 or such other place and time as the Debtors shall notify all Qualified Bidders, the DIP Lenders, the Consenting Noteholders, counsel for the Committee and other invitees, if any.

7.      Notwithstanding anything to the contrary in the Bid Procedures, the DIP Agent, on behalf of the DIP Lenders, and the Second Lien Agent, on behalf of the Second Lien Noteholders, are deemed to be Qualified Bidders for all purposes at the Auction, and shall be permitted, but not obligated, to credit bid to the full extent permitted under section 363(k) of the Bankruptcy Code.  The consultation rights or consent rights of any party that participates in any bid or credit bid for the Beatport Assets shall be terminated unless and until such bid or credit bid, as applicable, is rejected; *provided* that any such party will have the same rights as any other Qualified Bidder and will retain any rights it has under existing orders regarding debtor-in-possession financing and/or use of cash collateral (to the extent applicable).  All rights of the secured creditors to object to any proposed treatment of their respective liens and claims are preserved.

8.      The Auction shall be conducted in accordance with the Bid Procedures.

9.      The Auction will be conducted openly.

10.     Bidding at the Auction will be transcribed.

11.     The Sale Hearing shall be held before this Court on May 5, 2016 at 12:00 p.m. (Eastern Time) or as soon thereafter as counsel and interested parties may be heard.

12.     Objections, if any, to the Sale of the Beatport Assets to any Successful Bidder and/or the relief requested in the Debtors' motion to approve the Sale, other than the relief approved in this Order, must be in writing and filed with the Court (i) **on or before the date that is seven (7) days before the date of the Sale Hearing** or (ii) **on or before the date that is one (1) day before the Sale Hearing if the Auction is concluded less than seven (7) days prior to the Sale Hearing** and be served such that they are actually received by (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Maria J. DiConza; (ii) counsel to the DIP Lenders and the Consenting Noteholders; and (iii) the Office of the United States Trustee (Region 3), (the "**Notice Parties**").

13.     The notices described in subparagraphs (a) – (d) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

> a.      On or before three (3) business days after entry of  this Bid Procedures Order, or as soon thereafter as such parties can be identified, the Debtors will cause (a) a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Bid Procedures, Auction Date and Sale Hearing**"); and (b) a copy of the Bid Procedures Order to be sent by first-class mail postage prepaid, to the following:  (i) the Office of the United States Trustee; (ii) counsel to the DIP Lenders and Consenting Noteholders; (iii) counsel to the Committee; (iv) all taxing authorities in the states where the Debtors are located, including the Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities known to the Debtors to assert jurisdiction over the Debtors or which are reasonably expected by the Debtors to have claims, contingent or otherwise, in connection with the ownership of the Beatport Assets, or to have any known interest in the relief requested by the Motion; (v) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vi) all persons known or reasonably believed by the Debtors to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Beatport Assets; (vii) all persons known or reasonably believed to

5

have expressed an interest in acquiring the Beatport Assets within the last four (4) months; (viii) the United States Attorney's office; (ix) Attorneys General in the states where the Debtors are located; (x) any applicable state and local environmental agencies; and (xi) all parties to any litigation involving the Debtors.

b.      On or before three (3) business days after entry of this Bid Procedures Order, the Debtors will serve the Notice of Bid Procedures, Auction Date and Sale Hearing on all known creditors of the Debtors.

c.      On or before seven (7) days after entry of this Bid Procedures Order, subject to applicable submission deadlines, the Debtors will publish an abbreviated version of the Notice of Bid Procedures, Auction Date and Sale Hearing once in one or more regional and/or national publications that the Debtors deem appropriate.

d.      In addition to the foregoing, electronic notification of the Motion, the Bid Procedures Order and the Notice of Bid Procedures, Auction Date and Sale Hearing, will be posted on:  (i) the main case docket on the Bankruptcy Court's electronic case filing (ECF) website; and (ii) the case management website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, at www.kccllc.net/sfx.

14.    The Notice of Bid Procedures, Auction Date and Sale Hearing to be issued in connection with the proposed Sale of the Beatport Assets, substantially in the form annexed hereto as **Exhibit 2**, is approved.

