## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | ) | Case No.: 16-10238 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Document No. ___** |
| | ) | |

## ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* (the "Motion")[2] filed by the Official Committee of Unsecured Creditors (the "Committee") of SFX Entertainment, Inc., *et al.*, and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meaning given them in the Motion.

DOCS_DE:205736.1

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted to the extent set forth herein.

2. Pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall not be required to provide access to any Confidential Information of the Debtors, or any other Entity, to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. Pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall not be required to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

    a. <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") without further order of the Court, (i) Confidential Information and (ii) Privileged Information. In addition, the

    Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

b. <u>Information Obtained Through Discovery</u>.  Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

c. <u>Creditor Information Requests</u>.  If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u> review.

d. <u>Release of Confidential Information of Third Parties</u>.  If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the

Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

5. The Committee may establish and maintain a website as described in the Motion. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

6. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: _____, 2016    _____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

4