## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238  (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: April 5, 2016 at 10:30 a.m.**<br>**Objection Deadline: March 29, 2016 at 4:00 p.m.** |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
### (A) FIXING DEADLINES FOR FILING PROOFS OF CLAIM AND
### (B) DESIGNATING FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

hereby move the Court (the "**Motion**"), pursuant to sections 105(a), 502(b)(9), and 503 of

title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"),

Rules 2002(a)(7), 3002(a), and 3003(c) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

**Rules**"), for entry of an order:  (a) establishing deadlines for the filing of proofs of claim; and

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).  The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

(b) designating the form and manner of notice with respect thereto.  In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case

1.      On February 1, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No request has been made for the appointment of a trustee or examiner.

4.      On February 12, 2016, an official committee of unsecured creditors was appointed in these Chapter 11 Cases (the "**Committee**") [Docket No. 99].

5.      On February 11, 2016, the Debtors filed the *Motion of the Debtors for Entry of an Order Extending Time to File Schedules and Statements* [Docket No. 92], seeking among other things, entry of an order extending the time within which the Debtors must file their schedules of assets and liabilities (collectively, the "**Schedules**").

6.      On March 4, 2016, this Court entered the *Order Extending Time to File Schedules and Statements* [Docket No. 182], granting an extension of time for the Debtors to file the Schedules to and including April 1, 2016.

7.      On March 16, 2016, the Debtors filed a proposed order seeking an additional extension of time to file their Schedules.

8.      On March 16, 2016, this Court entered the *Order Further Extending Time to File Schedules and Statements* [Docket No. 231], granting the Debtors an additional extension of time to file the Schedules to and including April 15, 2016.

## Jurisdiction, Venue and Statutory Predicates

9.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

10.      The statutory predicates for the relief sought herein are sections 105, 502(b)(9), and 503 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3002(a), and 3003(c), and Local Rule 2002-1(e).

## Background

11.      The Debtors along with their non-Debtor affiliates (collectively, "**SFX**") are a leading producer of live events and digital entertainment content focused exclusively on electronic music culture.  The Debtors commenced material operations in 2012 with the intent of acquiring and operating companies within the electronic dance music ("**EDM**") industry, specifically those engaged in the promotion and production of live music events, festivals and digital offerings attractive to EDM fans in the United States and abroad.  Over the next three years, the Debtors acquired a number of leading EDM brands, such as TomorrowWorld, Beatport, Mysteryland, Sensation and Electric Zoo, and expanded operations worldwide.

12.      Today, the Debtors are actively engaged in the production and promotion of EDM festivals and events both domestically and abroad.  In addition, Debtors manage large, event-driven nightclubs that serve as venues for performances by key electronic music talent. The Debtors also offer an online platform for EDM DJs, artists and fans to purchase, share and stream music components and to connect with each other.

13.    The Debtors and their 120 non-Debtor subsidiaries operate a business that spans the globe, with operations in over 34 countries.  The Debtors constitute substantially all of the domestic companies comprising SFX's business as well as select foreign subsidiaries.  The Debtors have more than 325 employees and, together with the non-Debtor entities, have more than 625 employees.

14.    The Debtors' capital structure is highly levered.  In 2015, the Debtors began to face significant liquidity issues.  While the Debtors attempted to enhance liquidity through a September 2015 financing and potential sales of non-strategic assets, the Debtors concluded that they needed to restructure their liabilities through a bankruptcy process.

15.    A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of Michael Katzenstein in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**") [Docket No. 13], which was filed on the Petition Date and incorporated herein by reference.

## Relief Requested

16.    By this Motion, the Debtors seek entry of an order:

a.    fixing May 6, 2016 at 5:00 p.m. (Prevailing Eastern Time), as the last date (the "**General Bar Date**") for filing proofs of claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors on account of claims arising, or deemed to have arisen, prior to the Petition Date, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code;

b.    fixing August 1, 2016, at 5:00 p.m. (Prevailing Eastern Time), as the last day for governmental units, as defined in section 101(27) of the Bankruptcy Code, to file proofs of claim (the "**Governmental Unit Bar Date**" and together with the General Bar Date, the "**Bar Dates**"), which date is at least 180 days after the Petition Date in accordance with section 502(b)(9) of the Bankruptcy Code; and

c.    establishing general procedures with respect to the Bar Dates.

