**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 29, 2016 at 4:00 p.m.**<br>**Hearing Date: April 5, 2016 at 10:30 a.m.** |

**DEBTORS' MOTION FOR ENTRY OF ORDER**
**MODIFYING THE AUTOMATIC STAY TO ALLOW FOR**
**ADVANCEMENT/PAYMENT UNDER D&O INSURANCE POLICIES**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

hereby move (the "**Motion**") for entry of an order under section 362(d)(1) of title 11 of the

United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") and Rule 4001-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"**Local Rules**"), for entry of an order modifying the automatic stay to allow Robert F.X.

Sillerman, D. Geoffrey Armstrong, John Miller, Michael Meyer, Mitchell Slater, Andrew N.

Bazos, Joseph R. Rascoff, Edward Simon, and Pasquale Manocchia (collectively, the "**Directors**

**and Officers**") to enforce their rights and/or receive proceeds payable under:  (i) the Executive

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).  The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

Edge Broad Form Management Liability Insurance Policy, Policy Number 01-640-23-83, later replaced by Policy Number 01-637-29-30, issued by Illinois National Insurance Company, and (ii) the Excess Directors & Officers Liability Insurance Following Form Policy issued by Allied World Assurance Company (U.S.) Inc.,[2] which each, as subsequently amended, provide coverage for the effective Policy Period of October 8, 2014 to October 8, 2016 (together, the "**Insurance Policies**").  In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### Status of the Case

1.      On February 1, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No request has been made for the appointment of a trustee or examiner.  On February 12, 2016, an official committee of unsecured creditors (the "**Committee**") was appointed in these Chapter 11 Cases.

### Jurisdiction, Venue, and Statutory Predicates

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  Venue of these cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are Bankruptcy Code section 362(d)(1), Bankruptcy Rule 4001 and Local Rule 4001-1.

---

[2] Illinois National Insurance Company and Allied World Assurance Company (U.S.) Inc. are referred to herein as the "**Insurers**."

DEL 408255619v5

6.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## Background

7.     The Debtors along with their non-Debtor affiliates are leading producers of live events and digital entertainment content focused exclusively on electronic music culture. The Debtors commenced material operations in 2012 with the intent of acquiring and operating companies within the electronic dance music ("**EDM**") industry, specifically those engaged in the promotion and production of live music events, festivals and digital offerings attractive to EDM fans in the United States and abroad. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of Michael Katzenstein in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 13] (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.

## The Civil Cases

I.     **The Borchardt Litigation**

8.     Debtor SFX Entertainment, Inc. (the "**Debtor Defendant**") and Robert F.X. Sillerman, D. Geoffrey Armstrong, John Miller, and Michael Meyer (collectively, the "**Stockholders Litigation Defendants**") were named as defendants in a civil lawsuit filed in the Court of Chancery of the State of Delaware (the "**Chancery Court**") on May 29, 2015, captioned *Borchardt, et al. v. SFX Entertainment, Inc., et al.*, Case No. 11151-VCG (the "**Borchardt Case**"). The Borchardt Case was premised on allegations that the price offered by Mr. Sillerman in connection with his proposals to acquire the outstanding stock of the Debtor Defendant was inadequate and that the Debtor Defendant and the Stockholders Litigation

3

Defendants breached their fiduciary duties to the Debtor Defendant's stockholders in connection with the proposed acquisition.

9.      On February 15, 2016, the Borchardt Case was dismissed without prejudice by the Chancery Court.  Although the Borchardt Case has been dismissed, there are still outstanding and unpaid legal fees incurred by the Stockholders Litigation Defendants in connection with the Borchardt Case.

**II.      The Guevoura Case**

10.     The Debtor Defendant and the Stockholders Litigation Defendants have also been named as defendants in a civil lawsuit filed in the United States District Court for the Southern District of New York on September 11, 2015, captioned *Guevoura Fund Ltd. v. Sillerman, et al.*, Case No. 15-cv-07192 (the "**Guevoura Case**").  The Guevoura Case plaintiff alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "**Exchange Act**") and Rule 10b-5 promulgated thereunder and Section 20(a) of the Exchange Act as a result of alleged false and misleading statements allegedly made by the Debtor Defendant and the Stockholders Litigation Defendants concerning Mr. Sillerman's proposals to acquire the outstanding stock of the Debtor Defendant.

