## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*, [1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. _____** |

### ORDER (A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS OF FLAVORUS, INC., (B) ESTABLISHING PROCEDURES IN CONNECTION WITH THE ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING NOTICE PROCEDURES, AND (D) GRANTING RELATED RELIEF

Upon the motion, dated March 17, 2016 (the "**Motion**")[2] of SFX Entertainment, Inc. and

its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections

105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the

"**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") and Local Rules 2002-1 and 6004-1, for entry of an order

(this "**Bid Procedures Order**"): (i) approving the bid procedures in the form annexed hereto as

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).  The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion, the Asset Purchase Agreement, or the Bid Procedures, as applicable.  In the event of a discrepancy between the definitions contained in the Motion, the Asset Purchase Agreement and the Bid Procedures, those contained in the Asset Purchase Agreement shall control.

**Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of all or substantially all of the assets of Flavorus, Inc. (the "**Flavorus Assets**"); (ii) establishing procedures in connection with the Debtors' assumption and/or assignment to the Successful Bidder or Backup Bidder of certain executory contracts and unexpired leases (each an "**Assumed Contract**" and, collectively, the "**Assumed Contracts**") and the corresponding cure amounts (the "**Cure Amounts**") required to be paid in connection with the assumption and/or assignment, (iii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders of the Bid Procedures, the auction of the Flavorus Assets (the "**Auction**"), the sale hearing for the Flavorus Assets (the "**Sale Hearing**"), and the Debtors' intent to assume and/or assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (iv) granting related relief; the Court, having determined that the relief provided herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and calculated to result in the highest and best offer for the assets at issue, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections and responses to the Motion having been resolved and otherwise withdrawn or overruled; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The Motion and this Bid Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.      The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D.      A reasonable opportunity to object or be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

E.      The proposed Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith and the Sale Hearing.

F.      The Notice of Assumption and Assignment is reasonably calculated to provide all counterparties to Assumed Contracts with proper notice of the potential assumption and/or assignment of their respective Assumed Contract(s) and any Cure Amount(s) relating thereto, *provided*, *however*, that the mere listing of any Assumed Contract on the Notice of Assumption and Assignment does not require or guarantee that such Assumed Contract will be assumed and/or assigned, and all rights of the Debtors with respect to such Assumed Contracts are reserved.

G.      The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, (ii) the scheduling of the Auction and the Sale Hearing, (iii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption and/or assignment of the Assumed Contracts, and (iv) related deadlines in connection with each of the foregoing.

H.    The Bid Procedures are reasonably designed to enable the Debtors to receive bids for the Flavorus Assets and represent the best method for maximizing the realizable value of the Flavorus Assets and serve to maximize estate value for the benefit of all of the Debtors' stakeholders and parties in interest.

I.    Entry of this Bid Procedures Order and the granting of the relief set forth herein are in the best interests of the Debtors, their estates, creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1.    The relief requested in the Motion as it relates to the Bid Procedures and the scheduling of and notice to be approved with respect to the Auction and the Sale Hearing is granted and approved as set forth in this Bid Procedures Order.

2.    All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.    The Bid Procedures, attached hereto as **Exhibit 1**, are incorporated herein and approved in their entirety, and shall apply with respect to the sale of the Flavorus Assets.  The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision.  The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures.  In the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.

4.    The Debtors are hereby authorized to pursue a Sale of the Flavorus Assets in accordance with the Bid Procedures.

5.    All information relating to the Flavorus Assets provided to assist a person or entity in evaluating whether to participate in the Auction is confidential.  Any person or entity

that is provided with such information (i) shall use such information solely for the purpose of evaluating whether to participate in the Auction; (ii) shall not use such information for any other purpose; (iii) shall hold such information in strict confidence; (iv) shall not, directly or indirectly, disclose any of such information, subject to certain limited exceptions; (v) shall undertake reasonable precautions to protect the confidentiality of such information; and (vi) shall be solely responsible for any ramifications resulting from any disclosure of such information.

6.      As further described in the Bid Procedures, the deadline for submitting Written Offers for the Flavorus Assets (the "**Bid Deadline**") is **April 27, 2016 at 12:00 p.m**. **(Eastern Time)**.

7.      If there are two or more Qualified Bids, received in accordance with the Bid Procedures, the Auction shall take place on **May 2, 2016 at 11:00 a.m. (Eastern Time)** at the offices of Greenberg Traurig, LLP, 200 Park Ave., New York, NY 10166 or such other place and time as the Debtors shall notify all Qualified Bidders, the DIP Lenders, the Consenting Noteholders, counsel for the Committee and other invitees, if any.

8.      Notwithstanding anything to the contrary in the Bid Procedures, the DIP Agent, on behalf of the DIP Lenders, and the Second Lien Agent, on behalf of the Second Lien Noteholders, are deemed to be Qualified Bidders for all purposes at the Auction, and shall be permitted, but not obligated, to credit bid to the full extent permitted under section 363(k) of the Bankruptcy Code.  The consultation rights or consent rights of any party that participates in any bid or credit bid for the Flavorus Assets shall be terminated unless and until such bid or credit bid, as applicable, is rejected; *provided* that any such party will have the same rights as any other Qualified Bidder and will retain any rights it has under existing orders regarding debtor-in-possession financing and/or use of cash collateral (to the extent applicable).  All rights of the

secured creditors to object to any proposed treatment of their respective liens and claims are preserved.

9.    The Auction shall be conducted in accordance with the Bid Procedures.

10.    The Auction will be conducted openly.

11.    Bidding at the Auction will be transcribed.

12.    The Sale Hearing shall be held before this Court on **May 5, 2016 at 10:30 a.m. (Eastern Time)** or as soon thereafter as counsel and interested parties may be heard.

13.    Objections, if any, to the Sale of the Flavorus Assets to any Successful Bidder and/or the relief requested in the Debtors' motion to approve the Sale, other than the relief approved in this Order, must be in writing and filed with the Court (i) **on or before the date that is seven (7) days before the date of the Sale Hearing** or (ii) **on or before the date that is one (1) day before the Sale Hearing if the Auction is concluded less than seven (7) days prior to the Sale Hearing** and be served such that they are actually received by (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Maria J. DiConza; (ii) counsel to the DIP Lenders and the Consenting Noteholders, (iii) counsel to the Committee; and (iv) the Office of the United States Trustee (Region 3).

