# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC. *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 136 |

## ORDER (A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS OF THE FAME HOUSE BUSINESS, (B) APPROVING NOTICE PROCEDURES, AND (C) GRANTING RELATED RELIEF

Upon the motion, dated February 29, 2016 (the "**Motion**")[2] of SFX Entertainment, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 2002-1 and 6004-1, for entry of an order (this "**Bid Procedures Order**"): (i) approving the bid procedures in the form annexed hereto as **Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be implemented in connection

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion, the Purchase Agreement, or the Bid Procedures, as applicable. In the event of a discrepancy between the definitions contained in the Motion, the Purchase Agreement and the Bid Procedures, those contained in the Purchase Agreement shall control.

with a sale (the "**Sale**") of all or substantially all of the assets of the Fame House business (the "**Fame House Assets**"); (ii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders (as defined below) of the Bid Procedures, the auction of the Fame House Assets (the "**Auction**") and the sale hearing for the Fame House Assets (the "**Sale Hearing**"); and (iii) granting related relief; the Court, having determined that the relief provided herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and calculated to result in the highest and best offer for the assets at issue, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections and responses to the Motion having been resolved and otherwise withdrawn or overruled; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Motion and this Bid Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C. The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D. A reasonable opportunity to object or be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

E. The proposed Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith and the Sale Hearing.

F. The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, (ii) the scheduling of the Auction and the Sale Hearing, and (iii) related deadlines in connection with each of the foregoing.

G. The Bid Procedures are reasonably designed to enable the Debtors to receive bids for the Fame House Assets and represent the best method for maximizing the realizable value of the Fame House Assets and serve to maximize estate value for the benefit of all of the Debtors' stakeholders and parties in interest.

H. Entry of this Bid Procedures Order and the granting of the relief set forth herein are in the best interests of the Debtors, their estates, creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion as it relates to the Bid Procedures and the scheduling of and notice to be approved with respect to the Auction and the Sale Hearing is granted and approved as set forth in this Bid Procedures Order.

2. All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bid Procedures, attached hereto as **Exhibit 1**, are incorporated herein and approved in their entirety, and shall apply with respect to the sale of the Fame House Assets. The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision. The Debtors are authorized to take all actions necessary or appropriate to implement the Bid

3

Procedures. In the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.

4. The Debtors are hereby authorized to pursue a Sale of the Fame House Assets in accordance with the Bid Procedures.

5. All information relating to the Fame House Assets provided to assist a person or entity in evaluating whether to participate in the Auction is confidential. Any person or entity that is provided with such information (i) shall use such information solely for the purpose of evaluating whether to participate in the Auction; (ii) shall not use such information for any other purpose; (iii) shall hold such information in strict confidence; (iv) shall not, directly or indirectly, disclose any of such information, subject to certain limited exceptions; (v) shall undertake reasonable precautions to protect the confidentiality of such information; and (vi) shall be solely responsible for any ramifications resulting from any disclosure of such information.

6. As further described in the Bid Procedures, the deadline for submitting Written Offers for the Fame House Assets (the "**Bid Deadline**") is March 28, 2016 at 12:00 p.m. (Eastern Time).

7. If there are two or more Qualified Bids, received in accordance with the Bid Procedures, the Auction shall take place on March 31, 2016 at 11:00 a.m. (Eastern Time) at the offices of Greenberg Traurig, LLP, 200 Park Ave., New York, NY 10166 or such other place and time as the Debtors shall notify all Qualified Bidders, the DIP Lenders, the Consenting Noteholders, counsel for the Committee and other invitees, if any.

8. Notwithstanding anything to the contrary in the Bid Procedures, the DIP Agent, on behalf of the DIP Lenders, and the Second Lien Agent, on behalf of the Second Lien Noteholders, are deemed to be Qualified Bidders for all purposes at the Auction, and shall be permitted, but not obligated, to credit bid to the full extent permitted under section 363(k) of the

4

Bankruptcy Code. The consultation rights or consent rights of any party that participates in any bid or credit bid for the Fame House Assets shall be terminated unless and until such bid or credit bid, as applicable, is rejected; *provided* that any such party will have the same rights as any other Qualified Bidder and will retain any rights it has under existing orders regarding debtor-in-possession financing and/or use of cash collateral (to the extent applicable). All rights of the secured creditors to object to any proposed treatment of their respective liens and claims are preserved.

