# EXHIBIT B

*DEL 408257443v1*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref Docket ~~No~~Nos. ~~___~~ 173, 218, 234, 235, 240, 258 |

**ORDER APPROVING IMPLEMENTATION OF (I) KEY EMPLOYEE INCENTIVE PLAN AND (II) KEY EMPLOYEE RETENTION PLAN EACH IN CONNECTION WITH THE SALE OF CERTAIN OF THE DEBTORS' NON-CORE BUSINESS UNITS AND AUTHORIZING PAYMENTS THEREUNDER**

Upon consideration of the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order (the "**Order**"), pursuant to sections 105(a), 363(b)(1) and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), (a) the Debtors' proposed performance-based key employee incentive plan applicable to non-core business units held for sale (the "**NCU KEIP**") and (b) the Debtors' proposed key employee retention plan applicable to non-core business units held for sale (the "**NCU KERP**" and, together with the NCU KEIP, the "**NCU Key Employee Programs**"), in connection with the sales of the Debtors' NCUs; and (c)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Motion.

granting administrative expense status to the bonuses paid thereunder; **and upon the United States Trustee's Objection to the Motion [D.I. 218] (the "Objection"); and upon the Statement of the Official Committee of Unsecured Creditors (the "Committee") Regarding the Motion [D.I. 240] (the "Committee Statement"); and upon the Reply of the Debtors to the Objection [D.I. 235] (the "Reply") indicating a resolution of all issues with the Committee and the majority of the issues in the Objection; and upon the Supplement to the Motion [D.I. 258] (the "Supplement") and the resolutions to the remaining objections of the United States Trustee set forth therein; and based on the representations and supplemental information provided by the Debtors to the Committee regarding the NCU KERPs and NCU KEIPs; and** the Court, having reviewed the Motion**, the Objection, the Committee Statement, the Reply and the Supplement** and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest, and good and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

    1.    For the reasons set forth on the record, the Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a), 363(b) and 503(c)(3) of the Bankruptcy Code, the Debtors are authorized to (a) adopt and implement the NCU Key Employee Programs **(as modified and supplemented as set forth in the Debtors' Reply and Exhibit A thereto)**, (b) make payments consistent with the NCU Key Employee Programs; and (c) take such other actions as may be necessary to implement the NCU Key Employee Programs, including, without limitation, designing and/or altering the NCU Key Employee Programs in any manner necessary to comply with applicable law.

3. Any bonus paid pursuant to the NCU Key Employee Programs shall be allowed as administrative expenses of the Debtors' estates under section 503(b) of the Bankruptcy Code.

4. Neither this Order nor any performance by the Debtors authorized hereunder shall be deemed an assumption of any executory contract or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract.

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

7. Notwithstanding anything to the contrary contained herein, any payment made or to be made, and authorization contained in this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

Dated: _____, 2016

                                        _____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

4