# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFX ENTERTAINMENT, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10238 (MFW)<br><br>Jointly Administered<br><br>**Hearing Date: April 5, 2016 at 10:30 AM**<br>**Objection Date: March 29, 2016**<br>**Related Docket Nos. 136, 245, 250 & 305** |

**TRINET GROUP, INC.'S OBJECTION TO AND RESERVATION OF RIGHTS REGARDING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS OF THE FAME HOUSE BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (II) APPROVING FINAL ASSET PURCHASE AGREEMENT; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF ("OBJECTION AND RIGHTS RESERVATION")**

TriNet Group, Inc. and its subsidiaries, including TriNet HR Corporation ("TriNet"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this Objection and Reservation of Rights regarding the Motion of the Debtors for Entry of an Order: (I) Authorizing the Sale of All or Substantially All of the Assets of the Fame House Business Free and Clear of all Liens, Claims, Encumbrances and Interests; (II) Approving Final Asset Purchase Agreement; (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief ("Sale Motion") filed by SFX Entertainment, Inc., et al. ("Debtors").

**I.  INTRODUCTION**

1. By the Sale Motion, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the Debtors and TriNet. TriNet objects to the proposed assumption and assignment, and reserves all rights related thereto both

because (a) the cure proposed may be inaccurate; and (b) the Sale Motion does not provide TriNet with sufficient information to determine whether the purchaser/assignee is capable of performing under the terms of the contract the Debtors seek to assume and assign, or even to ascertain whether the assignee is a TriNet competitor.

2. Accordingly, TriNet requests that the Court deny the Sale Motion to the extent it seeks authority for the Debtors to assume and assign any TriNet agreement.

## II. FACTUAL BACKGROUND

3. TriNet provides payroll and other services to the Debtors through a co-employment model.

4. Under this co-employment arrangement, the Debtors maintain day-to-day control over and manage the Debtors' employees, while TriNet handles human resources management and benefits administration responsibilities.

5. The above-captioned case was filed on February 1, 2016 and an order directing joint administration was entered on February 2, 2016.

6. On March 17, 2016, the Debtors filed the Sale Motion.

7. Exhibit "D" to the Sale Motion is a proposed Notice of (I) Potential Assumption of Executory Contracts and Unexpired Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto ("Assumption Notice"). Exhibit "C" to the Sale Motion identifies those contracts that may be assumed and assigned to either the successful bidder or the back-up bidder.

8. One agreement between the Debtors and TriNet is identified on Exhibit C, described as a "Payroll and Benefits Services Requisition Form" dated January 1, 2014 ("TriNet Agreement"), with a corresponding $0.00 cure amount.

9. The Sale Motion states that, contemporaneously with the filing of the Sale Motion, the Debtors will provide the Assumption Notice to the non-Debtor parties to the contracts listed on Exhibit C.

10. Although a TriNet Agreement is identified on Exhibit C, as of the date of this Objection and Rights Reservation, TriNet has not received a copy of the anticipated Assumption Notice from the Debtors.

### III. ARGUMENT

#### A. The Debtors Have Not Provided The Correct Cure Amount.

11. Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1).

12. Although the Debtors have provided a general description of the targeted TriNet Agreement, to ensure that TriNet is evaluating the correct agreement, it requests that the Debtors provide a specific contract (a) name; (b) identification number, if any; and (c) include all amendments associated with the TriNet Agreement.

13. TriNet reserves its right to be heard further regarding the cure amount after the contract the Debtors seek to assume and assign is identified with sufficient specificity to allow TriNet to determine the correct cure amount.

14. In addition, the Assumption Notice calculates a proposed cure amount as of March 17, 2016 for the contract to be assumed and assigned.

15. Given the structure of the services provided to the Debtors by TriNet, additional sums may continue to accrue up to the closing date of the sale, which amounts must be paid as part of any cure owed to TriNet.

16. For the reasons set forth herein, TriNet reserves all rights to object to the Sale Motion on the grounds of inadequacy of the Debtors' proposed cure amount.

**B.  The Debtors Have Not Provided Adequate Assurance of Future Performance By the Assignee.**

17. Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

18. Here, the ultimate assignee's identity is uncertain because there is currently no stalking horse bidder and the sale is subject to an auction scheduled to be held on March 31, 2016 – <u>after</u> objections to the Sale Motion are due.

19. As a result, TriNet now cannot evaluate either the eventual purchaser's acceptability as an assignee, or whether the prerequisites of 11 U.S.C. § 365(b) will be met.

20. To satisfy 11 U.S.C. § 365(b), TriNet requests that the Debtors provide the following information about any potential purchaser to whom the Debtors propose to assign the TriNet Agreement: (a) financial bona fides; and (b) confirmation that the assignee is not a TriNet competitor.

21. Absent these assurances, TriNet cannot determine the assignee's creditworthiness, its suitability as a TriNet customer, or its ability to adequately perform under the terms of the TriNet Agreement.

22. Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C) and the Sale Motion must be denied to the extent it seeks to assume and assign the TriNet Agreement.

### III. CONCLUSION

23. For the reasons set forth above, TriNet respectfully requests that the Court deny the Sale Motion to the extent it seeks to assume and assign the TriNet Agreement, and TriNet reserves its right to be heard on all issues set forth herein.

| | |
|---|---|
| Dated: March 29, 2016<br>Wilmington, Delaware | Respectfully submitted,<br>**MARGOLIS EDELSTEIN**<br><br>/s/ James E. Huggett<br>James E. Huggett, Esq. (#3956)<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-1112<br>E-mail: jhuggett@margolisedelstein.com<br><br>Amish R. Doshi, Esq.<br>**MAGNOZZI & KYE, LLP**<br>23 Green Street, Suite 302<br>Huntington, New York 11743<br>Telephone: (631) 923-2858<br>E-Mail: adoshi@magnozzikye.com<br><br>Shawn M. Christianson, Esq.<br>Valerie BantnerPeo, Esq.<br>**BUCHALTER NEMER P.C.**<br>55 Second Street, Suite 1700<br>San Francisco, California 94105<br>Telephone: (415) 227-0900<br><br>Doug Riegelhuth, Esq.<br>VP and Associate General Counsel<br>**TRINET GROUP, INC.**<br>100 San Leandro Blvd., Suite 400<br>San Leandro California 94577<br><br>*Attorneys for TriNet Group, Inc.* |