# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 244** |

## ORDER (A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS OF FLAVORUS, INC., (B) ESTABLISHING PROCEDURES IN CONNECTION WITH THE ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING NOTICE PROCEDURES, AND (D) GRANTING RELATED RELIEF

Upon the motion, dated March 17, 2016 (the "**Motion**")[2] of SFX Entertainment, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 2002-1 and 6004-1, for entry of an order (this "**Bid Procedures Order**"): (i) approving the bid procedures in the form annexed hereto as

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion, the Asset Purchase Agreement, or the Bid Procedures, as applicable. In the event of a discrepancy between the definitions contained in the Motion, the Asset Purchase Agreement and the Bid Procedures, those contained in the Asset Purchase Agreement shall control.

**Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of all or substantially all of the assets of Flavorus, Inc. (the "**Flavorus Assets**"); (ii) establishing procedures in connection with the Debtors' assumption and/or assignment to the Successful Bidder or Backup Bidder of certain executory contracts and unexpired leases (each an "**Assumed Contract**" and, collectively, the "**Assumed Contracts**") and the corresponding cure amounts (the "**Cure Amounts**") required to be paid in connection with the assumption and/or assignment, (iii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders of the Bid Procedures, the auction of the Flavorus Assets (the "**Auction**"), the sale hearing for the Flavorus Assets (the "**Sale Hearing**"), and the Debtors' intent to assume and/or assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (iv) granting related relief; the Court, having determined that the relief provided herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and calculated to result in the highest and best offer for the assets at issue, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections and responses to the Motion having been resolved and otherwise withdrawn or overruled; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Motion and this Bid Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C. The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D. A reasonable opportunity to object or be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

E. The proposed Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith and the Sale Hearing.

F. The Notice of Assumption and Assignment is reasonably calculated to provide all counterparties to Assumed Contracts with proper notice of the potential assumption and/or assignment of their respective Assumed Contract(s) and any Cure Amount(s) relating thereto, *provided, however,* that the mere listing of any Assumed Contract on the Notice of Assumption and Assignment does not require or guarantee that such Assumed Contract will be assumed and/or assigned, and all rights of the Debtors with respect to such Assumed Contracts are reserved.

G. The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, (ii) the scheduling of the Auction and the Sale Hearing, (iii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption and/or assignment of the Assumed Contracts, and (iv) related deadlines in connection with each of the foregoing.

H. The Bid Procedures are reasonably designed to enable the Debtors to receive bids for the Flavorus Assets and represent the best method for maximizing the realizable value of the Flavorus Assets and serve to maximize estate value for the benefit of all of the Debtors' stakeholders and parties in interest.

I. Entry of this Bid Procedures Order and the granting of the relief set forth herein are in the best interests of the Debtors, their estates, creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion as it relates to the Bid Procedures and the scheduling of and notice to be approved with respect to the Auction and the Sale Hearing is granted and approved as set forth in this Bid Procedures Order.

2. All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bid Procedures, attached hereto as **Exhibit 1**, are incorporated herein and approved in their entirety, and shall apply with respect to the sale of the Flavorus Assets. The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision. The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures. In the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.

4. The Debtors are hereby authorized to pursue a Sale of the Flavorus Assets in accordance with the Bid Procedures.

5. All information relating to the Flavorus Assets provided to assist a person or entity in evaluating whether to participate in the Auction is confidential. Any person or entity

that is provided with such information (i) shall use such information solely for the purpose of evaluating whether to participate in the Auction; (ii) shall not use such information for any other purpose; (iii) shall hold such information in strict confidence; (iv) shall not, directly or indirectly, disclose any of such information, subject to certain limited exceptions; (v) shall undertake reasonable precautions to protect the confidentiality of such information; and (vi) shall be solely responsible for any ramifications resulting from any disclosure of such information.

6. As further described in the Bid Procedures, the deadline for submitting Written Offers for the Flavorus Assets (the "**Bid Deadline**") is **[May 19], 2016 at 12:00 p.m. (Eastern Time)**.

7. If there are two or more Qualified Bids, received in accordance with the Bid Procedures, the Auction shall take place on **[May 23], 2016 at 11:00 a.m. (Eastern Time)** at the offices of Greenberg Traurig, LLP, 200 Park Ave., New York, NY 10166 or such other place and time as the Debtors shall notify all Qualified Bidders, the DIP Lenders, the Consenting Noteholders, counsel for the Committee and other invitees, if any.

8. Notwithstanding anything to the contrary in the Bid Procedures, the DIP Agent, on behalf of the DIP Lenders, and the Second Lien Agent, on behalf of the Second Lien Noteholders, are deemed to be Qualified Bidders for all purposes at the Auction, and shall be permitted, but not obligated, to credit bid to the full extent permitted under section 363(k) of the Bankruptcy Code. The consultation rights or consent rights of any party that participates in any bid or credit bid for the Flavorus Assets shall be terminated unless and until such bid or credit bid, as applicable, is rejected; *provided* that any such party will have the same rights as any other Qualified Bidder and will retain any rights it has under existing orders regarding debtor-in-possession financing and/or use of cash collateral (to the extent applicable). All rights of the

secured creditors to object to any proposed treatment of their respective liens and claims are preserved.

9. The Auction shall be conducted in accordance with the Bid Procedures.

10. The Auction will be conducted openly.

11. Bidding at the Auction will be transcribed.

12. The Sale Hearing shall be held before this Court on **[May 26], 2016 at [10:30 a].m. (Eastern Time)** or as soon thereafter as counsel and interested parties may be heard.

13. Objections, if any, to the Sale of the Flavorus Assets to any Successful Bidder and/or the relief requested in the Debtors' motion to approve the Sale, other than the relief approved in this Order, must be in writing and filed with the Court (i) **on or before the date that is seven (7) days before the date of the Sale Hearing** or (ii) **on or before the date that is one (1) day before the Sale Hearing if the Auction is concluded less than seven (7) days prior to the Sale Hearing** and be served such that they are actually received by (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Maria J. DiConza; (ii) counsel to the DIP Lenders and the Consenting Noteholders, (iii) counsel to the Committee; and (iv) the Office of the United States Trustee (Region 3).

14. The notices described in subparagraphs (a) – (e) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

    a. On or before three (3) business days after entry of this Bid Procedures Order, or as soon thereafter as such parties can be identified, the Debtors will cause (a) a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Bid Procedures, Auction Date and Sale Hearing**"); and (b) a copy of the Bid Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the Office of the United States Trustee; (ii) counsel to the DIP Lenders and Consenting Noteholders; (iii) counsel to the Committee; (iv) all taxing authorities in the state(s) where Flavorus, Inc. is located, including the Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities known to the Debtors to assert jurisdiction over Flavorus, Inc. or which are reasonably expected by the Debtors to have claims, contingent or otherwise, in connection with the ownership of the Flavorus Assets, or to have

any known interest in the relief requested by the Motion; (v) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vi) all persons known or reasonably believed by the Debtors to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Flavorus Assets; (vii) the non-Debtor parties to the Assumed Contracts; (viii) all persons known or reasonably believed to have expressed an interest in acquiring the Flavorus Assets within the last four (4) months; (ix) the United States Attorney's office; (x) Attorneys General in the state(s) where Flavorus, Inc. is located; (xi) any applicable state and local environmental agencies; and (xii) all parties to any litigation involving Flavorus, Inc.

    b.    On or before three (3) business days after entry of this Bid Procedures Order, the Debtors will serve the Notice of Bid Procedures, Auction Date and Sale Hearing on all known creditors of Flavorus, Inc.

    c.    On or before seven (7) days after entry of this Bid Procedures Order, subject to applicable submission deadlines, the Debtors will publish an abbreviated version of the Notice of Bid Procedures, Auction Date and Sale Hearing once in one or more regional and/or national publications that the Debtors, in consultation with the DIP Lenders and Committee, deem appropriate.

    d.    No later than 21 days prior to the Sale Hearing, the Debtors shall serve by first class mail or hand delivery, a notice, substantially in the form attached hereto as **Exhibit 3**, of the potential assumption and/or assignment of the Assumed Contracts (the "**Notice of Assumption and Assignment**") on all non-Debtor parties to the Assumed Contracts. The Notice of Assumption and Assignment (or a Supplemental Notice of Assumption and Assignment (defined below)) shall (i) identify the calculation of the Cure Amounts that the Debtors believe must be paid to cure all prepetition defaults under the Assumed Contracts, and (ii) provide instructions for the timing and procedure governing the filing of any objections to (a) the proposed Cure Amounts and (b) the proposed assumption and assignment of any Assumed Contract in connection with the Sale, as approved by the Bankruptcy Court in the Bid Procedures Order. In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder or Backup Bidder, as applicable, that are not included in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "**Supplemental Notice of Assumption and Assignment**") to the applicable counterparties to such additional Assumed Contracts.

    e.    In addition to the foregoing, electronic notification of the Motion, the Bid Procedures Order, the Notice of Bid Procedures, Auction Date and Sale Hearing, and the Notice of Assumption and Assignment, will be posted on: (i) the main case docket on the Bankruptcy Court's electronic case filing (ECF) website; and (ii) the case management website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, at www.kccllc.net/sfx.

15. The Notice of Bid Procedures, Auction Date and Sale Hearing and the Notice of Assumption and Assignment to be issued in connection with the proposed Sale of the Flavorus Assets, substantially in the forms annexed hereto as **Exhibits 2 and 3**, respectively, are approved.

16. Subject to paragraph 18, unless the non-Debtor party to an Assumed Contract files an objection (the "**Contract Objection**") to (a) their scheduled Cure Amount and/or (b) to the proposed assumption and/or assignment of such Assumed Contract, as applicable, by **4:00 p.m. (prevailing Eastern Time) on [May 19], 2016** (the "**Contract Objection Deadline**") and serves a copy of the Contract Objection so as to be received no later than the Contract Objection Deadline on the Notice Parties, then such non-Debtor party (i) will be forever barred and estopped from objecting to the Cure Amount and the Debtors and the Successful Bidder or Backup Bidder, as applicable, shall be entitled to rely solely upon the Cure Amount, and (ii) if the Assumed Contract is identified as an Asset to be acquired by the Successful Bidder or Backup Bidder, as applicable, will be deemed to have consented to the assumption and/or assignment of such Assumed Contract and will be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or the Backup Bidder, as applicable, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and/or assignment must be satisfied, under such Assumed Contract. Notwithstanding the foregoing, as provided below, each non-Debtor party to such Assumed Contract shall retain the right to object, at the Sale Hearing, to the assumption and/or assignment of its Assumed Contract based solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

17. If a Contract Objection challenges a Cure Amount (or asserts any other objection to assumption and/or assignment of an Assumed Contract), the Contract Objection must set forth the Cure Amount being claimed by the objecting party with appropriate documentation in support thereof, and specify (with appropriate supporting documentation) the factual and legal basis for any other objection. Upon receipt of a timely filed Contract Objection, the Debtors, with the consent of the Successful Bidder or Backup Bidder, as applicable, are authorized, but not directed, to resolve any Contract Objection by mutual agreement with the objecting counterparty to any Assumed Contract without further order of the Court. In the event that the Debtors and any objecting party are unable to resolve consensually any timely filed Contract Objection, the Court will resolve any such Contract Objection at the Sale Hearing.

18. Notwithstanding anything to the contrary contained in this Bid Procedures Order, the Debtors, and the Successful Bidder or Backup Bidder, as applicable, may determine to add or exclude any Assumed Contract from the list of Assets to be acquired no later than two (2) days prior to the Sale Hearing. The non-Debtor party to any contract that is removed from the list of Assumed Contracts will be immediately notified of such exclusion by electronic notice or by first class mail if electronic notice information is not available for such party. The Debtors will seek to have any executory contract or unexpired lease that is not designated to become an Assumed Contract, by the Debtors and the Successful Bidder or Backup Bidder, as applicable, be rejected at the Sale Hearing. A non-Debtor party to an Assumed Contract added after the Contract Objection Deadline shall have until the Sale Hearing to file a Contract Objection.

19. Within one (1) day after the conclusion of the Auction for the Flavorus Assets, the Debtors will file a statement with the identity of the Successful Bidder and Backup Bidder for the Flavorus Assets, and the total price received for the Flavorus Assets and serve such statement on the United States Trustee in satisfaction of Bankruptcy Rule 6004(f)(1).

20. Within one (1) day after the conclusion of the Auction for the Flavorus Assets, the Debtors will serve, by overnight courier, hand delivery, electronic mail or facsimile, a notice identifying the Successful Bidder and Backup Bidder to the non-Debtor parties to the Assumed Contracts that have been identified in such Successful Bid and Backup Bid. The non-Debtor parties to such Assumed Contracts may object at or prior to the Sale Hearing (the "**Adequate Assurance Objection Deadline**") to the assumption and/or assignment of such Assumed Contract solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

21. Except as otherwise provided in this Bid Procedures Order, the Debtors, either (i) in consultation with the DIP Lenders, the Consenting Noteholders, and the Committee, or (ii) subject to the consent of the Required Lenders and the Requisite Noteholders, and in consultation with the Committee, each as applicable and as set forth in the Bid Procedures, further reserve the right as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Bid Procedures, to: (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Written Offers are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders; (f) impose additional terms and conditions with respect to all Qualified Bidders; (g) extend the deadlines set forth herein; (h) adjourn or cancel the Auction and/or Sale Hearing, provided that the Debtors shall use reasonable efforts to provide notice of adjournment or cancellation to all

Qualified Bidders 48-hours prior to the commencement of the Auction; and (i) modify the Bid Procedures or withdraw the request to sell the Flavorus Assets to the Successful Bidder or Backup Bidder, as applicable, at any time with or without prejudice.

22. Except as otherwise provided in the applicable Final Purchase Agreement(s) or the Sale Order, all of the Debtors' rights, title and interest in and to the Flavorus Assets subject thereto shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Flavorus Assets.

23. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately upon its entry.

24. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Bid Procedures Order.

Dated: April 5, 2016

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE