# Exhibit 3

**Notice of Assumption and Assignment**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.* [1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |

## NOTICE OF (I) POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) FIXING OF CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO

**PLEASE TAKE NOTICE** that on _____, 2016, the United States Bankruptcy Court for the District of Delaware entered an order [Docket No. ____] (the "**Bid Procedures Order**") on the motion (the "**Motion**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**") (i) approving the bid procedures (as modified or amended, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of all or substantially all of the assets of Debtor, Flavorus, Inc. (the "**Flavorus Assets**"), (ii) establishing procedures in connection with the Debtors' potential assumption and/or assignment to the Successful Bidder or Backup Bidder (each as defined in the Bid Procedures Order) of certain executory contracts and unexpired leases (each a "**Contract**" and, collectively, the "**Contracts**" and once assumed and assigned, an "**Assumed Contract**") and the corresponding cure amounts (the "**Cure Amounts**") required to be paid in connection with the assumption and/or assignment, (iii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders (as defined in the Bid Procedures) of the Bid Procedures, the auction of the Flavorus Assets (the "**Auction**"), the sale hearing for the Flavorus Assets (the "**Sale Hearing**"), and the Debtors' intent to assume and/or assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (iii) granting related relief.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bid Procedures Order, the Debtors have indicated each Contract on **Exhibit A** annexed hereto which may become an Assumed Contract. In addition, for each Contract, the Debtors have estimated the Cure Amounts owed under such Contract including the actual pecuniary loss to the non-Debtor party resulting from any defaults under such Contract including, but not limited to, all claims, demands, rights to refunds due to overpayments that the non-Debtor parties can assert under the Contracts whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in connection with, or in any way relating to the Assumed Contracts calculated as of April 5, 2016. The Cure Amount for an Assumed Contract represents the amount the Debtors believe must be paid, pursuant to section 365 of the Bankruptcy Code, to compensate the respective non-Debtor party in connection with the potential assumption and/or assignment of such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that objections to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable Contract, and/or objections to the potential assumption of such Contract, must be filed with the Bankruptcy Court by and served, together with all documentation supporting such cure claim or objection, so as to be received by **[May 19], 2016 at 4:00 p.m. (prevailing Eastern Time)** on (i) the Debtors' counsel, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Maria J. DiConza, fax: (212) 801-6400, e-mail: diconzam@gtlaw.com, (ii) counsel to the DIP Lenders and Ad Hoc Group: Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Jonathan D. Canfield/Joshua M. Siegel, Fax: (212) 806-6006, e-mail: jcanfield@stroock.com/jsiegel@stroock.com, and (iii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801, Attn: Brad Sandler/Colin Robinson/Debra Grassgreen, Fax: (302) 652-4400, e-mail: bsandler@pszjlaw.com/crobinson@pszjlaw.com/dgrassgreen@pszjlaw.com. In the event no objection is timely filed with respect to a Contract, the non-Debtor counterparty to such Contract shall be deemed to have consented to the Cure Amount proposed by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Successful Bidder or Backup Bidder, as applicable, reserve the right to designate which, if any, executory contracts or unexpired leases will be assumed and assigned. Inclusion of a contract or lease on **Exhibit A** hereto does not indicate that the Successful Bidder or Backup Bidder, as applicable, will determine to have the Debtors assume and seek assignment of such contract or lease. The Debtors will seek to have any Contract that is not designated to become an Assumed Contract, by the Debtors and the Successful Bidder or Backup Bidder, as applicable, be rejected at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a contract or lease on **Exhibit A** hereto shall not constitute or be deemed a determination or an admission by the Debtors that such document is in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Sale and to determine the Cure Amounts and assumption or assignment issues for any non-Debtor parties to Assumed Contracts that filed objections and that have been designated to be assumed and assigned will be held on **[May 26], 2016 at [10:30 a].m. (prevailing Eastern Time)** before the Honorable Mary F. Walrath at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom #4, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Motion, the Debtors are requesting an order from the Court (the "**Sale Order**") which will provide, among other things, that the Debtors' assignment of the Assumed Contracts to the Successful Bidder or Backup Bidder, as applicable, under the provisions of the Sale Order and any additional orders of this Court, and payment of any Cure Amount is authorized, so that no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted (a) to declare a default by the Successful Bidder or Backup Bidder, as applicable, under such Assumed Contract or (b) otherwise take action against the Successful Bidder or Backup Bidder, as applicable, as a result of Debtors' financial condition, bankruptcy or failure to perform any of its obligations under the relevant Assumed Contract. If the Court enters the Sale Order, each non-Debtor party to an Assumed Contract hereby will be forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or the Successful Bidder or Backup Bidder, as applicable, or the property of any of them, any default or claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, including those constituting Excluded Liabilities or, against the Successful Bidder or Backup Bidder, as applicable, any counterclaim, defense, setoff, recoupment, claim of refund or any other Claim asserted or assertable against the Debtors; (ii) imposing or charging against the Successful Bidder or Backup Bidder, as applicable, any rent accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignment to the Successful Bidder or Backup Bidder, as applicable, of any Assumed Contract in accordance with the Final Purchase Agreement; or (iii) contesting the Cure Amount.

Dated: _____, 2016

Respectfully Submitted,

GREENBERG TRAURIG, LLP

---

Dennis A. Meloro (DE Bar. No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: 302-661-7000
Facsimile: 302-661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (admitted *pro hac vice*)
Maria J. DiConza (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)

3

200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
      diconzam@gtlaw.com
      haynesn@gtlaw.com

*Counsel for the Debtors
and Debtors-in-Possession*