# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: May 26, 2016 at 10:30 a.m.<br>Objection Deadline: May 19, 2016 at 4:00 p.m. |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT THE INDEMNIFICATION AGREEMENT WITH HOWARD TYTEL *NUNC PRO TUNC* AS OF MARCH 31, 2016

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion**") pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order authorizing the Debtors to reject the Indemnification Agreement between Howard Tytel and SFX Entertainment, Inc. (the "**Company**"), dated April 15, 2013 (the "**Indemnification Agreement**"), *nunc pro tunc* as of March 31, 2016 (the "**Rejection Date**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

## Status of the Case

1. On February 1, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner. On February 12, 2016, an official committee of unsecured creditors was appointed in these Chapter 11 Cases (the "**Committee**").

## Jurisdiction, Venue and Statutory Predicates

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

## Background

6. The Debtors along with their non-Debtor affiliates (collectively, "**SFX**") are a leading producer of live events and digital entertainment content focused exclusively on electronic music culture. The Debtors commenced material operations in 2012 with the intent of acquiring and operating companies within the electronic dance music ("**EDM**") industry, specifically those engaged in the promotion and production of live music events, festivals and digital offerings attractive to EDM fans in the United States and abroad. Over the next three

years, the Debtors acquired a number of leading EDM brands, such as TomorrowWorld, Beatport, Mysteryland, Sensation and Electric Zoo, and expanded operations worldwide.

7. Today, the Debtors are actively engaged in the production and promotion of EDM festivals and events both domestically and abroad. In addition, Debtors manage large, event-driven nightclubs that serve as venues for performances by key electronic music talent. The Debtors also offer an online platform for EDM DJs, artists and fans to purchase, share and stream music components and to connect with each other.

8. The Debtors and their 120 non-Debtor subsidiaries operate a business that spans the globe, with operations in over 34 countries. The Debtors constitute substantially all of the domestic companies comprising SFX's business as well as select foreign subsidiaries. The Debtors have more than 325 employees and, together with the non-Debtor entities, have more than 625 employees.

9. The Debtors' capital structure is highly levered. In 2015, the Debtors began to face significant liquidity issues. While the Debtors attempted to enhance liquidity through a September 2015 financing and potential sales of non-strategic assets, the Debtors concluded that they needed to restructure their liabilities through a bankruptcy process.

10. Prior to the filing of these Chapter 11 Cases, the Debtors entered into a restructuring support agreement with holders of over 70% of their outstanding secured debt. The restructuring support agreement provides for a comprehensive restructuring of the Debtors' balance sheet. As part of that transaction, certain of the holders of the secured debt also agreed to provide the Debtors with debtor-in-possession financing to allow for the Debtors to prosecute these Chapter 11 Cases. The Debtors intend to use these Chapter 11 Cases to effect their balance sheet restructuring and implement operational improvements.

11. On March 31, 2016, Mr. Tytel, the General Counsel of the Company, resigned from all positions with the Company (the "**Resignation**").

12. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of Michael Katzenstein in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**") [Docket No. 13] filed on the Petition Date and incorporated herein by reference.

### The Indemnification Agreement

13. Mr. Tytel and the Company entered into the Indemnification Agreement on April 15, 2013, pursuant to which the Company agreed to provide for the indemnification and advancement of expenses to Mr. Tytel, in connection with his capacity as a director and/or officer of the Company, in accordance with the terms set forth in the Indemnification Agreement.[2] Pursuant to his Resignation, Mr. Tytel resigned from all positions at the Company effective March 31, 2016.

### Relief Requested

14. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the rejection of the Indemnification Agreement *nunc pro tunc* as of March 31, 2016, the date of the Resignation.

**A.  Rejection of the Indemnification Agreement is an Exercise of the Debtors' Sound Business Judgment**

15. Section 365 of the Bankruptcy Code provides in pertinent part:

> (a)  Except as provided in section 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any

---
[2] A true and correct copy of the Indemnification Agreement is attached hereto as **Exhibit B**.

executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

16. Rejection of an executory contract is appropriate where, in the exercise of the debtor's sound business judgment, the debtors determine that rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The decision to assume or reject an executory contract is a matter within the business judgment of the debtor. *See, e.g., Nat'l Labor Relations Bd. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982); *see also Jr. Food Mart of Arkansas, Inc. v. Attebury (In re Jr. Food Mart of Arkansas, Inc.)*, 131 B.R. 116, 120 (Bankr. E.D. Ark. 1991) (approving the debtor's decision in its business judgment to reject an employment contract).

17. Rejection of the Indemnification Agreement is justified under the business judgment standard.[3] Mr. Tytel has resigned from all positions with the Company effective March 31, 2016. Accruing administrative expenses, if any, on account of the Indemnification Agreement will thus not offer any value to their estates and, hence, the rejection of the Indemnification Agreement is appropriate in order to relieve any administrative burden on the Debtors' estates.

18. Accordingly, in the Debtors' sound and reasonable business judgment, the Indemnification Agreement is no longer necessary for the Debtors' business and thus its rejection is in the best interests of the Debtors and their constituents.

**B.**  *Nunc Pro Tunc* **Rejection is Appropriate**

19. The Debtors seek to reject the Indemnification Agreement *nunc pro tunc* effective

---

[3] The Debtors do not concede that the Indemnification Agreement is an executory contract, but seek to reject it in any event out of an abundance of caution.

as of March 31, 2016. Several courts have allowed the retroactive rejection of an executory contract under section 365(a) of the Bankruptcy Code. *See Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.)*, 409 B.R. 720, 734 (Bankr. D. Del. 2009) (holding that a bankruptcy court may enter a lease rejection order with an effective date earlier than the date the order is entered); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (the court used equitable powers to determine whether to allow retroactive rejection of leases and subleases).

20. Retroactive rejection is warranted here under the circumstances because, pursuant to his Resignation, Mr. Tytel has resigned from all positions with the Company as of the date of proposed *nunc pro tunc* relief.

**Notice**

21. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the DIP Lenders; (c) the Committee; (d) Mr. Tytel; (e) those parties requesting notice pursuant to Bankruptcy Rule 2002; (f) the Office of the United States Attorney General for the District of Delaware; (g) the Internal Revenue Service; and (h) the Securities and Exchange Commission. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

22. No prior request for the relief sought in this Motion has been made to this or any other court.

**Conclusion**

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated: May 5, 2016

**GREENBERG TRAURIG, LLP**

<u>/s/ Dennis A. Meloro</u>
Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (admitted *pro hac vice*)
Maria J. DiConza (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
       diconzam@gtlaw.com
       haynesn@gtlaw.com

*Counsel for the Debtors and
Debtors-in-Possession*