IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER SHORTENING NOTICE OF THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR THE SALE OR ABANDONMENT OF *DE MINIMIS* ASSETS**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion to Shorten**") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form of **Exhibit A** hereto, shortening the time for notice of and objections to the *Motion of the Debtors for Entry of an Order Establishing Procedures for the Sale or*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

*Abandonment of De Minimis Assets* (the "**Motion**"). In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Status of the Case

1. On February 1, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2016, an official committee of unsecured creditors was appointed in these Chapter 11 Cases (the "**Committee**") [Docket No. 99].

4. No request has been made for the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code.

### Jurisdiction, Venue and Statutory Predicates

5. The Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1.

### Background

7. The Debtors along with their non-Debtor affiliates (collectively, "**SFX**") are a leading producer of live events and digital entertainment content focused exclusively on electronic music culture. The Debtors commenced material operations in 2012 with the intent

of acquiring and operating companies within the electronic dance music ("**EDM**") industry, specifically those engaged in the promotion and production of live music events, festivals and digital offerings attractive to EDM fans in the United States and abroad.  Over the next three years, the Debtors acquired a number of leading EDM brands, such as TomorrowWorld, Beatport, Mysteryland, Sensation and Electric Zoo, and expanded operations worldwide.

8. Today, the Debtors are actively engaged in the production and promotion of EDM festivals and events both domestically and abroad.  In addition, Debtors manage large, event-driven nightclubs that serve as venues for performances by key electronic music talent.

9. The Debtors and their 120 non-Debtor subsidiaries operate a business that spans the globe, with operations in over 30 countries.  The Debtors constitute substantially all of the domestic companies comprising SFX's business as well as select foreign subsidiaries.

10. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of Michael Katzenstein in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**") [Docket No. 13] filed on the Petition Date and incorporated herein by reference.

**Relief Requested**

11. By this Motion to Shorten, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto:  (a) shortening notice with respect to the Motion; (b) scheduling the Motion to be heard on August 4, 2016 at 3:00 p.m. (Eastern Time) (the "**Hearing**"); (c) requiring objections, if any, to the Motion to be made by August 1, 2016, at 4:00 p.m. (Eastern Time) or such other date and time as the Court deems appropriate; and (d) granting such other relief to the Debtors as the Court deems just and proper.

**Basis for Relief Requested**

12. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. *See* 11 U.S.C. § 102(1). In addition, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a).

13. Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c). According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

14. Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, courts "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

15. The Debtors respectfully submit that shortening notice of the Motion is appropriate under the circumstances. Pursuant to the Motion, the Debtors seek authority to sell or abandon de minimis assets pursuant to the procedures that affords parties-in-interest an opportunity to object to a proposed sale or abandonment of de minimis assets. The Debtors have until August 29, 2016 to assume, assume and assign, or reject nonresidential real property

leases, absent written consent from the landlords to further extend the deadline. The Debtors have not yet decided to assume or reject the nonresidential real property leases or negotiated consensual extensions of any such leases. If the Debtors decide to reject any of the nonresidential leases by the August 29 deadline and vacate any of the properties, the Debtors require the ability to sell (or abandon) de minimis assets; the sale or abandonment of assets will increase the value of such assets and minimize the Debtors' administrative expense for off-site storage. Accordingly, scheduling the Motion on shortened notice to be heard at the next hearing, on August 4, is necessary.

16. The DIP Lenders/Ad Hoc Group is supportive of the relief requested herein. The Debtors are coordinating with the DIP Lenders/Ad Hoc Group and its counsel to ensure that the DIP Lenders/Ad Hoc Group have adequate information to evaluate the terms of the relief sought in the Motion on an expedited basis. The Debtors believe that the DIP Lenders/Ad Hoc Group will find that the relief requested by the Motion is in the best interest of the Debtors' estates and its creditors.

17. For the foregoing reasons, the Debtors respectfully submit that shortening notice of the Motion is appropriate under the circumstances, so that it may be heard at the Hearing.

## Notice

18. Notice of this Motion to Shorten has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the DIP Lenders and the Ad Hoc Group; (c) the Committee; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

19. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto granting the relief sought requested herein and such other and further relief as is just.

Dated: July 22, 2016

GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (admitted *pro hac vice*)
Maria J. DiConza (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
         diconzam@gtlaw.com
         haynesn@gtlaw.com

*Counsel for the Debtors and*
*Debtors-in-Possession*