**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SFX Entertainment, Inc., *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10238(MFW)<br>(Jointly Administered)<br><br>Objections Due: August 14, 2018, at 4:00 p.m. (Eastern)<br>Hearing Date: August 21, 2018, at 2:00 p.m. (Eastern) |

**REORGANIZED DEBTOR'S MOTION TO SEAL CERTAIN CONFIDENTIAL
INFORMATION IN (A) ITS MOTION FOR AN ORDER (I) ENFORCING
STATUTORY, PLAN AND CONFIRMATION ORDER DISCHARGE INJUNCTIONS
AND (II) AWARDING COMPENSATORY AND COERCIVE DAMAGES FOR CIVIL
CONTEMPT OF NIGHTCULTURE, INC. AND (B) CERTAIN EXHIBITS
<u>ATTACHED THERETO</u>**

Disco Donnie Presents, Inc. f/k/a SFX-Disco Operating, LLC ("<u>Debtor</u>" or "<u>Reorganized Debtor</u>"), by and through its undersigned counsel, moves this Honorable Court (the "<u>Motion to Seal</u>") for entry of an order, pursuant to Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), authorizing the Reorganized Debtor to file under seal the following documents in connection with its Motion for an Order (I) Enforcing Statutory, Plan and Confirmation Order Discharge Injunctions and (II) Awarding Compensatory and Coercive Damages for Civil Contempt of NightCulture, Inc. (the "<u>Underlying Motion</u>"). Specifically, by the Motion to Seal, the Reorganized Debtor seeks to:

1. File a redacted version of the Underlying Motion;

2. File under seal the June 29, 2018 letter (the "<u>June 29 Letter</u>") in the Action (as defined herein), which is annexed to the Underlying Motion as Exhibit K;

3. File under seal the Co-Promotion Agreements,[1] which are annexed to the Underlying Motion as Exhibits C–E;

4. File under seal certain pleadings (the "Pleadings") in the Action (as defined herein), which are annexed to the Underlying Motion as Exhibits F and H-J; and

5. File further redacted pleadings or documents as necessary to preserve confidential information in accordance with the terms of the Co-Promotion Agreements and the Confidentiality Order (as defined herein).

Contemporaneously with the filing of this Motion to Seal, the Reorganized Debtor has filed under seal the Underlying Motion, the June 29 Letter, the Co-Promotion Agreements and the Pleadings. The Reorganized Debtor also separately filed a redacted version of the Underlying Motion. In support of this Motion to Seal, the Reorganized Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion to Seal under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## FACTUAL BACKGROUND

3. On February 1, 2016, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Underlying Motion.

Court"), thereby commencing bankruptcy case #16-10269 (MFW) (the "Bankruptcy Case"), styled *In re SFX-Disco Operating LLC* (n/k/a Disco Donnie Presents, Inc.).

4. The Bankruptcy Case is jointly-administered under bankruptcy case #16-10238(MFW) filed by the Reorganized Debtor's affiliate, SFX Entertainment, Inc. (n/k/a LiveStyle Inc.).

5. The Debtor and NightCulture, Inc. ("NightCulture") entered into Co-Promotion Agreements between December 7, 2015 and June 23, 2016.

6. The Co-Promotion Agreements provide that the Debtor and NightCulture agree "not to disclose . . . the terms or conditions of this Agreement (including this Agreement in its entirety or any documents delivered in accordance herewith)."

7. The Reorganized Debtor and NightCulture are also parties to an action (the "Action") where disclosure of the Action and all information and documents in the Action are prohibited to be disclosed pursuant to a Stipulated Order Protecting Confidentiality (the "Confidentiality Order").[2]

8. The Confidentiality Order governs the disclosure of Confidential Information, which is defined as, among other things, "t[he] [Action] and all proceedings and information and documents transmitted as part of t[he] [Action], including, without limitation, pleadings . . . ." Confidentiality Order.

## RELIEF REQUESTED

9. The Reorganized Debtor requests entry of an order authorizing the filing of the Underlying Motion, the June 29 Letter, the Co-Promotion Agreements and the Pleadings under

---

[2] The Confidentiality Order has not yet been signed in the Action. The Reorganized Debtor, however, complies in good faith with the terms of the Confidentiality Order executed by the parties.

seal pursuant to Bankruptcy Rule 9018 and Local Rule 9018-1(b).

**BASIS FOR RELIEF REQUESTED**

10. Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

11. The Confidentiality Order provides that the Reorganized Debtor is not permitted to disclose the Pleadings, the June 29 Letter or any information in the Action.

12. Each Co-Promotion Agreement provides that the Reorganized Debtor is not permitted to disclose the terms of that particular Co-Promotion Agreement.

13. The Underlying Motion discusses the contents of the Pleadings and the Co-Promotion Agreements. The Underlying Motion also annexes the Co-Promotion Agreements (Exhibits C-E), the Pleadings (Exhibits F and H-J), and the June 29 Letter (Exhibit K).

14. The Reorganized Debtor does not believe that disclosure of the confidential information in the Underlying Motion, the Pleadings, the Co-Promotion Agreements and the June 29 Letter in the Action could reasonably be expected to cause the Reorganized Debtor or NightCulture commercial harm.

15. Nevertheless, to comply with the Confidentiality Order and the Co-Promotion Agreements, and in an abundance of caution, the Reorganized Debtor requests entry of an Order authorizing the redaction of certain confidential information in the Underlying Motion and the sealing of the Pleadings, the Co-Promotion Agreements and the June 29 Letter.

**NOTICE**

16. The Reorganized Debtor will serve notice of this Motion to Seal upon: (i) the Office of the United States Trustee; (ii) counsel to NightCulture, Inc.; (iii) NightCulture, Inc.; (iv) counsel to the Reorganzed Debtor's affiliates; (v) counsel to the SFX Litigation Trustee; (vi) counsel to the DIP Lenders; and (viii) parties in interest requesting notice pursuant to Bankruptcy

Rule 2002(i). In light of the nature of the relief requested, the Reorganized Debtor submits that no other or further notice is necessary.

## NO PRIOR MOTION

17. The Reorganized Debtor has not made any prior request for the relief sought in this Motion to Seal to this Court or any other.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) granting the Motion to Seal and (b) granting such further relief to the Reorganized Debtor as is appropriate.

Dated: July 30, 2018  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: 302.778.7550  
Facsimile: 302.778.7575  
Email: kgwynne@reedsmith.com

Counsel for Disco Donnie Presents, Inc. f/k/a SFX-Disco Operating, LLC, Reorganized Debtor