# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFX Entertainment, Inc., *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10238(MFW)<br>(Jointly Administered)<br><br>**Objections Due: August 14, 2018 at 4:00 p.m. (Eastern)**<br>**Hearing Date: August 21, 2018, at 2:00 p.m. (Eastern)** |

**MOTION OF REORGANIZED DEBTOR FOR AND ORDER (I) ENFORCING STATUTORY, PLAN AND CONFIRMATION ORDER DISCHARGE INJUNCTIONS AND (II) AWARDING COMPENSATORY AND COERCIVE DAMAGES <u>FOR CIVIL CONTEMPT OF NIGHTCULTURE, INC.</u>**

Disco Donnie Presents, Inc. f/k/a SFX-Disco Operating, LLC ("<u>Debtor</u>" or "<u>Reorganized Debtor</u>"), by and through its undersigned counsel, respectfully moves this Honorable Court (the "<u>Motion</u>") for an Order (I) Enforcing Statutory, Plan and Confirmation Order Discharge Injunctions and (II) Awarding Compensatory and Coercive Damages for Civil Contempt of NightCulture, Inc. ("<u>NightCulture</u>"). In support thereof, Reorganized Debtor alleges as follows:

**JURISDICTION, NATURE OF MATTER, AND VENUE**

1. This Court has jurisdiction of this matter pursuant to section 1334(b) of title 28, United States Code. *See* 11 U.S.C. § 1334(b). This Court also has jurisdiction to interpret and enforce its own orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999) (It is "axiomatic that a court possesses the inherent authority to enforce its own orders.") (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80 (1994)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), *aff'd,* 2000 WL 1425751 (D. Del. Sept. 12, 2000), *aff'd* 279 F.3d 226 (3d Cir. 2002). *cert. denied* 123 S.Ct. 345, 154 L.Ed.2d 252 (2002). "In the bankruptcy context, courts have specifically, and

consistently, held that the bankruptcy court retains jurisdiction, *inter alia*, to enforce its confirmation order." *Cont'l Airlines*, 236 B.R. at 326 (citations omitted); *see generally Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168-69 (3d Cir. 2004) ("[T]he jurisdiction of the non-Article III bankruptcy courts is limited after confirmation of a plan. But where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate.").

2. In addition, pursuant to the Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code [D.I. #1293-1] (the "Plan"), a true and correct copy of which is attached as Exhibit A, the Court retained jurisdiction, among other things, to enter any order necessary or appropriate to implement the Plan, to resolve any disputes regarding the enforcement of the Plan, and to enforce the injunctions set forth in the Plan. *See, e.g.*, Plan (Ex. A), Art. XI (vii), (viii), (x), (xii), (xiv), (xv), (xvi), (xxi) and (xxii); Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. § 1129(A) and (B) and Federal Rule of Bankruptcy Procedure 3020 Confirming the Plan [D.I. #1293] (the "Confirmation Order"), a true and correct copy of which is attached as Exhibit B, ¶ QQ.

3. This Motion constitutes a "core" proceeding pursuant to section 157(b)(2) of title 28, United States Code. *See* 28 U.S.C. § 157(b). To the extent that this Motion presents a "non-core" proceeding, Reorganized Debtor consents to this Court's entry of a final order resolving the Motion.

4. Venue in this Court is appropriate pursuant to sections 1408 and 1409 of title 28, United States Code.

# BACKGROUND[1]

A.   **The Bankruptcy Case and the Co-Promotion Agreements**

5.   On February 1, 2016, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing bankruptcy case #16-10269 (MFW) (the "Bankruptcy Case"), styled *In re: SFX-Disco Operating LLC* (n/k/a Disco Donnie Presents, Inc.).

6.   The Bankruptcy Case is jointly-administered under bankruptcy case #16-10238(MFW) filed by, among others, the Reorganized Debtor's affiliate, SFX Entertainment, Inc. (n/k/a LiveStyle Inc.).

7.   Prior to the Petition Date, the Debtor and NightCulture entered into the following co-promotion agreements: ██████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████████████ true and correct copies of which are attached as Exhibit C-D.

8.   Post-petition, the Debtor and NightCulture entered into a Co-Promotion Agreement ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[1] Pursuant to Federal Rule of Evidence 201(b), as made applicable by Federal Rule of Bankruptcy Procedure 9017, Reorganized Debtor respectfully requests that the Court take judicial notice of the docket entries cited in this Motion. *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991) (court may take judicial notice of docket entries). In addition, Reorganized Debtor further respectfully requests that this Court take judicial notice of the fact that the related documents have been filed. *See Nantucket Investors II v. California Federal Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 205 (3d Cir. 1994) ("it is not seriously questioned that the filing of documents in the case record provides competent evidence of certain facts – that a specific document was filed").

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, the "Co-Promotion Agreements"), a true and correct copy of which is attached as Exhibit E.

### B. The Pre-Petition Claims Bar Date and NightCulture's Decision Not to Assert Any Claim.

9. Pursuant to the Order (A) Fixing Deadlines for Filing Proofs of Claim and (B) Designating Form and Manner of Notice Thereof [D.I. #351], the Court established May 17, 2016, as the general deadline for filing, *inter alia*, prepetition claims against the Debtor. *See also* Plan (Ex. A), § 1.18, p. 4.

10. On April 14, 2016, NightCulture was served with a copy of the bar date notice. *See* Affidavit of Service [D.I. # 526], p. 154 of 250.

11. NightCulture, however, chose not to participate in the Bankruptcy Case. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* NightCulture's Answering Statement and Counterclaims (the "Counterclaims"), ¶ 17 (emphasis added). A true and correct copy of the Counterclaims is attached as Exhibit F.[2]

### C. Confirmation of the Plan

12. On September 30, 2016, the Debtor filed the Plan [D.I. #1078] (as amended, Ex. A).

13. On November 15, 2016, the Bankruptcy Court entered the Confirmation Order (Ex. B).

14. On November 17, 2016, NightCulture was served with notice of entry of the Confirmation Order. *See* Affidavit of Service [D.I. #1324], p. 34 of 55.

---

[2] Exhibits to the Counterclaims are voluminous and are not attached.

15. The "Effective Date" (as defined in Section 10.02 of the Plan) of confirmation of the Plan occurred on December 2, 2016 (the "Effective Date"). *See* Notice of (A) Occurrence of Effective Date of the Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc., *et al.* under Chapter 11 of the Bankruptcy Code (as Modified) and (B) Deadlines for Filing Certain Claims [D.I. #1342] (the "Notice of Effective Date"), filed December 2, 2016. A true and correct copy of the Notice of Effective Date is attached as Exhibit G.

### D. The Administrative Claims Bar Date and NightCulture's Decision Not to Assert Any Administrative Claim.

16. The Plan established Tuesday, January 3, 2017, as the "Administrative Claims Bar Date." *See* Plan (Ex. A), § 1.5, p. 2 (defining "Administrative Claims Bar Date" as the thirtieth day after the Effective Date); Fed. R. Bankr. P. 9006(a).

17. The Plan provides, in relevant part, that

> . . . requests for payment of Allowed Administrative Claims must be Filed and served on the Debtors or the Reorganized Debtors and counsel to the DIP Lenders pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order no later than the Administrative Claims Bar Date. Holders of Allowed Administrative Claims that are required to, but do not, File and serve a request for payment of such Administrative Claims by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors or the Reorganized Debtors or their property and such Administrative Claims shall be deemed discharged as of the Effective Date.

Plan (Ex. A), § 3.01(a), p. 30.

18. NightCulture received notice of the Administrative Claims Bar Date. *See* Notice of Effective Date [D.I. #1342], ¶ 4; Affidavit of Service [D.I. #1356], p. 138 of 698.

19. ███████████████████████████████████████████ (*see* Counterclaims, ¶ 17), NightCulture also did not file an administrative expense claim.

5

**E. The Discharge of Claims and Injunctions under the Plan and Confirmation Order**

20. The Plan provides that, with limited exceptions, the Debtor was released from all claims, debts, causes of action and liabilities. *See, e.g.*, Plan (Ex. A), § 12.03(i). Specifically, section 12.03(i) of the Plan, entitled "Discharge of Claims and Interests," provides as follows:

> [A]ll consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release, effective as of the Effective Date, of all Claims . . . and Causes of Action of any nature whatsoever, including any interest accrued on such Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims . . ., including demands, liabilities and Causes of Action that arose before the Effective Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (a) a Proof of Claim based upon such debt is Filed or deemed Filed under section 501 of the Bankruptcy Code, [or] (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code. . . .

Plan (Ex. A), § 12.03(i), p. 79.

21. The Plan further provides that, as of the Effective Date, "all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors … any other or further Claims, Interests, debts, rights, Causes of Action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date." Plan (Ex. A), § 12.03(ii), p. 79.

22. The Plan also provides injunctions that prohibit all persons or entities from taking any action that is inconsistent with the discharges in the Plan. Section 12.4(i) of the Plan provides as follows:

> all Persons that have held, currently hold, may hold, or allege that they hold, a Claim . . . or other debt or liability that is discharged pursuant to Section 12.03 of the Plan, . . . are permanently enjoined from taking any of

> the following actions against the Creditor Released Parties or any of their respective assets or property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (a) commencing or continuing, in any manner or in any place, any action or other proceeding of any kind; . . . (d) asserting a right of setoff, recoupment or subrogation of any kind against any debt, liability, or obligation due to the Creditor Released Parties; or (e) commencing or continuing any action, in each such cases in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

Plan (Ex. A), § 12.04(i), pp. 79-80.[3]

23. Consistent with the terms of the Plan, paragraph 48 of the Confirmation Order provides that, as of the Effective Date, "all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors . . . any other or further Claims, Interests, debts, rights, Causes of Action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date." Confirmation Order (Ex. B), ¶ 48 (entitled "Discharge"), p. 47; *see also* Plan (Ex. A), § 12.03(ii), p. 79 ("the Confirmation Order shall be a judicial determination, as of the Effective Date, of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Interests, pursuant to sections 524 and 1141 of the Bankruptcy Code.").

24. In the Confirmation Order, the Court specifically approved the releases and injunctions set forth in the Plan. Confirmation Order (Ex. B), ¶ 49, p. 47 ("It is hereby ordered that the Bankruptcy Court approves of and grants the releases, . . . injunctions and related provisions set forth in Article XII of the Plan and determines that they are . . . approved after due notice and opportunity for a hearing; and . . . a bar to any of the Holders of Claims and Interests asserting any Claim or Cause of Action thereby released.").

---

[3] "Creditor Released Parties" includes "each Debtor and Reorganized Debtor." Plan, § 1.42(ii), p. 6.

25. The Confirmation Order also provides an injunction to enforce the Debtor's discharge and the releases and injunctions set forth in the Plan. Confirmation Order (Ex. B), ¶ 50, pp. 47-48. Specifically, paragraph 50 of the Confirmation Order provides, as of the Effective Date, as follows:

> [A]ll Persons that have held, currently hold, may hold, or allege that they hold, a Claim . . . or other debt or liability that is discharged pursuant to Section 12.03 of the Plan, . . . or is subject to exculpation pursuant to Section 12.05 of the Plan, are permanently enjoined from taking any of the following actions against the Creditor Released Parties or any of their respective assets or property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (a) commencing or continuing, in any manner or in any place, any action or other proceeding of any kind; . . . (d) asserting a right of setoff, recoupment or subrogation of any kind against any debt, liability, or obligation due to the Creditor Released Parties; or (e) commencing or continuing any action, in each such cases in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

Confirmation Order (Ex. B), ¶ 50, pp. 47-48.

### F. NightCulture's Violations of the Plan Injunction and Confirmation Order

26. On December 19, 2017, the Reorganized Debtor filed an original Statement of Claim ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27. On January 16, 2018, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, NightCulture filed its Counterclaims (Ex. F) ▮▮▮▮▮▮.

28. As set forth in the Counterclaims, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

█████████████████████████████████.

*See* Counterclaims (Ex. F), ¶ 17 (emphasis added).

29. As set forth in the Counterclaims, ████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████ *See* Counterclaims (Ex. F), ¶ 110.[4]

30. On June 7, 2018, Reorganized Debtor filed a First Amended Statement of Claim (the "<u>Statement of Claim</u>") ████████████████████████████
████████████████████████████████████████. A true and correct copy of the Statement of Claim is attached as <u>Exhibit H</u>.[5]

31. On June 15, 2018, ████████████████████████
████████████, NightCulture filed a First Amended Answering Statement and

---

[4] ████████████████████████████████████████
████████████ Any such post-petition claims are not subject to the discharge injunction. *See Holywell Corp. v. Smith*, 503 U.S. 47, 59 (1992) (section 1141(a) does not bind creditors "with respect to postconfirmation claims.").

[5] Exhibits to the Statement of Claim are voluminous and are not attached.

Counterclaims (the "Amended Counterclaims") in the Arbitration. A true and correct copy of the Amended Counterclaims is attached as Exhibit I.[6]

32. After Reorganized Debtor objected to NightCulture's alleged counterclaims ████

████

████ See Amended Counterclaims (Ex. I), ¶ 15.

33. In the Amended Counterclaims, ████

████ See Amended Counterclaims (Ex. I), ¶ 117.[7]

34. Reorganized Debtor filed a Reply to the Counterclaims ████ on June 29, 2018 (the "Reply"). A true and correct copy of the Reply is attached as Exhibit J.[8] In the Reply, ████

████

████

████

████ See Reply (Ex. J) at pp. 7-8 (First and Second Affirmative Defenses).

35. On June 29, 2018, Reorganized Debtor sent a letter to NightCulture ████

████

████

---

[6] Exhibits to the Amended Counterclaims are voluminous are not attached.

[7] ████

[8] Exhibits to the Reply are voluminous and are not attached.

10

███████████████████████████████████

█████████████████ *See* Letter dated June 29, 2018 ("June 29 Letter").  A true and correct copy of the June 29 Letter is attached as Exhibit K.

36.   To date, NightCulture has refused to voluntarily dismiss its Amended Counterclaims and charges on in violation of the automatic stay.  However, NightCulture has not articulated any legal or factual reasons as to why and ignored the June 29, 2018 letter entirely.

## RELIEF REQUESTED

37.   Reorganized Debtor respectfully requests that the Court enter an Order granting the Motion and the following relief:

- Awarding attorneys' fees and expenses to Reorganized Debtor as compensatory damages for NightCulture's violations of the statutory discharge injunction and the injunctions set forth in the Plan and the Confirmation Order;

- Compelling NightCulture to pay Reorganized Debtor the sum of $2,500 per day after entry of an Order granting this Motion until NightCulture withdraws its counterclaims; and

- Granting such other relief to Reorganized Debtor as is appropriate.

## BASIS FOR RELIEF REQUESTED

38.   Section 1141(d)(1) of the Bankruptcy Code provides, in relevant part, that "confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation."  11 U.S.C. § 1141(d)(1).

39.   "To put teeth into § 1141(d), the Code states that discharge . . . 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."  *United*

*States v. Conston, Inc. (In re Conston, Inc.)*, 181 B.R. 769, 772 (D. Del. 1995); *see* 11 U.S.C. § 524(a)(2) ("discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt").

40. "The purpose of this section is to give the debtor a fresh start—'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preëxisting [sic] debt.'" *Id.* (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)) (alteration in *Conston*).

41. "The confirmation order and discharge injunction are critical elements of the fresh start that is afforded to debtors." *In re Continental Airlines, Inc.*, 236 B.R. 318, 330 (Bankr. D. Del. 1999).

42. In combination with Sections 12.03(i)-(ii) and 12.04(i), of the Plan, and paragraphs 48-50 of the Confirmation Order, section 524 permanently enjoins NightCulture's actions to collect any debt that arose before the date of confirmation. *See In re Benjamin Coal Co.*, 978 F.2d 823, 827 (3d Cir. 1992) ("the discharge of all existing claims, including administrative claims, upon confirmation of a Chapter 11 plan is unambiguous both in the Bankruptcy Code and in BCC's own reorganization plan"); *Conston,* 181 B.R. at 772 ("The § 524(a) discharge injunction operates into perpetuity to ensure the post-confirmation debtor receives the fresh start envisioned in § 1141(d)(1).").

43. "[T]he creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 966 (11th Cir. 2012) (quoting *Cox v. Zale Del., Inc.*, 239 F.3d 910, 915 (7th Cir. 2001)) (quotation marks omitted).

44. As this Court has recognized, "courts use their inherent civil contempt power under section 105 to provide a remedy for violations of the discharge injunction." *See, e.g.*, *In re Meyers*, 344 B.R. 61, 64-65 (Bankr. E.D. Pa. 2006) (Walrath, J.); *see generally In re Kennedy*, 80 B.R. 673 (Bankr. D. Del. 1987) ("[A]ll courts have inherent contempt powers to enforce compliance with their lawful orders and no specific statute is required to give a court that civil contempt power."). Although no specific statute is required to give this Court the civil contempt power, section 105 of the Bankruptcy Code provides that the Court may take any action or make any determination necessary or appropriate to enforce or implement court orders. *See* 11 U.S.C. § 105(a).

45. To obtain sanctions for civil contempt, three elements must be established: (1) a valid order of the court must exist; (2) the person to be charged with contempt must have actual knowledge of the order; and (3) the person must have disobeyed the order. *In re Continental Airlines, Inc.*, 236 B.R. at 330 (citing *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995)).

46. There is no question that this Court's Confirmation Order is valid. There also is no question that NightCulture was served with a copy of Confirmation Order. *See* Affidavit of Service [D.I. #1324]. The fact that NightCulture was well aware the Bankruptcy Case and the Confirmation Order is evidenced by its statements in the Counterclaim that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Counterclaims (Ex. F), ¶ 17 (emphasis added).

47. It is particularly offensive to the integrity of the bankruptcy process ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

48. NightCulture clearly disobeyed the statutory injunction, as well as the injunctions in the Plan and the Confirmation Order. Despite knowledge of the Bankruptcy Case, the Confirmation Order, ▓▓▓▓▓▓▓▓ in the June 29 Letter, NightCulture charges on with its Amended Counterclaims. The Court should not countenance NightCulture's flagrant disrespect for the statutory injunctions, as well as the injunctions set forth in the Plan and the Confirmation Order. In addition, Reorganized Debtor should not have to bear the cost and expense of enforcing such injunctions.

49. As this Court has recognized, "[s]anctions for civil contempt serve two purposes: (1) to coerce the disobedient party into compliance with the court's order; and (2) to compensate for losses sustained by the disobedience." *In re Anderson*, 348 B.R. 652, 661 (Bankr. D. Del. 2006) (Walrath, J.).

50. In this case, Reorganized Debtor was forced to incur attorneys' fees and expenses to address NightCulture's continuing discharge injunction violation and refusal to withdraw its counterclaim. Reorganized Debtor's damages will continue to accrue through (at least) a hearing on this Motion. Reorganized Debtor respectfully requests that the Court award such fees and expenses to Reorganized Debtor as compensatory damages for NightCulture's willful violation of the discharge injunction and this Court's Confirmation Order. *See In re Meyers*, 344 B.R. at 66 ("Upon a finding of civil contempt, a bankruptcy court has the power to issue sanctions such as costs, compensatory damages and attorneys' fees.") (citing *McDonald's Corp. v. Victory Investments*, 727 F.2d 82 (3d Cir. 1984)); *Continental Airlines*, 236 B.R. at 331 (awarding attorneys' fees and expenses where party violated confirmation order); *In re Fluke*, 305 B.R. 635, 644 (Bankr. D. Del. 2004) (court may award attorneys' fees and expenses upon a finding of civil contempt).

51. In addition, Reorganized Debtor respectfully requests that the Court issue further civil contempt sanctions to coerce NightCulture's compliance with the discharge injunction and the Confirmation. Specifically, Reorganized Debtor requests that the Court order NightCulture to pay Reorganized Debtor the sum of $2,500 per day after entry of an Order granting this Motion until NightCulture withdraws with prejudice its Counterclaims and Amended Counterclaims.

WHEREFORE, Reorganized Debtor respectfully requests that this Honorable Court enter an order (i) granting the Motion, (ii) awarding attorneys' fees and expenses to Reorganized Debtor, (iii) compelling NightCulture to pay Reorganized Debtor the sum of $2,500 per day after entry of an Order granting this Motion until NightCulture withdraws its counterclaims; and (iv) granting such other relief to Reorganized Debtor as is appropriate.

Dated: July 30, 2018  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 Market Street  
Suite 1500  
Wilmington, DE 19801  
Telephone: 302.778.7550  
Facsimile: 302.778.7575  
Email: kgwynne@reedsmith.com

Counsel for Disco Donnie Presents, Inc. f/k/a SFX-Disco Operating, LLC, Reorganized Debtor