# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |

Objection Deadline: November 14, 2018 at 4:00 p.m. (Eastern Time)
Hearing Date: December 19, 2018 at 11:30 a.m. (Eastern Time)

## FOURTH JOINT MOTION OF THE LITIGATION TRUSTEE AND REORGANIZED DEBTORS TO EXTEND TIME TO OBJECT TO CLAIMS

Dean A. Ziehl, Litigation Trustee for the SFX Litigation Trust, as successor in interest to the estates (the "**Litigation Trustee**") and the reorganized debtors (the "**Reorganized Debtors**") in the above-captioned bankruptcy case, hereby jointly move this Court for entry of an order further extending the time by which the Litigation Trustee and the Reorganized Debtors may object to certain Claims. In support of this Motion, the Litigation Trustee and the Reorganized Debtors respectfully represent as follows:

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Reorganized Debtors' business address is 9242 Beverly Boulevard, Suite 350, Beverly Hills, CA 90210.

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 102, 105 and 1142(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Del. Bankr. L.R. 9013-1.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Litigation Trustee and Reorganized Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of any parties.

## Background

### The Plan and SFX Litigation Trust

4. On February 1, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On November 15, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Federal Rule of Bankruptcy Procedure 3020 Confirming the Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc., et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293] (the "**Confirmation Order**"). The Confirmation Order confirmed the *Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc. et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293, Exhibit A] (the "**Plan**").[2] The effective date of the Plan was December 2, 2016 (the "**Effective Date**").

6. Pursuant to the Plan and the Confirmation Order, on the Effective Date the Debtors and the Litigation Trustee executed the *Litigation Trust Agreement* establishing the SFX Litigation Trust. Dean A. Ziehl is the duly appointed and acting Litigation Trustee and the sole trustee of the SFX Litigation Trust.

7. Pursuant to the Plan, as confirmed by the Confirmation Order, and the Litigation Trust Agreement, after the Effective Date, except as otherwise provided in Section 9.01(iii) of the Plan, the Reorganized Debtors have the sole authority to file objections to Claims and to "settle, compromise, withdraw, or litigate to judgment their objections to Claims, including, without limitation, Claims for reclamation under section 546(c) of the Bankruptcy Code." *See Plan*, IX.9.01(ii). Section 9.01(iii) of the Plan provides that the Litigation Trustee and Reorganized Debtors shall each have standing to file objections to Class 5 Claims (2019 Debtors), subject to the terms set forth in such subsection. *See Plan*, IX.9.01(iii). The Claims Objection Bar Date is the date that is one year after the Effective Date "or such later date as may

---

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Plan or the Litigation Trust Agreement.

3

be extended by order of the Bankruptcy Court. *See Plan*, I.1.28. The Effective Date was December 2, 2016.

8. Pursuant to Court-ordered extensions, absent a further extension, the Claims Objection Bar Date has been extended to November 1, 2018 [D.I. 1802].

**Claims Reconciliation**

9. There are over 4,500 scheduled and filed proofs of claim in these Chapter 11 Cases in the total amount of $250,000,000. To date, the Reorganized Debtors have filed twelve (12) omnibus claims objections containing over 200 individual objections to Claims and have consensually resolved numerous other Claims. The Litigation Trustee has also filed several objections to Claims pursuant to his authority under the Plan and Litigation Trust Agreement. The Litigation Trustee and Reorganized Debtors continue to actively review, reconcile and resolve a signficant number of Claims without the need for formal objection, as provided in the Plan and Litigation Trust Agreement. Accordingly, through the Litigation Trustee's and Reorganized Debtors' and each of their professionals' efforts, a substantial amount of the Claims have been reviewed, reconciled and resolved, reducing the total amount of outstanding Claims.

10. In the additional time granted to the Litigation Trustee and Reorganized Debtors to object to Claims, several additional omnibus claims objections were filed.

11. The Litigation Trustee and Reorganized Debtors are now preparing what they anticipate to be the last round of claims objections and require an short additional extension to finalize their review and resolution of the remaining Claims.[3]

---

[3] The remaining Claims consist of those Claims that have not been paid, allowed, or objected to by the Reorganized Debtors or Litigation Trustee.

12. The requested extension will provide the Litigation Trustee and Reorganized Debtors with the necessary additional time to prepare and file objections to the remaining Claims and, where possible, consensually resolve Claims. The Litigation Trustee and Reorganized Debtors request that the entry of such order be without prejudice to their rights to seek a further extension of the time within which to object to Claims in the event such request is necessary.

## Relief Requested

13. The Litigation Trustee and Reorganized Debtors request entry of an order further extending the time within which the Litigation Trustee and Reorganized Debtors may object to any and all Claims asserted in these Chapter 11 Cases by an additional two (2) months, to and including January 4, 2019, without prejudice to request further extension of such deadline.[4]

## Applicable Authority

14. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b). The Plan provides that the Claims Objection Bar Date may be extended upon motion by the Reorganized Debtors or Litigation Trustee. *See* Plan, IX.9.01.(i).

15. Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, it is generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." See In re Morristown & E. R. Co., 885 F.2d

---

[4] By operation of Local Rule 9006-2, the Claims Objection Bar Date is automatically extended until such time as the Court has had an opportunity to consider and act upon the relief requested herein.

98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy, ¶ 105.04 at 105-15 & n. 5 (15th rev. ed. 1989)).

16. In this instance, sufficient cause exists to extend further the Claims Objection Bar Date. The requested extension of time will provide the Litigation Trustee and Reorganized Debtors the opportunity to object to the limited number of remaining claims that are factually and legally unsupportable, and continue to negotiate the resolution of certain of the remaining outstanding Claims.

17. The Reorganized Debtors and Litigation Trustee believe that many of the Claims ultimately will be consensually resolved. Consensual resolution of outstanding Claims will conserve judicial resources, minimize burdens on the Court that would necessarily accompany unnecessary claims litigation, and minimize related expenses that otherwise would be incurred by the Litigation Trustee and Reorganized Debtors.

## Notice

18. Notice of the Motion has been given to: (i) the Office of the United States Trustee; and (ii) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

*[Remainder of Page Intentionally Left Blank]*

## Conclusion

WHEREFORE, the Litigation Trustee and the Reorganized Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) extending the Claims Objection Bar Date to and including January 4, 2019; and (ii) granting such other and further relief as may be just and proper.

Dated: October 30, 2018

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

*Counsel for the Reorganized Debtors*

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson*
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: crobinson@pszjlaw.com

*Counsel for the Litigation Trustee*

7

DOCS_DE:220894.3 76897/001