IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFX ENTERTAINMENT, INC., *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10238 (MFW)<br><br>(Jointly Administered)<br><br>Objection Deadline: November 14, 2018 at 4:00 p.m. (ET)<br>Hearing Date: December 19, 2018 at 11:30 a.m. (ET) |

## THE SFX LITIGATION TRUSTEE'S OBJECTION TO ROBERT F.X. SILLERMAN'S UNEXPUNGED PORTION OF PROOF OF CLAIM 426 AND PROOF OF CLAIM 363 IN ITS ENTIRETY

Dean A. Ziehl, Litigation Trustee for the SFX Litigation Trust (the "<u>Litigation Trustee</u>"), as successor in interest to the estates (the "<u>Estates</u>") of the above captioned reorganized debtors (the "<u>Debtors</u>"), hereby objects to the unexpunged portion of Proof of Claim 426 and the entirety of Proof of Claim 363 on the grounds that the claims seek indemnity and reimbursement from the Debtors by Robert F.X. Sillerman ("<u>Sillerman</u>") a former officer, director, member, manager or employee of the Debtors and its affiliates, which claims are barred against the Debtors pursuant to Section 5.06(a) of the Plan (as defined below). The Trustee seeks an order

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Reorganized Debtors' business address is 9242 Beverly Boulevard, Suite 350, Beverly Hills, CA 90210.

disallowing and/or expunging the previously unexpunged portions of Proof of Claim 426 and Proof of Claim 363 in its entirety.

In support of this Objection, the Litigation Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 362, and 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.  The Plan and SFX Litigation Trust**

2. On February 1, 2016 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On November 15, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Federal Rule of Bankruptcy Procedure 3020 Confirming the Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc., et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293] (the "Confirmation Order"). The Confirmation Order confirmed the *Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc. et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293, Exhibit A] (the "Plan"). The effective date of the Plan was December 2, 2016 (the "Effective Date").

2

4. Pursuant to the Plan and the Confirmation Order, on the Effective Date the Debtors and the Litigation Trustee executed the *Litigation Trust Agreement* establishing the SFX Litigation Trust. Dean A. Ziehl is the duly appointed and acting Litigation Trustee and the sole trustee of the SFX Litigation Trust.

5. Pursuant to applicable law, the Plan, the Confirmation Order, and the Litigation Trust Agreement, the Litigation Trustee has standing to object to proofs of claim.

**B.  Proof of Claim No. 426**

6. Prior to the confirmation of the Plan, the Official Committee of Unsecured Creditors filed its *Objection Pursuant to 11 U.S.C. § 502(e)(1) of the Official Committee of Unsecured Creditors to Robert F.X. Sillerman's Proofs of Claim Nos. 358, 360, 361, 365, 367, in Their Entirety, and Proof of Claim No. 426 in Part* [Docket No. 1116] (the "Prior Objection").

7. The Prior Objection sought disallowance of Claims 358, 360, 361, 365, 367 and that portion of Claim No. 426 that sought identical relief for indemnification under the guaranties that were the subject of Proofs of Claim 358, 360 and 361, as set forth in Paragraph 3(d)(iii) of the addendum to Proof of Claim No. 426 ("Claim 426 Addendum"). The basis for the Prior Objection was that each of the claims subject thereto, and in Paragraph 3(d)(iii) of the Claim 426 Addendum, were contingent claims for reimbursement or contribution required to be disallowed under Bankruptcy Code section 502(e)(1)(B).

8. On December 21, 2016, the Court entered its Order granting the Prior Objection [Docket No. 1376], including disallowing that portion Claim No. 426 set forth at Claim 426 Addendum Paragraph 3(d)(iii) because it sought indemnity or reimbursement based on the same

3

guaranties which constituted the basis for the relief sought by Sillerman in Proofs of Claim Nos. 358, 360 and 361.

9. The objection herein to Claim No. 426 is directed solely to those portions of that claim not subject to the Prior Objection. A true and correct copy of Claim No. 426 is attached hereto as **Exhibit A**.

## **OBJECTION**

10. Section 502(b) of the Bankruptcy Code requires the Court to disallow a claim if it is unenforceable against the debtor and property of the debtor under any agreement or applicable law.

11. As set forth in Paragraphs 3(a)-3(c) of the Claim 426 Addendum, Sillerman asserts indemnification claims purportedly arising under his employment agreement and an indemnification agreement between Sillerman and SFX described in those paragraphs. The unexpunged portions of Claim No. 426 seek indemnification as to the following:

(a) Alleged unreimbursed travel expenses totaling $601,795.27 (Claim 426 Addendum Paragraph 3(d)(i));

(b) Claims with respect to legal fees alleged to be incurred as Chief Executive Officer and Chairman of the Board of SFX (Claim 426 Addendum Paragraph 3(d)(ii));

(c) Reimbursement for legal fees and expenses alleged to be incurred by Sillerman in connection with six specified legal actions against him and/or the Debtors (Claim 426 Addendum Paragraph 3(d)(v)); and

(d) Obligations and expenses purportedly incurred by Sillerman at SFX's request in the aggregate amount of at least $17,359,352.50 in connection with a Securities

4

Purchase Agreement dated June 17, 2015 (the "<u>Securities Purchase Agreement Indemnity Claim</u>") (Claim 426 Addendum Paragraph 3(d)(iv)).

12. Claim 426 Addendum Paragraph 3(d)(iv) further states that the Securities Purchase Agreement Indemnity Claim is the subject of a separate proof of claim also being filed by Sillerman. Claim No. 363, also sought to be disallowed in this Objection, consists of that Securities Purchase Agreement Indemnity Claim referenced in Claim 426 Addendum Paragraph 3(d)(iv). A true and correct copy of Claim 363 is attached hereto as **Exhibit B**.

13. Hence, the recovery sought based on indemnity claims as to the Securities Purchase Agreement Indemnity Claim is sought both under Claim No. 426 and Claim No. 363.

14. Section 1.95 of the Plan sets forth the definition of an "Indemnification Obligation" as follows:

> "'Indemnification Obligation' means any obligation of the Debtors pursuant to (and required by) the Debtors' certificates of formation, certificate of incorporation, bylaws, indemnification agreements, or other organizational documents or applicable law in existence at any time prior to the Effective Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of, any Indemnified Person against any claims, causes of action, judgments, liability, loss, penalties, fines, settlements, and expenses arising or relating to conduct or actions prior to the Effective Date."

15. Section 1.96 of the Plan defines "Indemnified Person" as follows:

> "'Indemnified Person' means all members, managers, officers, directors, employees, attorneys, other professionals, and agents of the Debtors and their Affiliates who were in place on or prior to the Effective Date (in each case in his, her or its capacity as such)."

16. Section 5.06(a) of the Plan precludes Indemnification Persons allegedly possessing Indemnification Obligations from asserting such obligations against the Debtors and

5

Reorganized Debtor and from receiving any recovery under the Plan through a proof of claim or otherwise:

> "Upon the Effective Date, the right of an Indemnified Person to receive any reimbursements, advancements, payments or other amounts arising out of, relating to or in connection with any Indemnification Obligation shall be limited to, and an Indemnified Person's sole and exclusive remedy to receive any of the foregoing, shall be exclusively from the Debtors' director and officer insurance policies, and no Indemnified Person shall seek, or be entitled to receive, any of the foregoing from (directly or indirectly) the Debtors and/or Reorganized Debtors, including but not limited through a recovery under the Plan as a Class 5 Claim, Class 6 Claim or as any other classified or unclassified claim hereunder (and, for the avoidance of doubt, any such claim of an Indemnified Person in connection with and Indemnification Obligation shall not be included for purposes of the calculation based on Allowed Class 5 Claims (2019 Debtors) set forth in the definition of Litigation Trust Primary Recovery Units). Nothing in the Plan shall be deemed an assumption by the Reorganized Debtors of any contract, agreement, resolution, instrument or document in which such Indemnification Obligations are contained, memorialized, agreed to, embodied or created (or any of the terms or provisions thereof)."

In that Claim No. 363 and the unexpunged portions of Claim No. 426 are filed by Sillerman as an Indemnified Person asserting Indemnification Obligations, each should be disallowed in its entirety.

## **RESERVATION OF RIGHTS**

17.  The Litigation Trustee expressly reserves his right to amend, modify, or supplement this objection and to file additional objections to the Claims subject hereto. Should one or more of the grounds of objection stated herein be overruled, the Litigation Trustee reserves the right to object to such claims on any other ground that bankruptcy or non-bankruptcy law permits.

DOCS_LA:317312.2

18. In compliance with Bankruptcy Rule 3007(b) and acknowledgement of the automatic stay in effect in the pending bankruptcy case filed as to Sillerman, the Litigation Trustee does not seek affirmative relief in this Objection, and his right to do so under the terms of the Plan is not thereby affected or prejudiced.

### NO PRIOR REQUEST

19. No prior request for the relief sought herein has been the subject of any prior request by the Litigation Trustee.

### CONCLUSION

20. For the foregoing reasons, the Litigation Trustee respectfully requests that this Court enter an order, substantially in the form as **Exhibit C**, disallowing the Sillerman Claims attached as **Exhibit A** and **Exhibit B** hereto.

Dated: October 30, 2018            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Kenneth H. Brown (CA Bar No. 100396)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    kbrown@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel to the Litigation Trustee*

7

DOCS_LA:317312.2