# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |
| | Hearing Date: December 19, 2018 at 11:30 a.m. (ET) |
| | Objection Deadline: November 14, 2018 at 4:00 p.m. (ET) |

## THE SFX LITIGATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS – SUBSTANTIVE (NO LIABILITY INDEMNITY CLAIMS)

Dean A. Ziehl, Litigation Trustee for the SFX Litigation Trust (the "Litigation Trustee"), as successor in interest to the estates (the "Estates") of the above captioned reorganized debtors (the "Debtors"), hereby objects to the proofs of claim listed on **Exhibit A** hereto on the grounds that the claims seek indemnity and reimbursement from the Debtors by former officers, directors, members, managers or employees of the Debtors and its affiliates, which claims are barred against the Debtors pursuant to Section 5.06(a) of the Plan (as defined below). The Trustee seeks an order disallowing and/or expunging each claim in its entirety.

In support of this Objection, the Litigation Trustee respectfully represents as follows:

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Reorganized Debtors' business address is 9242 Beverly Boulevard, Suite 350, Beverly Hills, CA 90210.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 362, and 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On February 1, 2016 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On November 15, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Federal Rule of Bankruptcy Procedure 3020 Confirming the Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc., et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293] (the "Confirmation Order"). The Confirmation Order confirmed the *Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc. et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293, Exhibit A] (the "Plan"). The effective date of the Plan was December 2, 2016 (the "Effective Date").

4. Pursuant to the Plan and the Confirmation Order, on the Effective Date the Debtors and the Litigation Trustee executed the *Litigation Trust Agreement* establishing the SFX Litigation Trust. Dean A. Ziehl is the duly appointed and acting Litigation Trustee and the sole trustee of the SFX Litigation Trust.

2

5.  Pursuant to applicable law, the Plan, the Confirmation Order, and the Litigation Trust Agreement, the Litigation Trustee has standing to object to proofs of claim.

**OBJECTION**

6.  Section 502(b) of the Bankruptcy Code requires the Court to disallow a claim if it is unenforceable against the debtor and property of the debtor under any agreement or applicable law.

7.  Section 1.95 of the Plan sets forth the definition of an "Indemnification Obligation" as follows:

> "'Indemnification Obligation' means any obligation of the Debtors pursuant to (and required by) the Debtors' certificates of formation, certificate of incorporation, bylaws, indemnification agreements, or other organizational documents or applicable law in existence at any time prior to the Effective Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of, any Indemnified Person against any claims, causes of action, judgments, liability, loss, penalties, fines, settlements, and expenses arising or relating to conduct or actions prior to the Effective Date."

8.  Section 1.96 of the Plan defines "Indemnified Person" as follows:

> "'Indemnified Person' means all members, managers, officers, directors, employees, attorneys, other professionals, and agents of the Debtors and their Affiliates who were in place on or prior to the Effective Date (in each case in his, her or its capacity as such)."

9.  Section 5.06(a) of the Plan precludes Indemnification Persons allegedly possessing Indemnification Obligations from asserting such obligations against the Debtors and Reorganized Debtor and from receiving any recovery under the Plan through a proof of claim or otherwise:

> "Upon the Effective Date, the right of an Indemnified Person to receive any reimbursements, advancements, payments or other amounts arising out of, relating to or in connection with any

3

Indemnification Obligation shall be limited to, and an Indemnified Person's sole and exclusive remedy to receive any of the foregoing, shall be exclusively from the Debtors' director and officer insurance policies, and no Indemnified Person shall seek, or be entitled to receive, any of the foregoing from (directly or indirectly) the Debtors and/or Reorganized Debtors, including but not limited through a recovery under the Plan as a Class 5 Claim, Class 6 Claim or as any other classified or unclassified claim hereunder (and, for the avoidance of doubt, any such claim of an Indemnified Person in connection with and Indemnification Obligation shall not be included for purposes of the calculation based on Allowed Class 5 Claims (2019 Debtors) set forth in the definition of Litigation Trust Primary Recovery Units). Nothing in the Plan shall be deemed an assumption by the Reorganized Debtors of any contract, agreement, resolution, instrument or document in which such Indemnification Obligations are contained, memorialized, agreed to, embodied or created (or any of the terms or provisions thereof)."

In that each of the claims set forth on **Exhibit A** are filed by Indemnified Persons asserting Indemnification Obligations, each should be disallowed in its entirety.

## RESERVATION OF RIGHTS

10. The Litigation Trustee expressly reserves his right to amend, modify, or supplement this objection and to file additional objections to the Claims subject hereto. Should one or more of the grounds of objection stated herein be overruled, the Litigation Trustee reserves the right to object to such claims on any other ground that bankruptcy or non-bankruptcy law permits.

11. In compliance with Bankruptcy Rule 3007(b), the Litigation Trustee does not seek affirmative relief in this Objection, and his right to do so under the terms of the Plan against any of the Claimants subject to this Objection is not thereby affected or prejudiced.

## **CONCLUSION**

12. For the foregoing reasons, the Litigation Trustee respectfully requests that this Court enter an order, substantially in the form as **Exhibit B**, disallowing the Indemnity Claims listed on **Exhibit A** hereto.

Dated: October 30, 2018   PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Kenneth H. Brown (CA Bar No. 100396)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:   kbrown@pszjlaw.com
          crobinson@pszjlaw.com

*Counsel to the Litigation Trustee*