IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFX ENTERTAINMENT, INC., *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10238 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 14, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: December 19, 2018 at 11:30 a.m. (ET)** |

## THE SFX LITIGATION TRUSTEE'S SECOND OMNIBUS OBJECTION TO CLAIMS – SUBSTANTIVE (BOOKS AND RECORDS)

Dean A. Ziehl, Litigation Trustee for the SFX Litigation Trust (the "Litigation Trustee"), as successor in interest to the estates (the "Estates") of the above captioned reorganized debtors (the "Debtors"), hereby objects to the proofs of claim (the "Claims") listed on **Exhibit A** hereto on the grounds that the Claims overstate the amounts owed by the Debtors' estates, and the Litigation Trustee seeks an order to disallow or reduce and allow such claims in the amounts indicated on **Exhibit A**.

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Reorganized Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

In support of this Objection, the Litigation Trustee submits the Declaration of Alan Walter, the Senior Vice President and Controller of LiveStyle, Inc., a Reorganized Debtor (the "Walter Declaration"):

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 362, and 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On February 1, 2016 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On November 15, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Federal Rule of Bankruptcy Procedure 3020 Confirming the Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc., et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293] (the "Confirmation Order"). The Confirmation Order confirmed the *Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc. et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293, Exhibit A] (the "Plan"). The effective date of the Plan was December 2, 2016 (the "Effective Date").

4. Pursuant to the Plan and the Confirmation Order, on the Effective Date the Debtors and the Litigation Trustee executed the *Litigation Trust Agreement* establishing the SFX Litigation Trust. Dean A. Ziehl is the duly appointed and acting Litigation Trustee and the sole trustee of the SFX Litigation Trust.

5. Pursuant to applicable law, the Plan, the Confirmation Order, and the Litigation Trust Agreement, the Litigation Trustee has standing to object to proofs of claim.

## OBJECTION

6. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny In'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

7. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Pursuant

3

to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(5)-(6). In addition, pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10).[2] By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor.

8. As set forth in the Walter Declaration, based on a review of the Debtors' books and records and the documentation filed with the Claims, if any, the amounts asserted in the Claims listed on **Exhibit A** should be disallowed in whole or in part and reduced and allowed in the amounts, or no amounts, as indicated on **Exhibit A**. Accordingly, to ensure the accuracy of the claims register, the Litigation Trustee requests that the Court disallow in whole or in part the Claims listed on **Exhibit A** or reduce and allow such claims in the amounts indicated on **Exhibit A**.

## RESERVATION OF RIGHTS

9. The Litigation Trustee expressly reserves his right to amend, modify, or supplement this objection and to file additional objections to the Claims subject hereto. Should one or more of the grounds of objection stated herein be overruled, the Litigation Trustee

---

[2] Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment." 11 U.S.C. § 101(5).

reserves the right to object to such claims on any other ground that bankruptcy or non-bankruptcy law permits.

## CONCLUSION

10. For the foregoing reasons, the Litigation Trustee respectfully requests that this Court enter an order, substantially in the form as **Exhibit A**, allowing the Claims listed on **Exhibit A** hereto to the amounts set forth in that column entitled "Modified Claim Amount."

Dated: October 31, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Kenneth H. Brown (CA Bar No. 100396)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    kbrown@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel to the Litigation Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFX ENTERTAINMENT, INC., *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10238 (MFW)<br><br>(Jointly Administered)<br><br>Objection Deadline: November 14, 2018 at 4:00 p.m. (ET)<br>Hearing Date: December 19, 2018 at 11:30 a.m. (ET) |

## DECLARATION OF ALAN WALTER IN SUPPORT OF THE SFX LITIGATION TRUSTEE'S SECOND OMNIBUS OBJECTION TO CLAIMS – SUBSTANTIVE (BOOKS AND RECORDS)

I, ALAN WALTER, declare:

1. I am the Senior Vice President Finance & Controller of LiveStyle, Inc. I was previously employed by Debtor SFX Entertainment, Inc. (the "Debtor" as its Senior Vice President Finance & Controller from October 17, 2016, through the date of the date of the establishment of the Reorganized Debtors and vesting of the Debtors' assets in the Reorganized Debtors, including LiveStyle, Inc. pursuant to the terms of the Plan.

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Reorganized Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

1

2. At the request of counsel to the Litigation Trustee, I have reviewed the proofs of claim that are the subject of the above-entitled Objection and the books and records of the Debtors, which books and records were transferred to LiveStyle, Inc. in connection with the business of the Reorganized Debtors.

3. The books and records of the Debtors do not reflect the amounts asserted owed by the claimants listed on **Exhibit A** to the Objection, but rather the amounts (or no amount) as set forth in that column entitled "Modified Claim Amount" on **Exhibit A** to the Objection.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 24 day of October, 2018 at Los Angeles, California.

_____
ALAN WALTER