IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFX ENTERTAINMENT, INC., *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10238 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: December 19, 2018 at 11:30 a.m.<br>Objection Deadline: November 15, 2018 at 4:00 p.m. |

### THE SFX LITIGATION TRUSTEE'S OBJECTION TO JPMORGAN CHASE BANK, N.A. PROOF OF CLAIM NO. 405

Dean A. Ziehl, Litigation Trustee for the SFX Litigation Trust (the "Litigation Trustee"), as successor in interest to the estates (the "Estates") of the above captioned debtors (the "Debtors"), hereby objects to the proof of claim filed by JPMorgan Chase Bank, N.A. ("JPMorgan") designed Claim No. 405 (the "Claim" or "JPMorgan Claim"). The Trustee seeks an order disallowing the JPMorgan Claim in its entirety, or in the alternative, to estimate the claim at $0.00.

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Reorganized Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

In support of this Objection, the Litigation Trustee respectfully submits the Declaration of Alan Walter, the Senior Vice President and Controller of LiveStyle, Inc., a Reorganized Debtor (the "Walter Declaration") and represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 362, and 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On February 1, 2016 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On November 15, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Federal Rule of Bankruptcy Procedure 3020 Confirming the Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc., et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293] (the "Confirmation Order"). The Confirmation Order confirmed the *Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc. et al. Under Chapter 11 of the Bankruptcy Code (as Modified)* [Docket No. 1293, Exhibit A] (the "Plan"). The effective date of the Plan was December 2, 2016 (the "Effective Date").

2

4.      Pursuant to the Plan and the Confirmation Order, on the Effective Date the Debtors and the Litigation Trustee executed the *Litigation Trust Agreement* establishing the SFX Litigation Trust. Dean A. Ziehl is the duly appointed and acting Litigation Trustee and the sole trustee of the SFX Litigation Trust.

5.      Pursuant to applicable law, the Plan, the Confirmation Order, and the Litigation Trust Agreement, the Litigation Trustee has standing to object to proofs of claim.

## OBJECTION

### A.     The JPMorgan Claim

6.      On May 16, 2016, JPMorgan filed the JPMorgan Claim for potential reimbursement on account of a letter of credit (the "Letter of Credit") that it had issued to Debtor Beatport LLC ("Beatport") for the benefit of Credit Suisse First Boston ("Credit Suisse"). A copy of the JPMorgan Claim is attached hereto as **Exhibit A**.

7.      The JPMorgan Claim is filed in the face amount of $0.00, as a "contingent and unliquidated claim," purportedly secured by a deposit account. It appears that the JPMorgan Claim is contingent upon the amount of draws on the Letter of Credit issued to Credit Suisse.

### B.     Relief Requested

8.      By this Objection, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Litigation Trustee seeks to (i) disallow the JPMorgan Claim under section 502(e)(1)(B) on the grounds that such claim was for reimbursement or contribution and is contingent or under section

DOCS_LA:317556.1

502(b)(1) of the Bankruptcy Code on the basis that it does not match the Debtors' books and records, or (ii) in the alternative, to estimate the Claim at $0.00 pursuant to section 502(c)(1) for purposes of allowance and distribution under the Plan.

C.  **Basis for Relief**

9. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

D.  **The JPMorgan Claim Should be Disallowed**

10. Section 502(e)(1)(B) provides that "the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that . . . such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution . . . ." 11 U.S.C. § 502(e)(1)(B)); *see generally In re Touch America Holdings, Inc.*,

4

409 B.R. 712, 716 n.6 (Bankr. D. Del. 2009); *In re RNI Wind Down Corp.,* 369 B.R. 174, 181 (Bankr. D. Del. 2007); *Sorenson v. Drexel Burnham Lambert Group (In re Drexel Burnham Lambert Group),* 146 B.R. 92, 97 (S.D.N.Y. 1992); *In re Wedtech Corp.,* 87 B.R. 279, 287 (Bankr. S.D.N.Y. 1988). Disallowance of a claim pursuant to section 502(e)(1)(B) requires three elements to be established: (i) the debtor and the claimant must be co-liable on the claim or the claimant has secured the claim of a creditor; (ii) the claim must be for reimbursement or contribution; and (iii) the claim must be contingent. *See Wedtech Corp.,* 87 B.R. at 283; *see also In re Pinnacle Brands,* 259 B.R. 46, 55 (Bankr. D. Del. 2001) (disallowing contingent contractual claim for indemnification against the debtor). Once these three elements are established, disallowance under section 502(e)(1)(B) is mandatory. See 11 U.S.C. § 502(e)(1)(B) ("[T]he court shall disallow any claim . . . .").

11. As set forth in the JPMorgan Claim, JPMorgan has secured the claim of Credit Suisse in the form of the Letter of Credit.

12. A claim is contingent where it "has not yet accrued" and . . . is dependent upon some future event that may never happen.'" *Touch America,* 409 B.R. at 716 (quoting *RNI Wind Down,* 369 B.R. at 181-82); *see also In re Fostvedt,* 823 F.2d 305, 306 (9th Cir. 1987) (citing *Brockenbrough v. Commissioner,* 61 B.R. 685, 686 (W.D. Va. 1986)). The JPMorgan Claim arises only if the Letter of Credit is drawn upon. Because the JPMorgan Claim does not allege that any such event has occurred or even that Beatport has any outstanding obligation under the Letter Credit, and as acknowledged in the JPMorgan Claim itself, the Claim is contingent.

13. Finally, the JPMorgan Claim also appears to be asserted as a claim for reimbursement or contribution. JPMorgan appears to seek to recover from Beatport any

potential losses it may incur as a result of the Letter of Credit it issued in connection with the primary obligations of Beatport to Credit Suisse. Claims by a guarantor against the primary obligor for amounts paid or to be paid to the beneficiary are treated as claims for reimbursement under section 502(e)(1)(B) irrespective of how the claims are characterized by the claimant. In fact, the statute was enacted "'to prevent competition between a creditor and [its] guarantor for limited proceeds in the estate.'" *In re MEI Diversified,* 106 F.3d 829, 831 (8th Cir. 1997) (quoting H.R. Rep. No. 595, 95th Cong., at 355 (1977)). "Although the statute is not limited to claims by guarantors and sureties, its focus is on claims by those who may become liable to a third party because the debtor fails to satisfy a primary liability to that third party." *Id.* As all elements of section 502(e)(1)(B) are met, the JPMorgan Claim must be disallowed.

14. Further, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). By contrast, there is no right to payment – and therefore no claim – to the extent that the asserted liability is not due and owing by a debtor. As set forth in the Walter Declaration, the Debtors' books and records do not reflect any amount owing to JPMorgan on account of its Claim and the Claim itself states that no amounts are currently owed.

E.   **In the Alternative, the Claim Should be Estimated at $0.00**

15.   Section 502(c) of the Bankruptcy Code mandates the estimation of all contingent or unliquidated claims which, unless fixed or liquidated, would unduly delay the administration of a debtor's estate, and provides, in pertinent part, as follows:

> "There shall be estimated for purpose of allowance under this section –
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . . ."

11 U.S.C. § 502(c).

16.   As noted, the JPMorgan Claim is asserted in a "Contingent and Unliquidated" amount. A claim is unliquidated if it is not subject to "ready determination and precision in computation of the amount due." *Fostvdt,* 823 F.2d at 306 (quoting *Sylvester v. Dow Jones & Company, Inc. (In re Sylvester),* 19 B.R. 671, 673 (D.N.J. 1975)).

17.   The claims estimation process envisioned by section 502(c) "provides a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine." *In re Adelphia Bus. Solutions, Inc.,* 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003). Defining "undue delay" under section 502(c) of the Bankruptcy Code, is "a problem whose solution ultimately rests on the exercise of judicial discretion in light of the circumstances of the case, particularly the probable duration of the liquidation process as compared with the future uncertainty due to the contingency in question." *In re Roman Catholic Archbishop,* 339 B.R. at 222 (internal quotation marks omitted). This analysis implicates both (1) "how long it will take before . . . [a] claim will

7

be liquidated and determined" by an alternative forum and (2) whether a "plan of reorganization can be confirmed so long as [the relevant] claim remains unliquidated and not estimated." *In re Lane*, 68 B.R. 609, 611 (Bankr. D. Haw. 1986). General unsecured creditors should not be required to wait an undetermined period for the Claim to be resolved and liquidated. An estimation of the Claim is appropriate and necessary to aid the timely and efficient administration of the Trust.

18. Section 502(c) does not prescribe the method for estimating a claim, and courts therefore have discretion to utilize any valuation model that best suits the circumstances of the case at hand. *See, e.g., Maxwell v. Seaman Furniture Co. (In re Seaman Furniture Co. of Union Square, Inc.)*, 160 B.R. 40, 42 (S.D.N.Y. 1993) (stating that "a bankruptcy court may use whatever method is best suited to the circumstances"). "[W]hen estimating claims, bankruptcy courts may use whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy of Chapter 11 that a reorganization must be accomplished quickly and efficiently." *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 278 (S.D.N.Y. 2007) (citation and internal quotations omitted). Section 105(a) of the Bankruptcy Code also affords courts wide latitude in effectuating the provisions of section 502(c), and provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Section 105(a) allows courts to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official*

DOCS_LA:317556.1

*Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)).

20. The Litigation Trustee submits that it is appropriate to estimate the JPMorgan Claim at $0.00 for purposes of distribution pursuant to section 502(c) in the event that the Claim is not disallowed under sections 502(b)(1) or 502(e)(1)(B) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

21. The Litigation Trustee expressly reserves his right to amend, modify, or supplement this objection and to file additional objections to the Claims subject hereto. Should one or more of the grounds of objection stated herein be overruled, the Litigation Trustee reserves the right to object to such claims on any other ground that bankruptcy or non-bankruptcy law permits.

## NO PRIOR REQUEST

22. No prior request for the relief sought herein has been the subject of any prior request by the Litigation Trustee.

## CONCLUSION

23. For the foregoing reasons, the Litigation Trustee respectfully requests that this Court enter an order, substantially in the form as **Exhibit B**, disallowing the JPMorgan Claim attached as **Exhibit A** hereto.

Dated:   November 1, 2018          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Kenneth H. Brown (CA Bar No. 100396)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    kbrown@pszjlaw.com
           mbove@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel to the Litigation Trustee*