## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Response Deadline:  June 19, 2019 at 4:00 p.m.**<br>**Hearing Date:  June 26, 2019 at 10:30 a.m.** |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF
## FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASES

The reorganized debtors (the "Reorganized Debtors"), by and through their attorneys,

hereby move this Court (the "Motion") for entry of an order (the "Final Decree and Order"), in

substantially the form attached hereto, pursuant to section 350(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Bankruptcy Rules") closing the bankruptcy cases of the above-captioned

debtors (the "Debtors").  In connection therewith, the proposed Final Decree and Order provides

---

[1]  The Debtors in the Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898).

for the termination of services provided by Kurtzman Carson Consultants, LLC ("KCC") as the Claims and Noticing Agent under 28 U.S.C. § 156(c).[2]  In support, the Reorganized Debtors respectfully state:

## Jurisdiction, Venue and Statutory Predicates

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The relief requested herein is warranted under section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND

A.  General Background

5.      On February 1, 2016 (the "Petition Date"), the Debtors commenced the cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.      On November 15, 2016, the Bankruptcy Court entered an Order [D.I. 1293] (the "Confirmation Order") confirming the *Fifth Amended Joint Plan of Reorganization of SFX Entertainment, Inc. et al. Under Chapter 11 of the Bankruptcy Code* (as amended, supplemented or modified from time to time, the "Plan").[3]

7.      The Plan went effective on December 2, 2016 [D.I. 1342].

---

[2]     KCC was appointed the Claims and Noticing Agent by Order of this Court, dated February 3, 2016 [D.I. 59].

[3]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

B. Structure of the Plan; Distributions

8.      On or after the Effective Date, as required the Plan, the Reorganized Debtors made payments to Holders of Allowed Administrative Claims and Priority Tax Claims.

9.      In addition, the Plan provides for ten Classes across three groups of Debtor entities: (i) Foreign Debtors, (ii) Non-Obligor Debtors, and (iii) 2019 Debtors.

10.     With respect to the Foreign Debtors and Non-Obligor Debtors, all the Classes of Claims, except one, were Unimpaired.  For the one Impaired Class (Class 3), the Holders of Original Foreign Loan Claims received equity interests in the Reorganized Debtors on the Effective Date.  *See* Plan § 3.02(c).

11.     With respect to the 2019 Debtors, two Classes of Claims (Classes 1 and 2) were Unimpaired and Holders of such Claims received payment in full.  *See id.* § 3.02(a), (b). Furthermore, three Classes of Claims (Classes 4, 5, and 6) were Impaired and Holders of such Claims received Distributions on account of such Claims (as further discussed herein).  *See id.* § 3.02(d)-(f).  All other Claims against and Interests in the 2019 Debtors (Classes 7-10) were either extinguished or were otherwise reinstated for convenience purposes.  *See id.* §§ 3.02(g)-(j).  No Distributions were owed to Holders of such Claims and Interests.

12.     With respect to Class 4 Claims against 2019 Debtors, Holders of Prepetition Second Priority Note Claims were provided equity in the Reorganized Debtors, except those Holders that elected the Cash Payment Option. *See id.* § 3.02(d).  For those that did elect the Cash Payment Option, the Debtors made a Distribution on or about Effective Date.

13.     For Class 5 Claims against 2019 Debtors, the Plan provides for the establishment of a Litigation Trust and the appointment of a Litigation Trustee to, among other things, pursue the Litigation Trust Claims. *See id.* § 3.02(e).  In accordance with the Plan and Confirmation Order,

the Debtors and the Litigation Trustee entered into the Litigation Trust Agreement in the form attached as Exhibit J to the Plan Supplement [D.I. 1236].  On the Effective Date, as required by the Plan, the Debtors transferred the Litigation Trust Assets to the Litigation Trust.

14.    For Class 6 Claims (i.e., Convenience Claims), the Plan provides for a $750,000 Convenience Class Cash Pool that would be distributed *pro rata* to Holders of Allowed Convenience Claims.  *See id.* § 3.02(f).

15.    On the Effective Date, the Debtors funded the Convenience Class Cash Pool, which is currently being held by the Disbursing Agent, KCC.

16.    On or about May 28, 2019, the Disbursing Agent began soliciting the requisite tax information from certain Holders of Class 6 Claims.

17.    On or about June 3, 2019, the Disbursing Agent began making Distributions to Holders of Class 6 Claims pursuant to the Plan.[4]

## RELIEF REQUESTED

18.    The Reorganized Debtors request that this Court enter a Final Decree and Order closing the Debtors' cases.

## BASIS FOR RELIEF

19.    Section 350(a) of the Bankruptcy Code provides that the Court shall close a case after the estate has been fully administered.  *See* 11 U.S.C. § 350(a).

20.    In addition, Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

---

[4]    The projected Distributions to the approximate 700 Holders of Class 6 Claims was filed with this Court on May 21, 2019 [D.I. 1873].

21.     Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Local Rule 3022-1(a).

22.     The 1991 Advisory Committee Notes to Bankruptcy Rule 3022 list the following factors to be considered in determining whether a case has been fully administered:

a.     whether the order confirming the plan of reorganization has become final;

b.     whether deposits required by the plan of reorganization have been distributed;

c.     whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

d.     whether the debtor has assumed the business addressed by the plan of reorganization;

e.     whether payments under the plan of reorganization have commenced; and

f.     whether all motions, contested matters and adversary proceedings have been finally resolved.

*See* Fed. R. Bank. P. 3022, Advisory Committee Notes (1991). Those Notes also explain that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." *Id.*

23.     The Debtors' estates have been fully administered.

24.     First, the Confirmation Order is a final, non-appealable Order.  The Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

25.     Second, the Debtors were not required to distribute any deposits.

26.     Third, the property proposed by the Plan to be transferred has in fact been transferred.  On or about the Effective Date, (i) the Debtors' assets vested with the Reorganized Debtors; (ii) the Litigation Trust Assets were transferred to the Litigation Trust; and (iii) the Convenience Class Cash Pool was funded.

27.     Fourth, on the Effective Date, the Reorganized Debtors have assumed operations as set forth in the Plan.

28.     Fifth, Distributions under the Plan have, for the most part, been completed.  On or after the Effective Date, as required the Plan, the Reorganized Debtors made payments to Holders of Allowed Administrative Claims and Priority Tax Claims.  Moreover, equity interests in the Reorganized Debtors were issued as set forth in the Plan, and all payments on account of the Cash Payment Option were made.  Finally, Distributions from the Convenience Class Cash Pool have commenced and are anticipated to be substantially completed within the next three weeks.

29.     With respect to the Litigation Trust Assets, the Litigation Trustee will distribute those assets in accordance with the terms of the Confirmation Order, the Plan, and the Litigation Trust Agreement.  The Chapter 11 Cases do not need to remain open for the Litigation Trustee to disburse the Litigation Trust Assets to the Trust's beneficiaries.

30.     Sixth, all motions, contested matters and adversary proceedings have been finally resolved, except for three (3) adversary proceedings brought by the Litigation Trustee:

- *Ziehl v. MA.S.S. Services, Inc. d/b/a Comfort Zone Portables*, Adv. No. 18-50162

- *Ziehl v. Timothy Crowhurst and White Oak Securities LLC*, Adv. No. 18-50165

- *Ziehl v. Backbone North America, Inc.*, Adv. No. 18-50961

31.     As set forth in the *Status Report with Respect to Certain Adversary Proceedings* [D.I. 1869], the Litigation Trustee has settled each of those actions and the Litigation Trustee plans to dismiss them upon receipt of final settlement payments.  Accordingly, those three adversary proceedings remain open solely for administrative purposes only.

## TERMINATION OF SERVICES PROVIDED
## BY CLAIMS AND NOTICING AGENT

32.     In addition to closing these Chapter 11 Cases, the Reorganized Debtors respectfully request that the Final Decree and Order include a provision relieving the Claims and Noticing Agent of any further obligations with respect to claims and noticing services.

33.     In accordance with Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of the Final Decree and Order, the Claims and Noticing Agent will: (a) forward to the Clerk an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF and (c) docket a Final Claims Register. One combined register shall be docketed in the lead case containing claims of all cases. The claims agent shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

## NOTICE

34.     In accordance with Local Rule 3022-1(b), notice of this Motion has been provided to: (i) the Debtors, (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Litigation Trustee; and (iv) all other persons who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1.

35.     No official committee of creditors remain to be served.

## PRIOR RELIEF

36.     No previous motion for the relief requested in this Motion has been made to this or any other court.

**WHEREFORE**, for the reasons stated, the Reorganized Debtors respectfully request that this Court enter a Final Decree and Order closing the Debtors' cases and granting such other and further relief as the Court deems just and proper.

Dated:  June 4, 2019

**GREENBERG TRAURIG, LLP**

By:  /s/ *Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Tel.    (302) 661-7000
Email:  melorod@gtlaw.com

– and –

Nathan A. Haynes (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Tel.  (212) 801-9200
Email:  HaynesN@gtlaw.com

*Counsel for the Reorganized Debtors*