15.    Except as otherwise provided in this Bid Procedures Order, the Debtors, (i) in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, or (ii) subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, as applicable and as set forth in the Bid Procedures, further reserve the right as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Bid Procedures, to:  (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Written Offers are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the

requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders; (f) impose additional terms and conditions with respect to all Qualified Bidders; (g) extend the deadlines set forth herein; (h) adjourn or cancel the Auction and/or Sale Hearing; and (i) modify the Bid Procedures or withdraw the Motion at any time with or without prejudice.

16.    Except as otherwise provided in the applicable Final Purchase Agreement(s) or Sale Order, all of the Debtors' rights, title and interest in and to the Beatport Assets subject thereto shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Beatport Assets.

17.    The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately upon its entry.

18.    All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.    This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Bid Procedures Order.

Dated: _____, 2016

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Bid Procedures**

## BID PROCEDURES FOR BEATPORT, LLC SALE

These bid procedures (the "**Bid Procedures**") set forth the process by which Beatport, LLC ("**Beatport**" and collectively, with its affiliated debtors and debtors-in-possession, the "**Debtors**"), debtor and debtor-in-possession in the jointly administered chapter 11 bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), Case No. 16-10238 (MFW), shall market to interested parties and conduct a sale (the "**Sale**") by auction (the "**Auction**") of all or substantially all of its assets (the "**Beatport Assets**"). The Sale will be subject to bidding as set forth herein and subject to the approval of the Bankruptcy Court, pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**").

On February 29, 2016, the Debtors filed the *Motion of the Debtors for Entry of an Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of Beatport, LLC, (B) Approving Notice Procedures, and (C) Granting Related Relief* (the "**Motion**") [Docket No. ____], to be heard by the Bankruptcy Court (i) on March 21, 2016 with respect to the Bid Procedures, and (ii) on May 5, 2016 (or at such other time as the Bankruptcy Court may determine) with regard to all other matters related to the Motion (the "**Sale Hearing**").

On _____, 2016, the Bankruptcy Court entered an *Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of Beatport, LLC, (B) Approving Notice Procedures, and (C) Granting Related Relief* [Docket No. ____] (the "**Bid Procedures Order**"), thereby approving these Bid Procedures. The Debtors, in consultation with the DIP Lenders,[1] the Consenting Noteholders,[2] and the official committee of unsecured creditors formed on February 12, 2016 (the "**Committee**"), reserve the right to modify the Bid Procedures provided that any such modification shall not be inconsistent with the Bid Procedures Order.

The form of asset purchase agreement (the "**Purchase Agreement**") will serve as the basis for bids in connection with this process. Capitalized terms used in these Bid Procedures and not otherwise defined shall have the meanings ascribed to such terms in the Purchase Agreement.

Any party desiring to obtain a copy of the Purchase Agreement, a form of Non-Disclosure Agreement (as defined below) or other information regarding the sale process

---

[1]  "**DIP Lenders**" shall have the meaning provided for such term in that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, dated as of February 10, 2016, by and among SFX Entertainment, Inc., the guarantors named therein, the Lenders party thereto, and Wilmington Savings Fund Society, FSB (as may be amended, restated, amended and restated, extended, supplemented or otherwise modified in writing from time to time in accordance with its terms) (the "**DIP Loan Agreement**").

[2]  "**Consenting Noteholders**" shall have the meaning provided for such term in that certain Restructuring Support Agreement, dated as of January 31, 2016, by and among the Debtors, the beneficial owners (or investment managers or advisors for the beneficial owners) of the Second Lien Notes identified on Schedule 1 thereto, the other beneficial owners (or investment managers or advisors for the beneficial owners) of the Second Lien Notes identified on the signature pages thereto or that become a party thereafter, and Robert F.X. Sillerman (as may be amended, restated, amended and restated, extended, supplemented or otherwise modified in writing from time to time in accordance with its terms) (the "**Restructuring Support Agreement**").

may do so by contacting the Debtors' investment banker, Moelis & Company LLC ("**Moelis**") at:

> Moelis & Company LLC
> 399 Park Avenue, 5th Floor
> New York, NY 10020
> Attn:    Adam Keil/Ryan Kitchen
> Fax:     (212) 880-4260
> E-mail:  adam.keil@moelis.com/ryan.kitchen@moelis.com

The Debtors provide these Bid Procedures for use by Potential Bidders (defined below) and Qualified Bidders (defined below) in submitting bids proposing a transaction to purchase or otherwise acquire the Beatport Assets, and, as necessary, qualifying for and participating in the Auction.

1.    Important Dates

- Letter of Intent Deadline:  no later than 5:00 p.m. (Eastern Time) on March 29, 2016 (the "**Letter of Intent Deadline**");

- Bid Deadline:  12:00 p.m. (Eastern Time) on April 28, 2016 (the "**Bid Deadline**");

- Selection of Qualified Bidder(s):  no later than 12:00 p.m. (Eastern Time) two (2) days preceding the Auction;

- Auction:  11:00 a.m. (Eastern Time) on May 3, 2016 at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, or such other place as determined by the Debtors;

- Selection of Successful Bidder(s) and Backup Bidder(s) (each as defined below) at the conclusion of the Auction;

- Sale Hearing to seek authorization to sell the Beatport Assets to such Successful Bidder(s):  May 5, 2016 at 12:00 p.m. (Eastern Time); and

- Closing Date:  no later than 15 days after the entry of the Sale Order (as defined below).

2.    Assets to be Sold

The Debtors seek to sell the Beatport Assets.

3.    Non-Disclosure Agreements, Letters of Intent, Diligence and Qualified Bidders

Any person or entity wishing to bid on the Beatport Assets (each a "**Potential Bidder**") must execute and deliver (unless previously delivered) to the Debtors a confidentiality and non-disclosure agreement (a "**Non-Disclosure Agreement**") in form and substance acceptable to the Debtors.  The Debtors will afford any Potential Bidder who executes and delivers such Non-

Disclosure Agreement access to the Debtors' confidential electronic data room concerning the Beatport Assets.

All Potential Bidders must set forth in writing his/her/its, as applicable, intent to bid under the Bid Procedures (each such writing, a "**Letter of Intent**") and deliver such Letter of Intent to the Debtors by the Letter of Intent Deadline. The Debtors will afford any Potential Bidder who delivers a Letter of Intent by the Letter of Intent Deadline such additional due diligence access or information as may be reasonably requested by the Potential Bidder that the Debtors, in their business judgment and in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, determine to be reasonable and appropriate, including, without limitation, reasonable access, during normal business hours, to the Debtors' management, and access to any additional information regarding the Beatport Assets reasonably necessary to enable a Potential Bidder to evaluate the proposed Sale.

Moelis will coordinate all due diligence access and requests for additional information from such Potential Bidders. The Debtors shall not be obligated to furnish any due diligence information after the conclusion of the Auction. Neither the Debtors nor their counsel or advisors are responsible for, or will bear liability with respect to, any information obtained by Potential Bidders in connection with due diligence. Notwithstanding anything contained herein to the contrary, the Debtors, in their business judgment and in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, will decide what, if any, diligence information to make available to a particular Potential Bidder, and neither the Debtors nor their representatives will be obligated to furnish any information of any kind whatsoever to any party.

The Debtors shall provide the Required Lenders, the Requisite Noteholders, and the Committee, in each case, including their professionals, with periodic updates every two (2) business days as to which Potential Bidders have entered into Non-Disclosure Agreements.

A "Qualified Bidder" is a Potential Bidder that (a) delivers to counsel to the Debtors a Non-Disclosure Agreement, (b) delivers to counsel to the Debtors a Letter of Intent by the Letter of Intent Deadline, (c) demonstrates to the Debtors a reasonable certainty of the ability to complete the Sale in a timely manner (including the financial capability of the Potential Bidder to consummate the Sale for the Beatport Assets and the ability to receive the necessary governmental, licensing, regulatory, or other approvals necessary for such Sale, if any), and (d) submits a Written Offer (as defined below) that is deemed a Qualified Bid as set forth below, *provided*, *however*, that the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, may waive one or more requirements for a Qualified Bidder.[3] The consultation/consent rights of any party that participates in any bid or credit bid for the Beatport Assets shall be terminated unless and until such bid or credit bid, as applicable, is rejected; *provided* that any such party will have the same rights as any other Qualified Bidder and will retain any rights it has under existing orders regarding debtor-in-possession financing and/or use of cash collateral (to the extent applicable). As promptly as practicable after a Potential Bidder delivers a Non-Disclosure Agreement and submits a Written Offer, and in all

---

[3] Notwithstanding anything to the contrary herein, Wilmington Savings Fund Society, FSB (the "**DIP Agent**"), on behalf of the DIP Lenders, and U.S. Bank National Association (the "**Second Lien Agent**"), on behalf of holders of 9.625% Senior Secured Notes Due 2019 issued by the Debtors (the "**Second Lien Noteholders**"), are hereby determined to be Qualified Bidders for all purposes at the Auction, and shall be permitted, but not obligated, to credit bid to the full extent permitted under section 363(k) of the Bankruptcy Code.

events not later than 12:00 p.m. (Eastern Time) two (2) days preceding the Auction, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, shall determine, and the Debtors shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtors or their advisors regarding the ability of such Potential Bidder, as applicable, to consummate the proposed Sale.

4.    <u>Requirements for a Qualified Bid</u>

In order to become a Qualified Bidder and participate in the Auction, if any, a Potential Bidder must deliver to the Debtors, with a copy to counsel to the Debtors, Moelis, counsel to the DIP Lenders, counsel to the Consenting Noteholders, and counsel to the Committee, a written offer (each, a "**Written Offer**"), which is deemed to be a "Qualified Bid". To be deemed a "Qualified Bid", a Written Offer must meet each of the requirements listed below:

(a)    Be delivered prior to the Bid Deadline;

(b)    Be accompanied by a clean and duly executed and binding Purchase Agreement (together with the exhibits and schedules thereto, a "**Modified Purchase Agreement**");

(c)    Be accompanied by a marked Modified Purchase Agreement reflecting any variations from the Purchase Agreement;

(d)    Be accompanied by a list of any executory contracts or unexpired leases that are to be assumed and/or assigned under such Written Offer, to the extent such list is not included in the Modified Purchase Agreement;

(e)    State that the Potential Bidder will comply with Beatport's customer data privacy policy, restricting the transfer of personally identifiable information of its customers, as more fully set forth in the Purchase Agreement;

(f)    Contain evidence of financing, access to funds or such other financial and other information that will reasonably allow the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, to make a determination as to such Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement, which evidence is satisfactory to the Debtors, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code in a form requested by the Debtors;

(g)    To the Debtors' satisfaction, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, (i) fully disclose the identity of each entity or person that will be bidding for the Beatport Assets or

otherwise participating in connection with such bid, (ii) the terms of any such participation, and if an entity has been formed for the purpose of acquiring some, or all, of the Beatport Assets, the parties that will bear liability for any breach by such entity, and (iii) the ability of such parties to obtain government, licensing or regulatory approval in connection with the consummation of any Sale;

(h)     State that the Written Offer is irrevocable until (i) the closing of the Sale, if such Potential Bidder is deemed a Qualified Bidder, and such Qualified Bidder is designated as a Successful Bidder (as defined below), or (ii) if such Potential Bidder is deemed a Qualified Bidder, and such Qualified Bidder is designated as a Backup Bidder (as defined below), until the earlier of (x) two (2) business days after the closing of the transaction(s) by which all of the Beatport Assets that were subject to such Backup Bid (as defined below) have been transferred to one or more Qualified Bidders pursuant to these Bid Procedures and (y) thirty (30) days after the date of the Auction (the "**Backup Bid Expiration Date**");

(i)     Not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

(j)     Not contain any due diligence or financing contingencies;

(k)     Provide evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body), if any, with respect to the submission, execution, delivery and closing of the Modified Purchase Agreement to the Debtors' satisfaction, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee;

(l)     Provide that any cash portion of the purchase price shall be payable in U.S. dollars and will be paid in cash, cash equivalents, or such other consideration acceptable to the Debtors, subject to the consent of the Required Lenders[4] and the Requisite Noteholders,[5] and in consultation with the Committee;

(m)     Provide a good faith deposit (the "**Good Faith Deposit**") submitted via federal wire transfer in immediately available funds in accordance with the wire instructions annexed hereto as **Exhibit A**, or such other form as is acceptable to the Debtors in an amount equal to the greater of $2 million or at least 10% of the purchase price set forth in the Written Offer;

(n)     Set forth the anticipated timeframe for (i) obtaining any required government, regulatory or other approvals, and (ii) consummating the Sale within the requirements of subparagraph (p) below;

---

[4]  "**Required Lenders**" shall have the meaning provided for such term in the DIP Loan Agreement.

[5]  "**Requisite Noteholders**" shall have the meaning set forth in the Restructuring Support Agreement.

(o)     Include a written acknowledgement by such Potential Bidder that it agrees to the terms of the Bid Procedures;

(p)     Agree to provide such other information as may be reasonably requested in writing by the Debtors, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, prior to the Auction;

(q)     Confirm that the Potential Bidder submits to the jurisdiction of the Bankruptcy Court; and

(r)     Provide for a closing date (the "**Closing Date**") which shall be no later than 15 days after the entry of an order approving the Sale (the "**Sale Order**") or such other date as is acceptable to the Debtors, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee.

The Debtors will promptly (but, in any case, within one (1) calendar day) deliver, after receipt thereof, copies of all Written Offers to the DIP Lenders, the Consenting Noteholders and the Committee, and, in each case, their professionals.

Between the Bid Deadline and the Auction, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, may (i) negotiate or seek clarification of any Qualified Bid from a Qualified Bidder, (ii) request information from the Qualified Bidder, (iii) engage in discussions with the Qualified Bidder, or (iv) take such other actions contemplated under these Bid Procedures.  Without the consent of the Debtors, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, a Qualified Bidder may not amend, modify or withdraw its Qualified Bid.  All changes to the form of Purchase Agreement reflected in the Modified Purchase Agreement will be evaluated by the Debtors and must be acceptable to the Debtors, in their business judgment and after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee.  Any Good Faith Deposit accompanying a Written Offer that the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, determine not to be a Qualified Bid shall be returned promptly following such determination.  For the avoidance of doubt, the DIP Agent, on behalf of the DIP Lenders, and the Second Lien Agent, on behalf of the Second Lien Noteholders, shall not need to comply with any of the above requirements for becoming a Qualified Bidder and participating in the Auction and are hereby determined to be Qualified Bidders.

5.     Bid Deadline

All Qualified Bids must be received by each of the parties listed below prior to the Bid Deadline.

Debtors:          SFX Entertainment, Inc.
                  902 Broadway, 15th Floor
                  New York, NY 10010
                  Attn: Mike Katzenstein
                  E-mail:  Mike.Katzenstein@fticonsulting.com

Debtors' Counsel: Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Maria J. DiConza
Fax: (212) 801-6400
E-mail: diconzam@gtlaw.com

Debtors' Investment
Banker: Moelis & Company LLC
399 Park Avenue, 5th Floor
New York, NY 10020
Attn: Adam Keil/Ryan Kitchen
Fax: (212) 880-4260
E-mail: adam.keil@moelis.com/ryan.kitchen@moelis.com

Counsel to
the DIP Lenders
and Consenting
Noteholders: Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Attn: Jonathan D. Canfield/Joshua M. Siegel
Fax: (212) 806-6006
E-mail: jcanfield@stroock.com/jsiegel@stroock.com

Committee Counsel: Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Attn: Joshua M. Fried
Fax: (415) 263-7010
E-mail: jfried@pszjlaw.com

6. <u>Determination of Qualified Bidders</u>

The Debtors shall, by no later than 12:00 p.m. (Eastern Time) two (2) days prior to the Auction, (i) determine, in their business judgment and after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, whether a Potential Bidder is a Qualified Bidder, and (ii) notify each such Potential Bidder that its Written Offer is a Qualified Bid and that such Potential Bidder is a Qualified Bidder.

7. <u>"As Is, Where Is"</u>

Except as otherwise provided in the Final Purchase Agreement (as defined below), the Sale of the Beatport Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, their agents or their estates except to the extent set forth in the Final Purchase Agreement as approved by the Bankruptcy Court. Except as otherwise provided in the Final Purchase Agreement, all of the Debtors' right, title and interest in and to the Beatport Assets subject thereto shall be sold free and clear of all liens,

claims, interests and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Beatport Assets.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all desired due diligence regarding the Beatport Assets prior to making its Qualified Bid, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Beatport Assets in making its Qualified Bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Beatport Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bid Procedures or, as to the Successful Bidder(s) and the Backup Bidder(s), the terms of the Sale(s) as set forth in the final form of the applicable Modified Purchase Agreement(s) (the "**Final Purchase Agreement**") which shall be on terms mutually acceptable to the Successful Bidder and Backup Bidder, on the one hand, and the Debtors, on the other hand, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee.

8.    Auction

If the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, have selected two or more Qualified Bidders, the Debtors shall conduct an Auction to determine the highest or otherwise best Qualified Bid. This determination shall take into account any factors the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, reasonably deem relevant and may include, among other things, the following: (i) the amount and nature of the consideration; (ii) the number, type and nature of any changes to the Purchase Agreement requested by each Qualified Bidder in its respective Modified Purchase Agreement; (iii) the extent to which such modifications are likely to delay closing of the Sale of the Beatport Assets and the cost to the Debtors of such modifications or delay; (iv) the total consideration to be received by the Debtors; and (v) the likelihood of the Qualified Bidder's ability to close the Sale and the timing thereof.

The Auction shall commence at 11:00 a.m. (Eastern Time) on May 3, 2016, at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, or such other place as determined by the Debtors, and continue thereafter until completed. The Debtors, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, reserve the right to cancel or postpone the Auction. The Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, reserve the right to not proceed with any Sale.

Except as otherwise permitted in the Debtors' discretion, only the Debtors, the DIP Lenders, the Consenting Noteholders, the Committee, and Qualified Bidders and, in each case, their respective professionals shall be entitled to attend the Auction. Only a Qualified Bidder is eligible to participate in the Auction.

The Auction shall be governed by the following procedures:

(a)     Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

(b)     The Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, may waive and/or employ and announce at the Auction additional rules that are reasonable under the circumstances for conducting the Auction provided that such rules are (i) not inconsistent with the Bid Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, or any order of the Bankruptcy Court entered in connection with these Chapter 11 Cases, (ii) disclosed to each Qualified Bidder, and (iii) designed, in the Debtors' business judgment, to result in the highest or otherwise best offer for the Beatport Assets.

(c)     The Debtors will arrange for the actual bidding at the Auction to be transcribed.    Each Qualified Bidder shall designate a single individual to be its spokesperson during the Auction.

(d)     Each Qualified Bidder participating in the Auction must confirm on the record, at the commencement of the Auction and again at the conclusion of the Auction that it has not engaged in any collusion with the Debtors or any other Qualified Bidder regarding these Bid Procedures, the Auction or any proposed transaction relating to the Beatport Assets.

(e)     Prior to the Auction, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, shall identify the highest and best of the Qualified Bids received (the "**Opening Qualified Bid**"). Subsequent bidding will continue in minimum increments valued at not less than $250,000 in cash and/or noncash consideration, or in such amounts as to be determined by the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, prior to, and announced at, the Auction.    With respect to any subsequent bids, any noncash consideration shall be subject to the consent of the Required Lenders and the Requisite Noteholders.

(f)     All Qualified Bidders shall have the right to, at any time, request that the Debtors announce, subject to any potential new bids, the then-current highest or best bid and, to the extent requested by any Qualified Bidder, use reasonable efforts to clarify any and all questions such Qualified Bidder may have regarding the Debtors' announcement of the then-current highest or best bid.

(g)     In the Debtors' discretion, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, all Qualified Bidders shall have the right to submit additional bids and make additional modifications

to the Purchase Agreement or Modified Purchase Agreement, as applicable, at the Auction, *provided*, *however*, that any such modifications to the Purchase Agreement or Modified Purchase Agreement, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors as determined by the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee.

(h)     Upon conclusion of the bidding, the Auction shall be closed, and the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, shall, as soon as practicable, (i) identify and determine in their business judgment the highest and/or best Qualified Bid for the Beatport Assets (a "**Successful Bid**" and the entity or entities submitting such Successful Bid, the "**Successful Bidder**"), (ii) advise the Qualified Bidders of such determination, and (iii) require the Successful Bidder to deliver an executed Final Purchase Agreement, which reflects its bid and any other modifications submitted and agreed to during the Auction, prior to commencement of the Sale Hearing.

(i)     In addition, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, will determine which Qualified Bid, if any, is the next highest and/or best Qualified Bid to the Successful Bid, and will designate such Qualified Bid as a "**Backup Bid**" in the event the Successful Bidder fails to consummate the contemplated Sale. A Qualified Bidder that submitted a Qualified Bid that is designated a Backup Bid is a "**Backup Bidder**". Each Backup Bid shall remain open and binding until the Backup Bid Expiration Date.

(j)     Following the conclusion of the Auction, the Debtors may resume bidding on such procedures determined by the Debtors in their discretion, and in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, for the sale of any Beatport Assets not sold to the Successful Bidder.

9.     <u>Sole Qualified Bidder</u>

If, by the Bid Deadline, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, have selected only one Qualified Bidder for the Beatport Assets, then the Debtors, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, shall not hold an Auction and instead, shall, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, determine whether to request at the Sale Hearing that the Bankruptcy Court approve the Qualified Bid from the sole Qualified Bidder. Notwithstanding anything herein to the contrary, nothing herein shall obligate the Debtors to consummate or pursue the Sale of the Beatport Assets.

10.    Sale Hearing

The Sale Hearing will be held before the Honorable Mary F. Walrath on May 5, 2016 at 12:00 p.m. (Eastern Time) at the United States Bankruptcy Court for the District of Delaware, located in Courtroom 4, Fifth Floor, 824 Market Street, Wilmington, DE 19801.  At the Sale Hearing, the Debtors shall present the results of the Auction, if one is held, to the Bankruptcy Court and may seek approval of the Successful Bid and any Backup Bid.

Following the Sale Hearing and entry of a Sale Order approving the Sale of the Beatport Assets to a Successful Bidder, if such Successful Bidder fails to consummate the Sale for any reason, the Backup Bidder shall be designated the Successful Bidder and the Debtors shall be authorized to affect such Sale without further order of the Bankruptcy Court.  The Successful Bidder and Backup Bidder (if any) should be represented by counsel at the Sale Hearing.

11.    Consummation of the Purchase

(a)    Closing Date; Good Faith Deposit

The Successful Bidder shall consummate the Sale contemplated by the Successful Bid (the "**Purchase**") on or before the Closing Date.  If the Successful Bidder successfully consummates the Purchase by the Closing Date, such Successful Bidder's Good Faith Deposit shall be applied to the purchase price of the Purchase.

If the Successful Bidder either:  fails to consummate the Purchase on or before the Closing Date, breaches the Final Purchase Agreement, or otherwise fails to perform, the Debtors shall, without further order of the Bankruptcy Court, deem such Successful Bidder to be a "Defaulting Buyer".

The Debtors shall be entitled to (i) retain the Good Faith Deposit as part of their damages resulting from the breach or failure to perform by a Defaulting Buyer, and (ii) seek all available damages from such Defaulting Buyer occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Final Purchase Agreement and the Sale Order.

(b)    Backup Purchase

Upon a determination by the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, that the Successful Bidder is a Defaulting Buyer, the Debtors shall consummate a Sale with the Backup Bidder on the terms and conditions of the Backup Bid (the "**Backup Purchase**") without further order of the Bankruptcy Court.

If the Backup Bidder consummates the Backup Purchase, the Good Faith Deposit of such Backup Bidder will be applied to the purchase price of the Backup Purchase.  In the event that the Debtors seek to consummate the Backup Purchase with the Backup Bidder and such Backup Bidder fails to consummate the Backup Purchase, breaches the Final Purchase Agreement or otherwise fails to perform, the Debtors may, in their discretion and after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, and without further order of the Bankruptcy Court, deem such Backup Bidder to be a "Defaulting Buyer" and shall be entitled to (i) retain the Good Faith Deposit as part of their damages resulting from the breach or failure to perform by the Defaulting Buyer, and (ii) seek all available damages from such Defaulting Buyer

occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Purchase Agreement or Modified Purchase Agreement, as applicable, and the Sale Order.

12.    <u>Return of Good Faith Deposits</u>

Good Faith Deposits of all Qualified Bidders shall be held in a non-interest bearing escrow account.  Except for those of the Successful Bidder and Backup Bidder(s), the Debtors shall promptly return the Good Faith Deposits of (i) all Qualified Bidders after the Auction; and (ii) the Backup Bidder after the Backup Bid Expiration Date.

13.    <u>Reservation of Rights</u>

The Debtors shall retain all rights to any of their assets that are not subject to the Sale that is approved by the Bankruptcy Court at the Sale Hearing.

**<u>Exhibit A</u>**

**Good Faith Deposit Wire Instructions**

## **Exhibit 2**

**Notice of Bid Procedures, Auction Date and Sale Hearing**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Sale Hearing Date: May 5, 2016 at 12:00 p.m.** |

## NOTICE OF BID PROCEDURES, AUCTION DATE AND SALE HEARING

**PLEASE TAKE NOTICE THAT:**

1.      On February 29, 2016, the above-captioned debtors and debtors in possession (the **"Debtors"**) filed the *Motion of the Debtors for Entry of an Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of Beatport, LLC, (B) Approving Notice Procedures, and (C) Granting Related Relief* [Docket No. ___] (the "**Bid Procedures Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

2.      By order dated _____, 2016, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion [Docket No. ___] (the "**Bid Procedures Order**").

3.      The Debtors are seeking bids for substantially all the assets of Debtor Beatport, LLC.

4.      All interested parties are invited to submit a Written Offer to purchase the Beatport Assets in accordance with the terms and conditions of the Bid Procedures attached

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).  The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.

hereto as **Exhibit A** and the Bid Procedures Order.  The deadline to submit a Written Offer (the "**Bid Deadline**") is April 28, 2016 at 12:00 p.m. (Eastern Time).

5.    Prior to the Bid Deadline, a Potential Bidder that desires to purchase the Beatport Assets shall deliver its Written Offer in accordance with the procedures set forth in the Bid Procedures.

6.    Pursuant to the Bid Procedures Order, in the event that the Debtors receive two or more Qualified Bids by the Bid Deadline, the Debtors shall conduct an Auction to determine the highest or otherwise best bid with respect to the Beatport Assets.  The Auction shall commence at **11:00 a.m. (Eastern Time) on May 3, 2016** at the offices of Greenberg Traurig, LLP, 200 Park Ave. New York, NY 10166, or at such other place and time as the Debtors shall notify all Qualified Bidders, the DIP Lenders, the Consenting Noteholders, counsel for the Committee and other invitees, if any.

7.    Objections, if any, to the Sale of the Beatport Assets to any Successful Bidder and/or the relief requested in the Debtors' motion to approve the Sale, other than the relief approved in the Bid Procedures Order, must be in writing and filed with the Court (i) **on or before the date that is seven (7) days before the date of the Sale Hearing** or (ii) **on or before the date that is one (1) day before the Sale Hearing if the Auction is concluded less than seven (7) days prior to the Sale Hearing** and be served such that they are actually received by (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn:  Maria J. DiConza; (ii) counsel to the DIP Lenders and the Consenting Noteholders; and (iii) the Office of the United States Trustee (Region 3) (the "**Notice Parties**").

8.    The Sale Hearing shall be conducted by the Bankruptcy Court **on May 5, 2016, at 12:00 p.m. (Eastern Time)**, or on such other date as the Bankruptcy Court may direct.  Requests for a copy of the Purchase Agreement or for any other information concerning the Sale of the Beatport Assets should be directed, by written request, to the Debtors' investment banker listed above.

Dated:                          Respectfully Submitted,

GREENBERG TRAURIG, LLP

*/s/ DRAFT*
Dennis A. Meloro (DE Bar. No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile:  (302) 661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (admitted *pro hac vice*)
Maria J. Diconza (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile:  (212) 6400
Email:  mitchelln@gtlaw.com
        diconzam@gtlaw.com
        haynesn@gtlaw.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*