4

17.     The Debtors also anticipate that certain creditors may assert claims in connection with the Debtors' rejection of executory contracts pursuant to section 365 of the Bankruptcy Code.  The Debtors propose that holders of claims against the Debtors arising from the rejection by the Debtors of an executory contract or unexpired lease must file a proof of claim on or before the later of:  (a) the General Bar Date; (b) thirty (30) days after the entry of an order by the Court authorizing such rejection; or (c) such other date, if any, as the Court may fix in the order authorizing such rejection.

18.     In the event that the Debtors amend or supplement their Schedules after the Bar Date Notice (defined below) is served, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a proof of claim or be barred from so doing and shall be given notice of such deadline.

19.     The Debtors further seek approval of the Debtors' proposed notice of the Bar Dates (the "**Bar Date Notice**"), a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.  Based upon the procedures set forth below, the proposed Bar Dates will give all creditors ample notice and opportunity to file proofs of claim.

20.     With the assistance of the Debtors' claims agent, Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors have prepared the Proof of Claim Form, attached hereto as **Exhibit B**, which substantially conforms to Official Form B 410, but is tailored to these Chapter 11 Cases.

21.     The modifications to Official Form B 410 proposed by the Debtors include: (a) allowing creditors to assert 503(b)(9) claims; (b) adding certain instructions; and (c) any other modifications made to Official Form B 410.

22.     The Debtors request that all proofs of claim be filed with KCC so as to be actually received on or before the applicable Bar Date, and that such claim be in writing, with an original signature, together with supporting documentation, substantially conforming to the Proof of Claim Form attached hereto as **Exhibit B** or with Official Bankruptcy Form B 410 [2] or as otherwise prescribed or authorized under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

23.     Proofs of claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.

24.     The Debtors propose that the following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

   a.     pursuant to paragraph 28 of the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Priming Superpriority Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 203] (the "**DIP Order**"):

      (i)     the DIP Agent and the DIP Lenders (each as defined in the DIP Order) for claims arising out of, related to, or in connection with the DIP Loan Documents or the DIP Obligations (each as defined in the DIP Order);

      (ii)    the First Lien Agent, the First Lien Lenders (each as defined in the DIP Order) for claims arising out of, related to, or in connection

---

[2]     Official Bankruptcy Form B 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms. The customized Proof of Claim Form can be obtained on the website established in these Chapter 11 Cases, www.kccllc.net/sfx.

with the First Lien Loan Documents or the First Lien Obligations (each as defined in the DIP Order);

(iii)    the Foreign Loan Agent, the Foreign Loan Lenders (each as defined in the DIP Order) for claims arising out of, related to, or in connection with the Foreign Loan Documents or the Foreign Loan Obligations (each as defined in the DIP Order); and

(iv)    the Second Lien Agent and the Second Lien Noteholders (each as defined in the DIP Order) for claims arising out of, related to, or in connection with the Second Lien Note Documents or the Second Lien Obligations (each as defined in the DIP Order);

b.    any person or entity who has already duly filed a proof of claim in these Chapter 11 Cases with KCC, or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801;

c.    any person or entity whose claim is listed on the Schedules, provided, that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

d.    any person or entity that holds an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the applicable Bar Date; provided, further, that the Debtors reserve all rights with respect to any such claims including, inter alia, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code;[3]

e.    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a claim under section 503(b)(9) of the Bankruptcy Code);

f.    any holder of a claim by a Debtor against another Debtor;

---

[3]    The Debtors reserve the right to establish at a later time a bar date requiring holders of equity interests to file proofs of interest. If such a bar date is established, holders of equity interests will be notified of the bar date for filing proofs of interest at the appropriate time.

     g.     any holder of a claim solely against any of the Debtors' non-Debtor affiliates;

     h.     any holder of a claim for which a separate deadline is (or has been) fixed by this Court; and

     i.     any holder of a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date.

### Basis for Relief Requested

25.    Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest." Del. Bankr. L.R. 2002-1(e). Bankruptcy Rule 3003(c)(3) further provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3002(c)(3). The Debtors now seek to establish the Bar Dates to determine what claims, if any, will be asserted against the Debtors in addition to or different from those which will be listed on the Debtors' Schedules.

26.    Bankruptcy Rule 3002(a) provides that an unsecured creditor must file a proof of claim, except as provided in Bankruptcy Rule 3003. *See id.* 3002(a). Bankruptcy Rule 3003(c)(2) further provides that any creditor whose claim is not listed in the Schedules, or is listed as disputed, contingent, unliquidated, or unknown, shall file a proof of claim within the time prescribed by Bankruptcy Rule 3003(c)(3), and that any creditor who fails to file such proof of claim shall not be treated as a creditor with respect to such claim for the purpose of receiving any distribution from the estate. *Id.* 3003(c)(2). In addition, section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense . . . ." 11 U.S.C. § 503(a).

27.    Neither the Bankruptcy Rules nor the Local Rules specify the time by which proofs of claim must be filed in a chapter 11 case. As a result, this Court has discretion in setting such a date and is authorized to grant the relief requested in this Motion.

28.    The Debtors believe that the Bar Dates set forth herein will allow an appropriate amount of time for creditors to file proofs of claim and permit the Debtors to identify the scope of prepetition claims (including claims under section 503(b)(9) of the Bankruptcy Code) in a

quick and efficient manner, which will facilitate the Debtors' evaluation of the nature and extent of the claims for purposes of reorganizing their operations.

29.    The Debtors, through KCC, intend to serve a copy of the Bar Date Notice and a Proof of Claim Form, a copy of which is attached hereto as **Exhibit B**, within five (5) business days following the date on which the Debtors file their Schedules, by United States Postal Service first-class mail, postage prepaid, on the following parties: (a) all creditors and other known holders of claims; (b) all counterparties to executory contracts and unexpired leases of real property; (c) all parties to pending litigation against the Debtors; (d) all parties listed on the Debtors' mailing matrix; (e) all entities which have filed a notice of appearance in the Debtors' Chapter 11 Cases; (f) the Internal Revenue Service; (g) local taxing authorities; (h) all relevant state attorneys general; (i) counsel to the Committee; and (j) the Office of the United States Trustee for the District of Delaware.

30.    The Debtors further intend to provide notice of the Bar Dates by causing a copy of a publication notice, substantially in the form of the Bar Date Notice, to be published in USA Today, The Wall Street Journal, or The New York Times within five (5) business days following the date when the Debtors file their Schedules.

**Consent to Jurisdiction**

31.    Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Notice**[4]

32.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the DIP Lenders and to the Ad Hoc Group; (c) counsel to the Committee; and

---

[4]  Capitalized terms used in the Notice section but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

(d) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

33.     No prior request for the relief sought in this Motion has been made to this or any other court.

### Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: March 17, 2016               GREENBERG TRAURIG, LLP


                                    */s/ Dennis A. Meloro*
                                    Dennis A. Meloro (DE Bar No. 4435)
                                    The Nemours Building
                                    1007 North Orange Street, Suite 1200
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 661-7000
                                    Facsimile:  (302) 661-7360
                                    Email: melorod@gtlaw.com

                                    -and-

                                    Nancy A. Mitchell (admitted *pro hac vice*)
                                    Maria J. DiConza (admitted *pro hac vice*)
                                    Nathan A. Haynes (admitted *pro hac vice*)
                                    Greenberg Traurig, LLP
                                    MetLife Building
                                    200 Park Avenue
                                    New York, NY 10166
                                    Telephone: (212) 801-9200
                                    Facsimile:  (212) 801-6400
                                    Email: mitchelln@gtlaw.com
                                            diconzam@gtlaw.com
                                            haynesn@gtlaw.com

                                    *Counsel for the Debtors*
                                    *and Debtors-in-Possession*