11.     On the Petition Date, the Debtor Defendant filed a suggestion of bankruptcy in the Guevoura Case.  On February 24, 2016, the Debtors initiated an adversary proceeding in these Chapter 11 Cases against Guevoura, seeking an order from this Court extending the automatic stay to the Stockholders Litigation Defendants in connection with the Guevoura Case.  *See* Adv. Pro No. 16-50078-MFW (Bankr. D. Del.) [Adv. Docket Nos. 1 and 3].

*DEL 408255619v5*

**III.    The Altimeo Case**

12.    Each of the Directors and Officers have been named as defendants (the "**D&O Defendants**") in a civil lawsuit filed in the Supreme Court of the State of New York, County of New York on March 2, 2016, captioned *Altimeo Investissement, et al. v. Sillerman, et al.*, Index No. 651084/2016 (the "**Altimeo Case**", and together with the Borchardt Case and the Guevoura Case, the "**Civil Cases**").   The Altimeo Case plaintiffs assert causes of action for fraud and negligent misrepresentation against the D&O Defendants that mimic the allegations in the Guevoura Case.   The Debtors are currently assessing what next steps, if any, they will take in connection with the Altimeo Case.

**The D&O Insurance Policies**

13.    Prior to the commencement of the Civil Cases, the Debtors purchased the Insurance Policies for the benefit of itself and the Directors and Officers.

14.    The Insurance Policies are styled:

(a) "Executive Edge Broad Form Management Liability Insurance Policy" with a Policy Number 01-640-23-83, later replaced by Policy Number 01-637-29-30, issued by Illinois National Insurance Company (the "**Primary Policy**"); and

(b) "Excess Directors & Officers Liability Insurance Following Forms Policy," with a Policy Number of 0309-2422, issued by Allied World Assurance Company (U.S.) Inc. (the "**Excess Policy**").

15.    On May 29, 2015 and September 11, 2015, the Stockholders Litigation Defendants were named as defendants in the Borchardt Case and the Guevoura Case, respectively.   On March 2, 2016, the D&O Defendants were named as defendants in the Altimeo Case.

5

16.     In accordance with the terms of the Insurance Policies, the Debtors, on behalf of themselves and the Directors and Officers, provided notice of the Civil Cases to the Insurers and sought coverage for the Civil Cases under the Insurance Policies to advance defense costs they have incurred and are continuing to incur in the defense of the Civil Cases.

17.     The Insurers have agreed to advance the defense costs of the Directors and Officers incurred in connection with the Civil Cases, subject to their reservations of rights, but have requested the entry of a comfort order authorizing them to do so to the extent the automatic stay may apply to any advance of such insurance proceeds.

18.     Section 3.B of the Primary Policy includes an Order of Payments provision, which provides that in the event of a loss arising from a covered claim Illinois National Insurance Company must first pay losses on behalf of the "Insured Persons", which includes the Directors and Officers.  Section 3.C and Endorsement #5 of the Primary Policy further provide that the bankruptcy or insolvency of SFX Entertainment, Inc. shall not relieve Illinois National Insurance Company of its obligations under the policy.

19.     The Excess Policy provides in Section 1 that, subject to the terms therein, Allied World Assurance Company (U.S.) Inc. shall pay for any Loss (as defined therein) after exhaustion of the Primary Policy.

## Relief Requested

20.     By this Motion, the Debtors seek entry of an order modifying the automatic stay, to the extent it applies, for the purpose of allowing the Insurers to make payments on behalf of the Directors and Officers, in accordance with the terms and conditions of the Insurance Policies.

## Basis for Relief Requested

21.     Absent an order modifying the automatic stay of Bankruptcy Code section 362, it is unclear whether the Insurers would be permitted or willing to make payments to, or on behalf

6

of, the Directors and Officers in accordance with the terms and conditions of the Insurance Policies.  The Directors and Officers would, in that event, be forced to personally fund or continue to personally fund their defenses in connection with the Civil Cases, potentially preventing them from conducting a meaningful defense and causing them immediate and irreparable harm.  Accordingly, in order to provide sufficient comfort to the Insurers and the Directors and Officers that the Insurers are authorized to make payments to or on behalf of the Directors and Officers in accordance with the terms and conditions of the Insurance Policies and the Directors and Officers are authorized to receive those payments, the Debtors seek entry of an order modifying the automatic stay imposed by section 362 of the Bankruptcy Code, to the extent applicable, as set forth herein.

22.    Bankruptcy Code section 362(d)(1) provides that, "[o]n request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay – (1) for cause . . . ." 11 U.S.C. § 362(d).  "Cause" is not defined by section 362(d)(1).  *See In re The SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).  Courts in the Third Circuit have stated that "cause is a flexible concept" often involving a "fact intensive, case-by-case balancing test." *Id.*  (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)).

23.    Generally, a debtor's liability insurance policy is property of the bankruptcy estate.  *See In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1399 (Bankr. D. Del. 2004).  However, "when the liability policy provides the debtor with indemnification coverage but the indemnification has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate."  Where, as here, the insurers' payments will be made pursuant to Coverage A, which provides insurance coverage for directors and officers who are not currently

7

being indemnified (in this case because of the Debtors' bankruptcy), the proceeds are not property of the Debtors' estates. *Miller v. Mcdonald (In re World Health Alternatives, Inc.)*, 369 B.R. 805, 811 (Bankr. D. Del. 2007) (proceeds not property of the estate where only directors and officers, and not the debtor, had a right to recovery from the policy's Coverage A).

24.    In the context of defense costs to be provided to directors and officers pursuant to a debtor's insurance policy, "[i]t is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers, especially when there is no evidence that direct coverage of the debtor will be necessary." *Allied Digital*, 306 B.R. at 513 (finding "cause" to lift the automatic stay, to the extent the insurance proceeds were property of the estate, to authorize an insurer to advance defense costs to directors and officers in accordance with the terms of a D&O policy); *see also In re Downey Financial Corp.*, 428 B.R. 595, 611 (Bankr. D. Del. 2010) (lifting automatic stay to allow insured directors and officers to access policy proceeds even if policy proceeds were property of the estate).

25.    Here, cause exists to modify the automatic stay to allow the Directors and Officers to enforce their rights and/or receive proceeds payable under the Insurance Policies. Coverage A of the Insurance Policies provides for direct coverage earmarked for and recoverable solely by the directors and officers of the Debtors who are entitled to be indemnified by the Debtor but are not currently being indemnified because of the Debtors' bankruptcy. Therefore, the Debtors believe that they will not be prejudiced if the automatic stay is modified as sought herein. Accordingly, the Debtors submit that cause exists to support modification of the automatic stay, to the extent applicable.

DEL 408255619v5

**Notice and No Prior Request**[3]

26.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the Insurers; (d) counsel to the Directors and Officers; (e) counsel to the DIP Lenders and the Ad Hoc Group; and (f) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

27.     No previous request for the relief sought herein has been made to this Court or any other court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated:  March 17, 2016                                   GREENBERG TRAURIG, LLP

                                                        /s/ *Dennis A. Meloro*
                                                        Dennis A. Meloro (DE Bar No. 4435)
                                                        The Nemours Building
                                                        1007 North Orange Street, Suite 1200
                                                        Wilmington, Delaware 19801
                                                        Telephone:  (302) 661-7000
                                                        Facsimile:  (302) 661-7360
                                                        Email: melorod@gtlaw.com

---

[3]  Capitalized terms used in the Notice section but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

-and-

Nancy A. Mitchell (*admitted pro hac vice*)
Maria J. DiConza (*admitted pro hac vice*)
Nathan A. Haynes (*admitted pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:   (212) 801-9200
Facsimile:   (212) 801-6400
Email:   mitchelln@gtlaw.com
          diconzam@gtlaw.com
          haynesn@gtlaw.com

*Counsel for the Debtors and Debtors-in-Possession*

*DEL 408255619v5*