14.    The notices described in subparagraphs (a) – (e) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

> a.    On or before three (3) business days after entry of  this Bid Procedures Order, or as soon thereafter as such parties can be identified, the Debtors will cause (a) a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Bid Procedures, Auction Date and Sale Hearing**"); and (b) a copy of the Bid Procedures Order to be sent by first-class mail postage prepaid, to the following:  (i) the Office of the United States Trustee; (ii) counsel to the DIP Lenders and Consenting Noteholders; (iii) counsel to the Committee; (iv) all taxing authorities in the states where the Debtors are located, including the Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities known to the Debtors to assert jurisdiction over the Debtors or which are reasonably expected by the Debtors to have claims, contingent or otherwise, in connection with the ownership of the Flavorus Assets, or to have

any known interest in the relief requested by the Motion; (v) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vi) all persons known or reasonably believed by the Debtors to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Flavorus Assets; (vii) the non-Debtor parties to the Assumed Contracts; (viii) all persons known or reasonably believed to have expressed an interest in acquiring the Flavorus Assets within the last four (4) months; (ix) the United States Attorney's office; (x) Attorneys General in the states where the Debtors are located; (xi) any applicable state and local environmental agencies; and (xii) all parties to any litigation involving the Debtors.

b.      On or before three (3) business days after entry of this Bid Procedures Order, the Debtors will serve the Notice of Bid Procedures, Auction Date and Sale Hearing on all known creditors of the Debtors.

c.      On or before seven (7) days after entry of this Bid Procedures Order, subject to applicable submission deadlines, the Debtors will publish an abbreviated version of the Notice of Bid Procedures, Auction Date and Sale Hearing once in one or more regional and/or national publications that the Debtors, in consultation with the DIP Lenders and Committee, deem appropriate.

d.      On or before three (3) business days after the entry of the Bid Procedures Order, the Debtors shall serve by first class mail or hand delivery, a notice, substantially in the form attached hereto as **Exhibit 3**, of the potential assumption and/or assignment of the Assumed Contracts (the "**Notice of Assumption and Assignment**") on all non-Debtor parties to the Assumed Contracts.  The Notice of Assumption and Assignment (or a Supplemental Notice of Assumption and Assignment (defined below)) shall (i) identify the calculation of the Cure Amounts that the Debtors believe must be paid to cure all prepetition defaults under the Assumed Contracts, and (ii) provide instructions for the timing and procedure governing the filing of any objections to (a) the proposed Cure Amounts and (b) the proposed assumption and assignment of any Assumed Contract in connection with the Sale, as approved by the Bankruptcy Court in the Bid Procedures Order.  In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder or Backup Bidder, as applicable, that are not included in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "**Supplemental Notice of Assumption and Assignment**") to the applicable counterparties to such additional Assumed Contracts.

e.      In addition to the foregoing, electronic notification of the Motion, the Bid Procedures Order, the Notice of Bid Procedures, Auction Date and Sale Hearing, and the Notice of Assumption and Assignment, will be posted on:  (i) the main case docket on the Bankruptcy Court's electronic case filing (ECF) website; and (ii) the case management website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, at www.kccllc.net/sfx.

15.     The Notice of Bid Procedures, Auction Date and Sale Hearing and the Notice of Assumption and Assignment to be issued in connection with the proposed Sale of the Flavorus Assets, substantially in the forms annexed hereto as **Exhibits 2 and 3**, respectively, are approved.

16.     Unless the non-Debtor party to an Assumed Contract files an objection (the "**Contract Objection**") to (a) their scheduled Cure Amount and/or (b) to the proposed assumption and/or assignment of such Assumed Contract, as applicable, by (i) **4:00 p.m. (prevailing Eastern Time) on April 28, 2016** and serves a copy of the Contract Objection so as to be received no later than the Contract Objection Deadline on the Notice Parties, then such non-Debtor party (i) will be forever barred and estopped from objecting to the Cure Amount and the Debtors and the Successful Bidder or Backup Bidder, as applicable, shall be entitled to rely solely upon the Cure Amount, and (ii) if the Assumed Contract is identified as an Asset to be acquired by the Successful Bidder or Backup Bidder, as applicable, will be deemed to have consented to the assumption and/or assignment of such Assumed Contract and will be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or the Backup Bidder, as applicable, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and/or assignment must be satisfied, under such Assumed Contract.  Notwithstanding the foregoing, as provided below, each non-Debtor party to such Assumed Contract shall retain the right to object, at the Sale Hearing, to the assumption and/or assignment of its Assumed Contract based solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

17.     If a Contract Objection challenges a Cure Amount (or asserts any other objection to assumption and/or assignment of an Assumed Contract), the Contract Objection must set forth

the Cure Amount being claimed by the objecting party with appropriate documentation in support thereof, and specify (with appropriate supporting documentation) the factual and legal basis for any other objection.  Upon receipt of a timely filed Contract Objection, the Debtors, with the consent of the Successful Bidder or Backup Bidder, as applicable, are authorized, but not directed, to resolve any Contract Objection by mutual agreement with the objecting counterparty to any Assumed Contract without further order of the Court.  In the event that the Debtors and any objecting party are unable to resolve consensually any timely filed Contract Objection, the Court will resolve any such Contract Objection at the Sale Hearing.

18.    Notwithstanding anything to the contrary contained in this Bid Procedures Order, the Debtors, and the Successful Bidder or Backup Bidder, as applicable, may determine to add or exclude any Assumed Contract from the list of Assets to be acquired no later than two (2) days prior to the Sale Hearing.  The non-Debtor party to any contract that is removed from the list of Assumed Contracts will be notified of such exclusion by written notice mailed within two (2) business days of such determination.  The Debtors will seek to have any executory contract or unexpired lease that is not designated to become an Assumed Contract, by the Debtors and the Successful Bidder or Backup Bidder, as applicable, be rejected at the Sale Hearing.

19.    Within one (1) day after the conclusion of the Auction for the Flavorus Assets, the Debtors will file a statement with the identity of the Successful Bidder and Backup Bidder for the Flavorus Assets, and the total price received for the Flavorus Assets and serve such statement on the United States Trustee in satisfaction of Federal Rule 6004(f)(1).

20.    Within one (1) day after the conclusion of the Auction for the Flavorus Assets, the Debtors will serve a notice identifying the Successful Bidder and Backup Bidder to the non-Debtor parties to the Assumed Contracts that have been identified in such Successful Bid and Backup Bid.  The non-Debtor parties to such Assumed Contracts will have until the

commencement of the Sale Hearing (the "**Adequate Assurance Objection Deadline**") to object to the assumption and/or assignment of such Assumed Contract solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

21.     Except as otherwise provided in this Bid Procedures Order, the Debtors, either (i) in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, or (ii) subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, each as applicable and as set forth in the Bid Procedures, further reserve the right as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Bid Procedures, to:  (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Written Offers are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders; (f) impose additional terms and conditions with respect to all Qualified Bidders; (g) extend the deadlines set forth herein; (h) adjourn or cancel the Auction and/or Sale Hearing, provided that the Debtors shall use reasonable efforts to provide notice of adjournment or cancellation to all Qualified Bidders 24-hours prior to the commencement of the Auction; and (i) modify the Bid Procedures or withdraw the request to sell the Flavorus Assets to the Successful Bidder or Backup Bidder, as applicable, at any time with or without prejudice.

22.     Except as otherwise provided in the applicable Final Purchase Agreement(s) or the Sale Order, all of the Debtors' rights, title and interest in and to the Flavorus Assets subject

thereto shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Flavorus Assets.

23.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately upon its entry.

24.     All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Bid Procedures Order.

Dated: _____, 2016

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

11

## Exhibit 1

**Bid Procedures**

## BID PROCEDURES FOR FLAVORUS, INC. SALE

These bid procedures (the "**Bid Procedures**") set forth the process by which Flavorus, Inc. ("**Flavorus**" and collectively, with its affiliated debtors and debtors-in-possession, the "**Debtors**"), debtor and debtor-in-possession in the jointly administered chapter 11 bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), Case No. 16-10238 (MFW), shall market to interested parties and conduct a sale (the "**Sale**") by auction (the "**Auction**") of all or substantially all of its assets (the "**Flavorus Assets**"). The Sale will be subject to bidding as set forth herein and subject to the approval of the Bankruptcy Court, pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**").

On March 17, 2016, the Debtors filed the *Motion of the Debtors for Entry of an Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of Flavorus, Inc., (B) Approving Notice Procedures, and (C) Granting Related Relief* (the "**Motion**") [Docket No. ____], to be heard by the Bankruptcy Court (i) on April 5, 2016 with respect to the Bid Procedures, and (ii) on May 5, 2016 (or at such other time as the Bankruptcy Court may determine) with regard to all other matters related to the Motion (the "**Sale Hearing**").

On _____, 2016, the Bankruptcy Court entered an *Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of Flavorus, Inc., (B) Approving Notice Procedures, and (C) Granting Related Relief* [Docket No. ____] (the "**Bid Procedures Order**"), thereby approving these Bid Procedures. The Debtors, in consultation with the DIP Lenders,[1] the Consenting Noteholders,[2] and the official committee of unsecured creditors formed on February 12, 2016 (the "**Committee**"), reserve the right to modify the Bid Procedures provided that any such modification shall not be inconsistent with the Bid Procedures Order.

The form of asset purchase agreement (the "**Purchase Agreement**") will serve as the basis for bids in connection with this process. Capitalized terms used in these Bid Procedures and not otherwise defined shall have the meanings ascribed to such terms in the Purchase Agreement.

---

[1] "**DIP Lenders**" shall have the meaning provided for such term in that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, dated as of February 10, 2016, by and among SFX Entertainment, Inc., the guarantors named therein, the Lenders party thereto, and Wilmington Savings Fund Society, FSB (as may be amended, restated, amended and restated, extended, supplemented or otherwise modified in writing from time to time in accordance with its terms) (the "**DIP Loan Agreement**").

[2] "**Consenting Noteholders**" shall have the meaning provided for such term in that certain Restructuring Support Agreement, dated as of January 31, 2016, by and among the Debtors, the beneficial owners (or investment managers or advisors for the beneficial owners) of the Second Lien Notes identified on Schedule 1 thereto, the other beneficial owners (or investment managers or advisors for the beneficial owners) of the Second Lien Notes identified on the signature pages thereto or that become a party thereafter, and Robert F.X. Sillerman (as may be amended, restated, amended and restated, extended, supplemented or otherwise modified in writing from time to time in accordance with its terms) (the "**Restructuring Support Agreement**").

Any party desiring to obtain a copy of the Purchase Agreement, a form of Non-Disclosure Agreement (as defined below) or other information regarding the sale process may do so by contacting the Debtors' investment banker, Moelis & Company LLC ("**Moelis**") at:

> Moelis & Company LLC
> 399 Park Avenue, 5th Floor
> New York, NY 10020
> Attn:    Adam Keil/Ryan Kitchen
> Fax:     (212) 880-4260
> E-mail:  adam.keil@moelis.com/ryan.kitchen@moelis.com

The Debtors provide these Bid Procedures for use by Potential Bidders (defined below) and Qualified Bidders (defined below) in submitting bids proposing a transaction to purchase or otherwise acquire the Flavorus Assets, and, as necessary, qualifying for and participating in the Auction.

1.    <u>Important Dates</u>

- Bid Deadline:  12:00 p.m. (Eastern Time) on April 27, 2016 (the "**Bid Deadline**");

- Selection of Qualified Bidder(s):  no later than 12:00 p.m. (Eastern Time) two (2) days preceding the Auction;

- Auction:  11:00 a.m. (Eastern Time) on May 2, 2016 at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, or such other place as determined by the Debtors;

- Selection of Successful Bidder(s) and Backup Bidder(s) (each as defined below) at the conclusion of the Auction;

- Sale Hearing to seek authorization to sell the Flavorus Assets to such Successful Bidder(s):  May 5, 2016 at 10:30 a.m. (Eastern Time); and

- Closing Date:  no later than 15 days after the entry of the Sale Order (as defined below).

2.    <u>Assets to be Sold</u>

The Debtors seek to sell the Flavorus Assets.

3.    <u>Qualified Bidders, Non-Disclosure Agreements and Access to Data Room</u>

Any person or entity wishing to bid on the Flavorus Assets (each a "**Potential Bidder**") must execute and deliver (unless previously delivered) to the Debtors a confidentiality and non-disclosure agreement (a "**Non-Disclosure Agreement**") in form and substance acceptable to the Debtors.

The Debtors will afford any Potential Bidder who executes and delivers such Non-Disclosure Agreement such due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtors, in their business judgment and in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, determine to be reasonable and appropriate, including, without limitation, access to the Debtors' confidential electronic data room concerning the Flavorous Assets, reasonable access, during normal business hours, to the Debtors' management, and access to all relevant information regarding the Flavorous Assets reasonably necessary to enable a Potential Bidder to evaluate the proposed Sale. Moelis will coordinate all due diligence access and requests for additional information from such Potential Bidders. The Debtors shall not be obligated to furnish any due diligence information after the conclusion of the Auction. Neither the Debtors nor their counsel or advisors are responsible for, or will bear liability with respect to, any information obtained by Potential Bidders in connection with due diligence. Notwithstanding anything contained herein to the contrary, to the extent the Debtors believe that providing access to Potential Bidders to certain sensitive commercial information is not advisable, the Debtors, in their business judgment and in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, will decide what, if any, diligence information to make available to a particular Potential Bidder, and neither the Debtors nor their representatives will be obligated to furnish any information of any kind whatsoever to any party.

The Debtors shall provide the Required Lenders, the Requisite Noteholders, and the Committee, in each case, including their professionals, with periodic updates every two (2) business days as to which Potential Bidders have entered into Non-Disclosure Agreements.

A "Qualified Bidder" is a Potential Bidder that (a) delivers to counsel to the Debtors a Non-Disclosure Agreement, (b) demonstrates to the Debtors a reasonable certainty of the ability to complete the Sale in a timely manner (including the financial capability of the Potential Bidder to consummate the Sale for the Flavorous Assets and the ability to receive the necessary governmental, licensing, regulatory, or other approvals necessary for such Sale, if any), and (c) submits a Written Offer (as defined below) that is deemed a Qualified Bid as set forth below, *provided*, *however*, that the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, may waive one or more requirements for a Qualified Bidder.[3] The consultation/consent rights of any party that participates in any bid or credit bid for the Flavorous Assets shall be terminated unless and until such bid or credit bid, as applicable, is rejected; *provided* that any such party will have the same rights as any other Qualified Bidder and will retain any rights it has under existing orders regarding debtor-in-possession financing and/or use of cash collateral (to the extent applicable). As promptly as practicable after a Potential Bidder delivers a Non-Disclosure Agreement and submits a Written Offer, and in all events not later than 12:00 p.m. (Eastern Time) two (2) days preceding the Auction, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, shall

---

[3] Notwithstanding anything to the contrary herein, Wilmington Savings Fund Society, FSB (the "**DIP Agent**"), on behalf of the DIP Lenders, and U.S. Bank National Association (the "**Second Lien Agent**"), on behalf of holders of 9.625% Senior Secured Notes Due 2019 issued by the Debtors (the "**Second Lien Noteholders**"), are hereby determined to be Qualified Bidders for all purposes at the Auction, and shall be permitted, but not obligated, to credit bid to the full extent permitted under section 363(k) of the Bankruptcy Code.

determine, and the Debtors shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtors or their advisors regarding the ability of such Potential Bidder, as applicable, to consummate the proposed Sale.

4.      Requirements for a Qualified Bid

In order to become a Qualified Bidder and participate in the Auction, if any, a Potential Bidder must deliver to the Debtors, with a copy to counsel to the Debtors, Moelis, counsel to the DIP Lenders, counsel to the Consenting Noteholders, and counsel to the Committee, a written offer (each, a "**Written Offer**"), which is deemed to be a "Qualified Bid". To be deemed a "Qualified Bid", a Written Offer must meet each of the requirements listed below:

(i)     Be delivered prior to the Bid Deadline;

(ii)    Be accompanied by a clean and duly executed and binding Purchase Agreement (together with the exhibits and schedules thereto, a "**Modified Purchase Agreement**");

(iii)   Be accompanied by a marked Modified Purchase Agreement reflecting any variations from the Purchase Agreement;

(iv)    Be accompanied by a list of any executory contracts or unexpired leases that are to be assumed and/or assigned under such Written Offer, to the extent such list is not included in the Modified Purchase Agreement. The Written Offer must also include documentation sufficient to provide adequate assurance of future performance for the benefit of the non-Debtor parties to the Assumed Contracts on the list;

(v)     State that the Potential Bidder will comply with SFX Marketing's customer data privacy policy, restricting the transfer of personally identifiable information of its customers, as more fully set forth in the Purchase Agreement;

(vi)    Contain evidence of financing, access to funds or such other financial and other information that will reasonably allow the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, to make a determination as to such Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement, which evidence is satisfactory to the Debtors, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code in a form requested by the Debtors;

(vii)   To the Debtors' satisfaction, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, (i) fully disclose the identity of each entity or person that will be bidding for the Flavorous Assets or otherwise participating in connection with such bid, (ii) the terms of any such participation, and if an entity has been formed for the purpose of acquiring some, or all, of the Flavorous Assets, the parties that will bear liability for any breach by such entity, and (iii) the ability of such parties to obtain government, licensing or regulatory approval in connection with the consummation of any Sale;

(viii)  State that the Written Offer is irrevocable until (i) the closing of the Sale, if such Potential Bidder is deemed a Qualified Bidder, and such Qualified Bidder is designated as a Successful Bidder (as defined below), or (ii) if such Potential Bidder is deemed a Qualified Bidder, and such Qualified Bidder is designated as a Backup Bidder (as defined below), until the earlier of (x) two (2) business days after the closing of the transaction(s) by which all of the Flavorous Assets that were subject to such Backup Bid (as defined below) have been transferred to one or more Qualified Bidders pursuant to these Bid Procedures and (y) thirty (30) days after the date of the Auction (the "**Backup Bid Expiration Date**");

(ix)    Not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

(x)     Not contain any due diligence or financing contingencies;

(xi)    Provide evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body), if any, with respect to the submission, execution, delivery and closing of the Modified Purchase Agreement to the Debtors' satisfaction, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee;

(xii)   Provide that any cash portion of the purchase price shall be payable in U.S. dollars and will be paid in cash, cash equivalents, or such other consideration acceptable to the Debtors, subject to the consent of the Required Lenders[4] and the Requisite Noteholders,[5] and in consultation with the Committee;

(xiii)  Provide a good faith deposit (the "**Good Faith Deposit**") submitted via federal wire transfer in immediately available funds in accordance with the wire instructions annexed hereto as **Exhibit A**, or such other form as is acceptable to the Debtors in an amount equal to 10% of the purchase price set forth in the Written Offer;

---

[4]  "**Required Lenders**" shall have the meaning provided for such term in the DIP Loan Agreement.

[5]  "**Requisite Noteholders**" shall have the meaning set forth in the Restructuring Support Agreement.

(xiv)  Set forth the anticipated timeframe for (i) obtaining any required government, regulatory or other approvals, and (ii) consummating the Sale within the requirements of subparagraph (p) below;

(xv)  Include a written acknowledgement by such Potential Bidder that it agrees to the terms of the Bid Procedures;

(xvi)  Agree to provide such other information as may be reasonably requested in writing by the Debtors, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, prior to the Auction;

(xvii)  Confirm that the Potential Bidder submits to the jurisdiction of the Bankruptcy Court; and

(xviii)  Provide for a closing date (the "**Closing Date**") which shall be no later than 15 days after the entry of an order approving the Sale (the "**Sale Order**") or such other date as is acceptable to the Debtors, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee.

The Debtors will promptly (but, in any case, within one (1) calendar day) deliver, after receipt thereof, copies of all Written Offers to the DIP Lenders, the Consenting Noteholders and the Committee, and, in each case, their professionals.

Between the Bid Deadline and the Auction, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, may (i) negotiate or seek clarification of any Qualified Bid from a Qualified Bidder, (ii) request information from the Qualified Bidder, (iii) engage in discussions with the Qualified Bidder, or (iv) take such other actions contemplated under these Bid Procedures.  Without the consent of the Debtors, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, a Qualified Bidder may not amend, modify or withdraw its Qualified Bid.  All changes to the form of Purchase Agreement reflected in the Modified Purchase Agreement will be evaluated by the Debtors and must be acceptable to the Debtors, in their business judgment and after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee.  Any Good Faith Deposit accompanying a Written Offer that the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, determine not to be a Qualified Bid shall be returned promptly following such determination.  For the avoidance of doubt, the DIP Agent, on behalf of the DIP Lenders, and the Second Lien Agent, on behalf of the Second Lien Noteholders, shall not need to comply with any of the above requirements for becoming a Qualified Bidder and participating in the Auction and are hereby determined to be Qualified Bidders.

5.    Bid Deadline

All Qualified Bids must be received by each of the parties listed below prior to the Bid Deadline.

| | |
|---|---|
| Debtors: | SFX Entertainment, Inc. |
| | 902 Broadway, 15th Floor |
| | New York, NY 10010 |
| | Attn: Mike Katzenstein |
| | E-mail: Mike.Katzenstein@fticonsulting.com |
| | |
| Debtors' Counsel: | Greenberg Traurig, LLP |
| | 200 Park Avenue |
| | New York, NY 10166 |
| | Attn: Maria J. DiConza |
| | Fax: (212) 801-6400 |
| | E-mail: diconzam@gtlaw.com |
| | |
| Debtors' Investment Banker: | Moelis & Company LLC |
| | 399 Park Avenue, 5th Floor |
| | New York, NY 10020 |
| | Attn: Adam Keil/Ryan Kitchen |
| | Fax: (212) 880-4260 |
| | E-mail: adam.keil@moelis.com/ryan.kitchen@moelis.com |
| | |
| Counsel to the DIP Lenders and Consenting Noteholders: | Stroock & Stroock & Lavan LLP |
| | 180 Maiden Lane |
| | New York, NY 10038 |
| | Attn: Jonathan D. Canfield/Joshua M. Siegel |
| | Fax: (212) 806-6006 |
| | E-mail: jcanfield@stroock.com/jsiegel@stroock.com |
| | |
| Committee Counsel: | Pachulski Stang Ziehl & Jones LLP |
| | 919 North Market Street |
| | Wilmington, DE 19801 |
| | Attn: Brad Sandler/Colin Robinson/Debra Grassgreen |
| | Fax: (302) 652-4400 |
| | E-mail: bsandler@pszjlaw.com/crobinson@pszjlaw.com/ dgrassgreen@pszjlaw.com |

6.    <u>Determination of Qualified Bidders</u>

The Debtors shall, by no later than 12:00 p.m. (Eastern Time) two (2) days prior to the Auction, (i) determine, in their business judgment and after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, whether a Potential Bidder is a Qualified Bidder, and (ii) notify each such Potential Bidder that its Written Offer is a Qualified Bid and that such Potential Bidder is a Qualified Bidder.

7.    "As Is, Where Is"

Except as otherwise provided in the Final Purchase Agreement (as defined below), the Sale of the Flavorus Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, their agents or their estates except to the extent set forth in the Final Purchase Agreement as approved by the Bankruptcy Court. Except as otherwise provided in the Final Purchase Agreement, all of the Debtors' right, title and interest in and to the Flavorus Assets subject thereto shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Flavorus Assets.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all desired due diligence regarding the Flavorus Assets prior to making its Qualified Bid, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Flavorus Assets in making its Qualified Bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Flavorus Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bid Procedures or, as to the Successful Bidder(s) and the Backup Bidder(s), the terms of the Sale(s) as set forth in the final form of the applicable Modified Purchase Agreement(s) (the "**Final Purchase Agreement**") which shall be on terms mutually acceptable to the Successful Bidder and Backup Bidder, on the one hand, and the Debtors, on the other hand, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee.

8.    Auction

If the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, have selected two or more Qualified Bidders, the Debtors shall conduct an Auction to determine the highest or otherwise best Qualified Bid.  This determination shall take into account any factors the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, reasonably deem relevant and may include, among other things, the following:  (i) the amount and nature of the consideration; (ii) the number, type and nature of any changes to the Purchase Agreement requested by each Qualified Bidder in its respective Modified Purchase Agreement; (iii) the extent to which such modifications are likely to delay closing of the Sale of the Flavorus Assets and the cost to the Debtors of such modifications or delay; (iv) the total consideration to be received by the Debtors; and (v) the likelihood of the Qualified Bidder's ability to close the Sale and the timing thereof.

The Auction shall commence at 11:00 a.m. (Eastern Time) on May 2, 2016, at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, or such other place as determined by the Debtors, and continue thereafter until completed.  The Debtors, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, reserve the right to cancel or postpone the Auction.  The Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, reserve the right to not proceed with any Sale.

Except as otherwise permitted in the Debtors' discretion, only the Debtors, the DIP Lenders, the Consenting Noteholders, the Committee, Qualified Bidders, any creditor that submits a written request to attend to the Debtors in advance of the Auction, and, in each case, their respective professionals shall be entitled to attend the Auction.  Only a Qualified Bidder is eligible to participate in the Auction.

The Auction shall be governed by the following procedures:

(i)     Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

(ii)    The Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, may waive and/or employ and announce at the Auction additional rules that are reasonable under the circumstances for conducting the Auction provided that such rules are (i) not inconsistent with the Bid Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, or any order of the Bankruptcy Court entered in connection with these Chapter 11 Cases, (ii) disclosed to each Qualified Bidder, and (iii) designed, in the Debtors' business judgment, to result in the highest or otherwise best offer for the Flavorus Assets.

(iii)   The Debtors will arrange for the actual bidding at the Auction to be transcribed.   Each Qualified Bidder shall designate a single individual to be its spokesperson during the Auction.

(iv)    Each Qualified Bidder participating in the Auction must confirm on the record, at the commencement of the Auction and again at the conclusion of the Auction that it has not engaged in any collusion with the Debtors or any other Qualified Bidder regarding these Bid Procedures, the Auction or any proposed transaction relating to the Flavorus Assets.

(v)     Prior to the Auction, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, shall identify the highest and best of the Qualified Bids received (the "**Opening Qualified Bid**"). Subsequent bidding will continue in minimum increments valued at not less than $250,000 in cash and/or noncash consideration, or in such amounts as to be determined by the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, prior to, and announced at, the Auction.  With respect to any subsequent bids, any noncash consideration shall be subject to the consent of the Required Lenders and the Requisite Noteholders.

(vi)    All Qualified Bidders shall have the right to, at any time, request that the Debtors announce, subject to any potential new bids, the then-current highest or best bid and, to the extent requested by any Qualified Bidder,

9

use reasonable efforts to clarify any and all questions such Qualified Bidder may have regarding the Debtors' announcement of the then-current highest or best bid.

(vii)    In the Debtors' discretion, after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, all Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Purchase Agreement or Modified Purchase Agreement, as applicable, at the Auction, *provided*, *however*, that any such modifications to the Purchase Agreement or Modified Purchase Agreement, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors as determined by the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee.

(viii)    Upon conclusion of the bidding, the Auction shall be closed, and the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, shall, as soon as practicable, (i) identify and determine in their business judgment the highest and/or best Qualified Bid for the Flavorus Assets (a "**Successful Bid**" and the entity or entities submitting such Successful Bid, the "**Successful Bidder**"), (ii) advise the Qualified Bidders of such determination, and (iii) require the Successful Bidder to deliver an executed Final Purchase Agreement, which reflects its bid and any other modifications submitted and agreed to during the Auction, prior to commencement of the Sale Hearing.

(ix)    In addition, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, will determine which Qualified Bid, if any, is the next highest and/or best Qualified Bid to the Successful Bid, and will designate such Qualified Bid as a "**Backup Bid**" in the event the Successful Bidder fails to consummate the contemplated Sale. A Qualified Bidder that submitted a Qualified Bid that is designated a Backup Bid is a "**Backup Bidder**". Each Backup Bid shall remain open and binding until the Backup Bid Expiration Date.

(x)    Following the conclusion of the Auction, the Debtors may resume bidding on such procedures determined by the Debtors in their discretion, and in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, for the sale of any Flavorus Assets not sold to the Successful Bidder.

9.    Sole Qualified Bidder

If, by the Bid Deadline, the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, have selected only one Qualified Bidder for the Flavorus Assets, then the Debtors, subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, shall not hold an Auction and instead, shall, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee,

determine whether to request at the Sale Hearing that the Bankruptcy Court approve the Qualified Bid from the sole Qualified Bidder.  Notwithstanding anything herein to the contrary, nothing herein shall obligate the Debtors to consummate or pursue the Sale of the Flavorus Assets.

10.    Sale Hearing

The Sale Hearing will be held before the Honorable Mary F. Walrath on May 5, 2016 at 10:30 a.m. (Eastern Time) at the United States Bankruptcy Court for the District of Delaware, located in Courtroom 4, Fifth Floor, 824 Market Street, Wilmington, DE 19801.  At the Sale Hearing, the Debtors shall present the results of the Auction, if one is held, to the Bankruptcy Court and may seek approval of the Successful Bid and any Backup Bid.  Further, the Debtors will seek to have any executory contract or unexpired lease that is not designated to become an Assumed Contract, by the Debtors and the Successful Bidder or Backup Bidder, as applicable, be rejected at the Sale Hearing.

Following the Sale Hearing and entry of a Sale Order approving the Sale of the Flavorus Assets to a Successful Bidder, if such Successful Bidder fails to consummate the Sale for any reason, the Backup Bidder shall be designated the Successful Bidder and the Debtors shall be authorized to affect such Sale without further order of the Bankruptcy Court.  The Successful Bidder and Backup Bidder (if any) should be represented by counsel at the Sale Hearing.

11.    Consummation of the Purchase

(i)    Closing Date; Good Faith Deposit

The Successful Bidder shall consummate the Sale contemplated by the Successful Bid (the "**Purchase**") on or before the Closing Date.  If the Successful Bidder successfully consummates the Purchase by the Closing Date, such Successful Bidder's Good Faith Deposit shall be applied to the purchase price of the Purchase.

If the Successful Bidder either:  fails to consummate the Purchase on or before the Closing Date, breaches the Final Purchase Agreement, or otherwise fails to perform, the Debtors shall, without further order of the Bankruptcy Court, deem such Successful Bidder to be a "Defaulting Buyer".

The Debtors shall be entitled to (i) retain the Good Faith Deposit as part of their damages resulting from the breach or failure to perform by a Defaulting Buyer, and (ii) seek all available damages from such Defaulting Buyer occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Final Purchase Agreement and the Sale Order.

(b)    Backup Purchase

Upon a determination by the Debtors, in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, that the Successful Bidder is a Defaulting Buyer, the Debtors shall consummate a Sale with the Backup Bidder on the terms and conditions of the Backup Bid (the "**Backup Purchase**") without further order of the Bankruptcy Court.

If the Backup Bidder consummates the Backup Purchase, the Good Faith Deposit of such Backup Bidder will be applied to the purchase price of the Backup Purchase. In the event that the Debtors seek to consummate the Backup Purchase with the Backup Bidder and such Backup Bidder fails to consummate the Backup Purchase, breaches the Final Purchase Agreement or otherwise fails to perform, the Debtors may, in their discretion and after consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, and without further order of the Bankruptcy Court, deem such Backup Bidder to be a "Defaulting Buyer" and shall be entitled to (i) retain the Good Faith Deposit as part of their damages resulting from the breach or failure to perform by the Defaulting Buyer, and (ii) seek all available damages from such Defaulting Buyer occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Purchase Agreement or Modified Purchase Agreement, as applicable, and the Sale Order.

12.     Return of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders shall be held in a non-interest bearing escrow account. Except for those of the Successful Bidder and Backup Bidder(s), the Debtors shall promptly return the Good Faith Deposits of (i) all Qualified Bidders after the Auction; and (ii) the Backup Bidder after the Backup Bid Expiration Date.

13.     Reservation of Rights

The Debtors shall retain all rights to any of their assets that are not subject to the Sale that is approved by the Bankruptcy Court at the Sale Hearing.

## Exhibit A

**Good Faith Deposit Wire Instructions**

## Exhibit 2

**Notice of Bid Procedures, Auction Date and Sale Hearing**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date:  April 5, 2016 at 10:30 a.m. |

### NOTICE OF BID PROCEDURES, AUCTION DATE AND SALE HEARING

**PLEASE TAKE NOTICE THAT:**

1.　　On March 17, 2016, the above-captioned debtors and debtors in possession (the **"Debtors"**) filed the *Motion of the Debtors for Entry of an Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of Flavorus, Inc., (B) Approving Notice Procedures, and (C) Granting Related Relief* [Docket No. ___] (the "**Bid Procedures Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

2.　　By order dated _____, 2016, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion [Docket No. ___] (the "**Bid Procedures Order**").

3.　　The Debtors are seeking bids for all or substantially all of the assets of Debtor Flavorus, Inc.

4.　　All interested parties are invited to submit a Written Offer to purchase the Flavorus Assets in accordance with the terms and conditions of the Bid Procedures attached

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).  The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.

hereto as **Exhibit A** and the Bid Procedures Order.  The deadline to submit a Written Offer (the "**Bid Deadline**") is **April 27, 2016 at 12:00 p.m. (Eastern Time)**.

5.      Prior to the Bid Deadline, a Potential Bidder that desires to purchase the Flavorus Assets shall deliver its Written Offer in accordance with the procedures set forth in the Bid Procedures.

6.      Pursuant to the Bid Procedures Order, in the event that the Debtors receive two or more Qualified Bids by the Bid Deadline, the Debtors shall conduct an Auction to determine the highest or otherwise best bid with respect to the Flavorus Assets.  The Auction shall commence at **11:00 a.m. (Eastern Time) on May 2, 2016** at the offices of Greenberg Traurig, LLP, 200 Park Ave. New York, NY 10166, or at such other place and time as the Debtors shall notify all Qualified Bidders, the DIP Lenders, the Consenting Noteholders, counsel for the Committee and other invitees, if any.

7.      Objections, if any, to the Sale of the Flavorus Assets to any Successful Bidder and/or the relief requested in the Debtors' motion to approve the Sale, other than the relief approved in the Bid Procedures Order, must be in writing and filed with the Court (i) **on or before the date that is seven (7) days before the date of the Sale Hearing** or (ii) **on or before the date that is one (1) day before the Sale Hearing if the Auction is concluded less than seven (7) days prior to the Sale Hearing** and be served such that they are actually received by (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn:  Maria J. DiConza; (ii) counsel to the DIP Lenders and the Consenting Noteholders; (iii) counsel to the Committee; and (iv) the Office of the United States Trustee (Region 3) (the "**Notice Parties**").

8.      The Sale Hearing shall be conducted by the Bankruptcy Court **on May 5, 2016, at 10:30 a.m. (Eastern Time)**, or on such other date as the Bankruptcy Court may direct.  Requests for a copy of the Purchase Agreement or for any other information concerning the Sale of the Flavorus Assets should be directed, by written request, to the Debtors' investment banker listed above.

Dated:  March 17, 2016                    Respectfully Submitted,

                                                                GREENBERG TRAURIG, LLP

                                                                _/s/ DRAFT_____
                                                                Dennis A. Meloro (DE Bar. No. 4435)
                                                                1007 North Orange Street, Suite 1200
                                                                Wilmington, Delaware 19801
                                                                Telephone: (302) 661-7000
                                                                Facsimile:  (302) 661-7360
                                                                Email: melorod@gtlaw.com

                                                                -and-

Nancy A. Mitchell (admitted *pro hac vice*)
Maria J. Diconza (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile:  (212) 801-6400
Email:  mitchelln@gtlaw.com
            diconzam@gtlaw.com
            haynesn@gtlaw.com

*Counsel for the Debtors
and Debtors-in-Possession*

**<u>Exhibit 3</u>**

**Notice of Assumption and Assignment**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.* [1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF (I) POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) FIXING OF CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO

     **PLEASE TAKE NOTICE** that on _____, 2016, the United States Bankruptcy Court for the District of Delaware entered an order [Docket No. _____] (the "**Bid Procedures Order**") on the motion (the "**Motion**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**") (i) approving the bid procedures (as modified or amended, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of all or substantially all of the assets of Debtor, Flavorus, Inc. (the "**Flavorus Assets**"), (ii) establishing procedures in connection with the Debtors' potential assumption and/or assignment to the Successful Bidder or Backup Bidder (each as defined in the Bid Procedures Order) of certain executory contracts and unexpired leases (each a "**Contract**" and, collectively, the "**Contracts**" and once assumed and assigned, an "**Assumed Contract**") and the corresponding cure amounts (the "**Cure Amounts**") required to be paid in connection with the assumption and/or assignment, (iii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders (as defined in the Bid Procedures) of the Bid Procedures, the auction of the Flavorus Assets (the "**Auction**"), the sale hearing for the Flavorus Assets (the "**Sale Hearing**"), and the Debtors' intent to assume and/or assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (iii) granting related relief.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bid Procedures Order, the Debtors have indicated each Contract on **Exhibit A** annexed hereto which may become an Assumed Contract.  In addition, for each Contract, the Debtors have estimated the Cure Amounts owed under such Contract including the actual pecuniary loss to the non-Debtor party resulting from any defaults under such Contract including, but not limited to, all claims, demands, rights to refunds due to overpayments that the non-Debtor parties can assert under the Contracts whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in connection with, or in any way relating to the Assumed Contracts calculated as of April 5, 2016.  The Cure Amount for an Assumed Contract represents the amount the Debtors believe must be paid, pursuant to section 365 of the Bankruptcy Code, to compensate the respective non-Debtor party in connection with the potential assumption and/or assignment of such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that objections to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable Contract, and/or objections to the potential assumption of such Contract, must be filed with the Bankruptcy Court by and served, together with all documentation supporting such cure claim or objection, so as to be received by **April 28, 2016 at 4:00 p.m. (prevailing Eastern Time)** on (i) the Debtors' counsel, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn:  Maria J. DiConza, fax:  (212) 801-6400, e-mail:  diconzam@gtlaw.com, (ii) counsel to the DIP Lenders and Ad Hoc Group:  Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn:  Jonathan D. Canfield/Joshua M. Siegel, Fax:  (212) 806-6006, e-mail:  jcanfield@stroock.com/jsiegel@stroock.com, and (iii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801, Attn:    Brad Sandler/Colin Robinson/Debra Grassgreen, Fax:    (302) 652-4400, e-mail: bsandler@pszjlaw.com/crobinson@pszjlaw.com/dgrassgreen@pszjlaw.com.    In the event no objection is timely filed with respect to a Contract, the non-Debtor counterparty to such Contract shall be deemed to have consented to the Cure Amount proposed by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Successful Bidder or Backup Bidder, as applicable, reserve the right to designate which, if any, executory contracts or unexpired leases will be assumed and assigned. Inclusion of a contract or lease on **Exhibit A** hereto does not indicate that the Successful Bidder or Backup Bidder, as applicable, will determine to have the Debtors assume and seek assignment of such contract or lease.  The Debtors will seek to have any Contract that is not designated to become an Assumed Contract, by the Debtors and the Successful Bidder or Backup Bidder, as applicable, be rejected at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a contract or lease on **Exhibit A** hereto shall not constitute or be deemed a determination or an admission by the Debtors that such document is in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Sale and to determine the Cure Amounts and assumption or assignment issues for any non-Debtor parties to Assumed Contracts that filed objections and that have been designated to be assumed and assigned will be held on **May 5, 2016 at 10:30 a.m. (prevailing Eastern Time)** before the Honorable Mary F. Walrath at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom #4, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Motion, the Debtors are requesting an order from the Court (the "**Sale Order**") which will provide, among other things, that the Debtors' assignment of the Assumed Contracts to the Successful Bidder or Backup Bidder, as applicable, under the provisions of the Sale Order and any additional orders of this Court, and payment of any Cure Amount is authorized, so that no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted (a) to declare a default by the Successful Bidder or Backup Bidder, as applicable, under such Assumed Contract or (b) otherwise take action against the Successful Bidder or Backup Bidder, as applicable, as a result of Debtors' financial condition, bankruptcy or failure to perform any of its obligations under the relevant Assumed Contract. If the Court enters the Sale Order, each non-Debtor party to an Assumed Contract hereby will be forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or the Successful Bidder or Backup Bidder, as applicable, or the property of any of them, any default or claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, including those constituting Excluded Liabilities or, against the Successful Bidder or Backup Bidder, as applicable, any counterclaim, defense, setoff, recoupment, claim of refund or any other Claim asserted or assertable against the Debtors; (ii) imposing or charging against the Successful Bidder or Backup Bidder, as applicable, any rent accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignment to the Successful Bidder or Backup Bidder, as applicable, of any Assumed Contract in accordance with the Final Purchase Agreement; or (iii) contesting the Cure Amount.

Dated: _____, 2016    Respectfully Submitted,

                GREENBERG TRAURIG, LLP

                _____
                Dennis A. Meloro (DE Bar. No. 4435)
                1007 North Orange Street, Suite 1200
                Wilmington, Delaware 19801
                Telephone: 302-661-7000
                Facsimile: 302-661-7360
                Email: melorod@gtlaw.com

                -and-
                Nancy A. Mitchell (admitted *pro hac vice*)
                Maria J. DiConza (admitted *pro hac vice*)
                Nathan A. Haynes (admitted *pro hac vice*)
                200 Park Avenue

New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
    diconzam@gtlaw.com
    haynesn@gtlaw.com

*Counsel for the Debtors
and Debtors-in-Possession*