9. The Auction shall be conducted in accordance with the Bid Procedures.

10. The Auction will be conducted openly.

11. Bidding at the Auction will be transcribed.

12. The Sale Hearing shall be held before this Court on April 5, 2016 at 10:30 a.m. (Eastern Time) or as soon thereafter as counsel and interested parties may be heard.

13. Objections, if any, to the Sale of the Fame House Assets to any Successful Bidder and/or the relief requested in the Debtors' motion to approve the Sale, other than the relief approved in this Order, must be in writing and filed with the Court (i) **on or before the date that is seven (7) days before the date of the Sale Hearing** or (ii) **on or before the date that is one (1) day before the Sale Hearing if the Auction is concluded less than seven (7) days prior to the Sale Hearing** and be served such that they are actually received by (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Maria J. DiConza; (ii) counsel to the DIP Lenders and the Consenting Noteholders, (iii) counsel to the Committee; and (iv) the Office of the United States Trustee (Region 3).

14. The notices described in subparagraphs (a) – (d) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

    a. On or before three (3) business days after entry of this Bid Procedures Order, or as soon thereafter as such parties can be identified, the

Debtors will cause (a) a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Bid Procedures, Auction Date and Sale Hearing**"); and (b) a copy of the Bid Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the Office of the United States Trustee; (ii) counsel to the DIP Lenders and Consenting Noteholders; (iii) counsel to the Committee; (iv) all taxing authorities in the states where the Debtors are located, including the Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities known to the Debtors to assert jurisdiction over the Debtors or which are reasonably expected by the Debtors to have claims, contingent or otherwise, in connection with the ownership of the Fame House Assets, or to have any known interest in the relief requested by the Motion; (v) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vi) all persons known or reasonably believed by the Debtors to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Fame House Assets; (vii) all persons known or reasonably believed to have expressed an interest in acquiring the Fame House Assets within the last four (4) months; (viii) the United States Attorney's office; (ix) Attorneys General in the states where the Debtors are located; (x) any applicable state and local environmental agencies; and (xi) all parties to any litigation involving the Debtors.

    b. On or before three (3) business days after entry of this Bid Procedures Order, the Debtors will serve the Notice of Bid Procedures, Auction Date and Sale Hearing on all known creditors of the Debtors.

    c. On or before seven (7) days after entry of this Bid Procedures Order, subject to applicable submission deadlines, the Debtors will publish an abbreviated version of the Notice of Bid Procedures, Auction Date and Sale Hearing once in one or more regional and/or national publications that the Debtors, in consultation with the DIP Lenders and Committee, deem appropriate.

    d. In addition to the foregoing, electronic notification of the Motion, the Bid Procedures Order and the Notice of Bid Procedures, Auction Date and Sale Hearing, will be posted on: (i) the main case docket on the Bankruptcy Court's electronic case filing (ECF) website; and (ii) the case management website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, at www.kccllc.net/sfx.

15. The Notice of Bid Procedures, Auction Date and Sale Hearing to be issued in connection with the proposed Sale of the Fame House Assets, substantially in the form annexed hereto as **Exhibit 2**, is approved.

16. Except as otherwise provided in this Bid Procedures Order, the Debtors, either (i) in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, or

(ii) subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, each as applicable and as set forth in the Bid Procedures, further reserve the right as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Bid Procedures, to: (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Written Offers are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders; (f) impose additional terms and conditions with respect to all Qualified Bidders; (g) extend the deadlines set forth herein; (h) adjourn or cancel the Auction and/or Sale Hearing, provided that the Debtors shall use reasonable efforts to provide notice of adjournment or cancellation to all Qualified Bidders 24-hours prior to the commencement of the Auction; and (i) modify the Bid Procedures or withdraw the request to sell the Fame House Assets to the Successful Bidder or Backup Bidder, as applicable, at any time with or without prejudice.

17. Except as otherwise provided in the applicable Final Purchase Agreement(s) or the Sale Order, all of the Debtors' rights, title and interest in and to the Fame House Assets subject thereto shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Fame House Assets.

18. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately upon its entry.

19. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Bid Procedures Order.

Dated: March 18, 2016

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE